Stephen M. Lobbin (admitted *pro hac vice*)
Edward F. O'Connor
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000
Fax:  949.851.5051

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387
Fax:  435.252.1361

*Attorneys for Plaintiff* Petter Investments, Inc. d/b/a RIVEER

Brett L. Foster (6089)
Mark A. Miller (9563)
Christopher B. Hadley (14055)
**Holland & Hart LLP**
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101
Tel:  801.799.5800
Fax:  801.799.5700

*Attorneys for Defendants* Hydro Engineering, Inc. and CA Cleaning Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>  Defendants. | ATTORNEYS' PLANNING REPORT<br><br>(DUCivR 16-1)<br><br>Civil Case No. 2:14-CV-00045<br><br>Honorable District Judge Dee Benson |

Pursuant to DUCivR 16-1, the parties report as follows:

**1.     PRELIMINARY MATTERS:**

a.      The nature of the claims and affirmative defenses is:  patent infringement, false advertising, intentional interference with prospective economic advantage, unfair competition, and trademark infringement (counterclaim), with affirmative defenses including patent invalidity and equitable defenses including laches/estoppel.

b.      This case is not referred to a magistrate judge (*see* Docket No. 62).

c.      Pursuant to Fed. R. Civ. P. 26(f), a meeting was held telephonically on April 1, 2014.  The following attended: Stephen M. Lobbin, counsel for Plaintiff, and Mark A. Miller, counsel for Defendants.

d.      The parties request an initial pretrial scheduling conference with the court prior to entry of the scheduling order, because of the disagreement discussed in Paragraph 2(b) herein.

e.      The parties have exchanged the initial disclosures required by Rule 26(a)(1).

f.      Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of

electronic filing, or (ii) e-mail transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

2. **DISCOVEY PLAN:**  The parties jointly propose to the court the following discovery plan:

   a. Discovery is necessary on the following subjects:  all claims, counterclaims, and affirmative defenses, including patent infringement, false advertising, intentional interference with prospective economic advantage, unfair competition, and trademark infringement.  The parties hereby stipulate that all documents, deposition testimony, and exhibits produced in the following prior litigations are deemed produced in this case and may be used for purposes of prosecuting the claims and defenses in this matter.

      - *Petter Investments v. Hydro Engineering*, Case No. 07-cv-1033 (W.D. Mich.);
      - *Petter Investments v. Hydro Engineering*, Case No. 07-cv-1033 (W.D. Mich.);
      - *Hydro Engineering v. Petter Investments*, Case No. 2:11-cv-139 (D. Utah).

b. Discovery Phases.

**Defendants' Position**: Defendants request that discovery be conducted in two phases; specifically, that discovery relating to damages occur following the Court's ruling on claim construction or any dispositive motions filed at the time of claim construction, whichever is later, if the case is not resolved by that point. Defendants believe Plaintiff's claims are objectively baseless, and that this case was brought without a reasonable belief of patent infringement. Defendant will be seeking early summary judgment of non-infringement in this case on Plaintiff's patent claims. The discovery needed to resolve the question of patent infringement includes nothing more than the patents, file histories, and information concerning the accused products. Evidence of invalidity also includes evaluation of prior art. In contrast, damages discovery in patent cases entails far more intrusive discovery into the proprietary financial records of each party—and even third party customers—as well as additional deposition testimony from corporate and expert witnesses. Bifurcating damages discovery often saves the parties significant time and resources where liability is determined such that damages issues become moot. Accordingly, it would be unduly burdensome and unnecessary to engage in unrestrained discovery on all issues, including damages, prior to resolution of the liability issues,

which are likely to resolve the case.  That is why damages discovery is routinely—even preferably—bifurcated in patent infringement cases.[1]

**Plaintiff's Position**:  Plaintiff opposes Defendants' bifurcation request for many reasons, including (1) the overlap in discoverable information relevant to both liability (including patent infringement and validity) and damages issues, and (2) the overlap in discoverable information relevant to both liability and damages issues concerning Plaintiff's non-patent claims

---

[1] *See, e.g., Robert Bosch LLC v. Pylon Mfg. Corp.*, Case No. 08-542-SLR, 2009 WL 2742750, at *1 (D. Del. Aug. 26, 2009) (bifurcation of damages discovery "is appropriate, if not necessary, in all but exceptional patent cases"); *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 311 (E.D.N.C. 1998) ("Patent cases are often uniquely amenable to bifurcation because of the complex nature of the damages determination and the extensive discovery that is often necessary to prove the nature and extent of those damages."); *Princeton Biochemicals Inc. v. Beckman Instruments Inc.*, 180 F.R.D. 254, 256 (D.N.J. 1997) ("Federal precedent suggests that the entire damages phase of patent litigation could be severed from issues of liability, upon a finding that the damages issues are complicated and extensive evidence would be necessary on these issues."); *Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 4-5 (D.P.R. 1997) ("The streamlining of issues that would result from bifurcation would protect the defendant's financial information and marketing plans, the procurement of which could prove unfairly valuable to the plaintiff for reasons outside the realm of this litigation. Moreover, simply limiting the scope of discovery would as a matter of course save money and time for the litigants and even for the court to a lesser extent."); *Amsted Indus. Inc. v. Nat'l Castings, Inc.*, Case No. 88-C-924, 1990 WL 106548, at *2 (N.D. Ill. July 11, 1990) ("Because patent litigation typically requires the factfinder to make threshold determinations on such matters as the validity of the patent in question before damages can be considered, bifurcation is often appropriate."); *see also* 6 Pat. Litig. Fundamentals § 20:103 (2d ed. May 2013) (many courts impose a presumption of bifurcating damages discovery in patent cases); *FatPipe Networks India Ltd. v. XRoads Networks, Inc.*, Case No. 2:09-cv-186-DN (D. Utah April 8, 2010) (Dkt. No. 182) (Nuffer, M.J.) (Docket Text Order bifurcating discovery in patent case); *1-800 CONTACTS, Inc. v. Ditto Tech., Inc.*, Case No. 2:13-cv-145 (D. Utah July 18, 2013) (Dkt. No. 36, p. 4-5) (Furse, M.J.) (bifurcating discovery in patent case).

>for relief (*i.e.*, false advertising, intentional interference with prospective economic advantage, unfair competition, and no trademark infringement), and (3) the overlap in discoverable information relevant to both liability and damages issues concerning Defendant Hydro's counterclaim for trademark infringement.[2]  Moreover, Plaintiff requests that any bifurcation request be evaluated by this Court only in the context of a formal motion.

---

[2] While district courts have discretion to bifurcate liability and damages issues for separate discovery and/or trial, an opposed motion for bifurcation should generally be denied where financial and/or damages discovery likely is relevant to and overlaps with liability issues, as is the case here.  "Bifurcation in patent cases, as in others, is the exception, not the rule . . . [and] the moving party bears the burden of establishing that bifurcation is warranted."  *Weddingchannel.com, Inc. v. The Knot, Inc.*, 2004 U.S. Dist. LEXIS 25749, at *3 (S.D.N.Y. Dec. 23, 2004) (internal citations and quotations omitted); *see also Graco, Inc. v. PMC Global, Inc.*, 2009 U.S. Dist. LEXIS 26845, at *36 (D.N.J. Mar. 31, 2009) ("[E]ven in patent cases bifurcation remains the exception rather than the rule.") (internal citations omitted).  It is well-established that many facts concerning "damages" discovery in patent cases also are relevant to liability issues.  As one court explained:

>[T]he Court finds that there is at least a limited amount of overlapping evidence on the issue of evaluation of prior art, first as it pertains to validity and infringement [] and secondly as it pertains to damages for infringement, if infringement is found. . . .  The Court also finds that there is at least minimally overlapping evidence on commercial success first as it pertains to infringement and second as it pertains to damages.  Further, defendant Flakt's assertion of the affirmative defense of laches [] also weighs against bifurcation.

*Joy Techs., Inc. v. Flakt, Inc.*, 772 F. Supp. 842, 848-49 (D. Del. 1991); *see also Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011) (noting the problem, "Because the district court granted Pylon's motion to bifurcate damages, Bosch had no opportunity to obtain [relevant] discovery relating to Pylon's financial condition, or that of its corporate parent before the court considered its request for injunctive relief.").

    c.    Discovery Methods and Limitations.  The parties shall abide by the discovery methods and limitations stated in the Federal Rules of Civil Procedure.

    d.    Discovery of electronically stored information should be handled as stated in Fed. R. Civ. P. 34(b)(2)(E).

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as stated in Fed. R. Civ. P. 26(b)(5)(B).

    f.    Last day to file written discovery and last day to file standard motions to compel:  *See* LPR 1.3.

    g.    Close of fact discovery:  *See* LPR 1.3.

    h.    Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e):  45 days before close of fact discovery.

**3.**    **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES:**

    a.    The cutoff date for filing a motion to amend pleadings is June 16, 2014 (*see* LPR, Appendix A).

    b.    The cutoff date for filing a motion to join additional parties is June 16, 2014 (*see* LPR, Appendix A).

    *NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a).*

4. **EXPERT REPORTS OF PLEADINGS AND ADDITION OF PARTIES:**

Reports from experts under Rule 26(a)(2) will be submitted according to the deadlines specified in LPR 5.1.

5. **OTHER DEADLINES:**

   a. Expert discovery cutoff: *See* LPR 5.1.

   b. Deadline for filing dispositive or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case: *See* LPR 6.1 and 6.2.

   c. Deadline for filing partial or complete motions to exclude expert testimony: 60 days before pre-trial conference.

6. **ADR/SETTLEMENT:**

   a. The potential for resolution before trial is: Poor.

   b. This case should not be referred to the court's alternative dispute resolution program.

   c. The parties do not intend to engage in private alternative dispute resolution.

   d. The parties will re-evaluate the case for settlement/ADR resolution on: March 1, 2015.

7. **TRIAL AND PREPARATION FOR TRIAL:**

   a. The parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b.    This case should be ready for JURY trial by:  *See* LPR 1.2.

    c.    The estimated length of the trial is:  12-15 court days.

Dated:  April 3, 2014                            Respectfully submitted,

**The Eclipse Group LLP**

/s/ Stephen M. Lobbin
Stephen M. Lobbin (admitted *pro hac vice*)
*Attorneys for Plaintiff*

**Holland & Hart LLP**

/s/ Mark A. Miller
Mark A. Miller (9563)
*Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document—

**ATTORNEYS' PLANNING REPORT**—with the Clerk of the Court using the

CM/ECF system which sent notification of such filing to the following:

Brett L. Foster, 6089
bfoster@hollandhart.com
Mark A. Miller, 9563
mmiller@hollandhart.com
Christopher B. Hadley, 14055
cbhadley@hollandhart.com
**Holland & Hart LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101

*Attorneys for Defendants* Hydro Engineering, Inc.
and CA Cleaning Systems, Inc.

Dated:  April 3, 2014                         /s/ Stephen M. Lobbin