Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California 92614
Tel: 949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah 84098
Tel: 435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>　　Defendants. | **[PROPOSED] ORDER GRANTING PLAINTIFF RIVEER'S MOTION FOR FED. R. CIV. P. 56(d) RELIEF**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

Having considered plaintiff Petter Investments, Inc.'s d/b/a RIVEER ("Riveer") Motion for Fed. R. Civ. P. 56(d) Relief ("Motion"), the arguments and submissions of the parties in connection with the Motion, and being fully advised in the premise, the Court hereby GRANTS the Motion, and finds and orders that Defendant Hydro Engineering, Inc. must:

(1) Respond completely and fully to Riveer's interrogatories, including Interrogatory No. 2, which asks Hydro to "[e]xplain in detail each different design change to any of the accused products since 2006, including but not limited to explaining in detail Hydro's statements that the design of the accused products 'has changed a number of times' (*see* McCormick Depo. at 64:22), and concerning 'the spacing of the ridges, the top ridges and the grooves' (*see id.* at 194:3-4);" and Interrogatory No. 5, which asks Hydro to "[e]xplain in detail any material prejudice Hydro allegedly has suffered because Riveer did not assert infringement of the '298 patent earlier than the filing date of this action, including but not limited to identifying any documents relating to this issue;"

(2) Respond completely and fully to Riveer's requests for production, including Request No. 3, which seeks "[a]ll documents and things referring to, relating to, or concerning the original creation and development process for each accused product;"

(3) Produce a Rule 30(b)(6) deposition of Hydro to ascertain the exact differences between the product accused of infringement in the Michigan case and the product accused of infringement in the present case; and

(b) Produce a Rule 30(b)(6) deposition of Hydro to determine whether Hydro has suffered any material prejudice from any alleged "delay" by Riveer in filing this case.

Furthermore, the Court hereby ORDERS that Riveer's opposition to Defendants' Motion for Summary Judgment on Plaintiff's First Claim for Relief (*see* Dkt. No. 72) is due no later than 14 days after the final deposition ordered above, takes place.

DATED this _____ day of _____, 2014.

_____
Hon. Dee Benson, District Judge