# EXHIBIT E

Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel: 435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>     Defendants. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT HYDRO (NOS. 1-9)**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

1

Pursuant to Fed. R. Civ. P. 33, Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") requests that Defendant Hydro Engineering, Inc. ("Hydro") produce the following items in Hydro's possession, custody, or control.  Hydro must respond in writing to these requests within 30 days after being served.

### DEFINITIONS AND INSTRUCTIONS

The same "Definitions" and "Instructions" recited in Defendants' First Set of Interrogatories to Plaintiff (served May 8, 2014) shall apply to these requests.[1]  Also, the term "accused product" includes each "Accused Instrumentality" identified in Riveer's Initial Infringement Contentions (served April 28, 2014).

### INTERROGATORIES

1. Identify each different purchaser or distributor of an accused product since 2006.

2. Explain in detail each different design change to any of the accused products since 2006, including but not limited to explaining in detail Hydro's statements that the design of the accused products "has changed a number of times" (*see* McCormick Depo. at 64:22), and concerning "the spacing of the ridges, the top ridges and the grooves" (*see id.* at 194:3-4).

3. Identify any communications between Hydro and any third party (including but not limited to a potential purchaser or distributor) since 2012 concerning the Accused Instrumentality identified in Attachment C to Riveer's Initial Infringement Contentions (served April 28, 2014), including specifically the product shown in Exhibit 8 marked at the McCormick Deposition.

---

[1] Obviously, the terms "Defendant," "Hydro," and "Hydro Engineering, Inc." should be substituted for "Plaintiff," "Petter," and "Petter Investments, Inc.," respectively, where those terms are used in Defendants' First Set of Interrogatories to Plaintiff (in particular, in Paragraph 9).

2

4.  Explain in detail any discussions concerning the similarities or differences between the grounds for the Michigan court's non-infringement ruling concerning the '792 patent, on the one hand, and the grounds supporting any belief by Hydro that it has not infringed the '298 patent asserted in this action, including but not limited to identifying the individuals involved in such discussions, and identifying any documents relating to this issue.

5.  Explain in detail any material prejudice Hydro allegedly has suffered because Riveer did not assert infringement of the '298 patent earlier than the filing date of this action, including but not limited to identifying any documents relating to this issue.

6.  Identify all competitive bids in which Hydro, or someone acting on Hydro's behalf, has proposed an equivalent component or a substitute component in order to meet the bid specification, or has sought a modification or alteration to the specification.

7.  Explain in detail the substance of the "telephone conference" referred to in Paragraph 14 of the McCormick Declaration signed June 17, 2014, including but not limited to identifying the individuals who participated in the conference, and the basis for the conclusion that "Hydro's bid proposal was deemed 'technically unacceptable' in five specific areas."

8.  Identify the individual(s) responsible, on behalf of Hydro, for the customers and projects (including the bidding process) and representations referred to in Riveer's Response to Hydro's Interrogatory No. 3.

9.  Identify the individuals involved in the projects (including the bidding process) referred to in Riveer's Request for Production of Documents Nos. 35-46, including but not limited to the primary individuals involved on behalf of Hydro and on behalf of the customer/potential customer, and including but not limited to the "Marine

Corps Bid" and the "Army Bid" discussed at pages 5-12 of Hydro's Motion for Summary Judgment on Plaintiff's Fourth, Fifth, and Sixth Claims for Relief.

Dated: July 7, 2014  Respectfully submitted,

**The Eclipse Group LLP**

/s/ Stephen M. Lobbin
Stephen M. Lobbin (admitted *pro hac vice*)
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document—**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT HYDRO (NOS. 1-9)**—pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the parties as follows:

>Brett L. Foster, 6089
>bfoster@hollandhart.com
>Mark A. Miller, 9563
>mmiller@hollandhart.com
>Christopher B. Hadley, 14055
>cbhadley@hollandhart.com
>**Holland & Hart LLP**
>222 S. Main Street, Suite 2200
>Salt Lake City, Utah 84101

Dated:  July 7, 2014                 /s/ Stephen M. Lobbin