Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel: 435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>Defendants. | DECLARATION OF MATTHEW J. PETTER IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CLAIM FOR RELIEF<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

1

I, Matthew J. Petter, declare and state as follows:

1. I am President of Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") in the above-captioned action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. Riveer and Defendant Hydro Engineering, Inc. ("Hydro") are principal competitors in the market for modular wash racks used to wash commercial and industrial vehicles and equipment in an environmentally-friendly way. Attached hereto as Exhibit 28 is a true and correct copy of a page from Riveer's web site discussing its wash racks.

3. From 2007 to 2013, Riveer and Hydro were embroiled in two other patent litigation matters in the Western District of Michigan, originally prompted by Hydro threatening Riveer with a September 7, 2007 "cease and desist" letter, asserting two Hydro patents directed to a "Wash Fluid Containment System." Attached hereto as Exhibit 26 is a true and correct copy of Hydro's September 7, 2007 cease and desist letter.

4. In 2007, Riveer was still a young, small company with no experience with patent litigation. Our annual sales revenues at that time were less than $3.8 million, with the company making no profit that year (instead sustaining a loss). Because we could not risk being sued away from our home state of Michigan, and because we believed Hydro was infringing our U.S. Patent No. 6,021,792 ("the '792 patent"), in October 2007, Riveer filed a defensive suit against Hydro in the Western District of Michigan, including

Riveer's '792 patent and the two Hydro patents. Attached hereto as Exhibit 27 is a true and correct copy of the Complaint from that case.

5. Concerning Riveer's '792 patent, in September 2008 Hydro filed a motion requesting summary judgment on grounds of equitable estoppel and non-infringement. In December 2008, the Michigan court denied the motion on equitable estoppel grounds, and granted the motion on non-infringement grounds for reasons having nothing to do with the infringement allegations presented in this action concerning Riveer's '298 patent.

6. Ultimately, four of Hydro's patents were litigated in the Michigan proceedings, which did not conclude until 2013. Until the Michigan proceedings concluded, Riveer did not have the financial resources, means, or ability to fight another patent lawsuit against Hydro, especially because Hydro also filed another lawsuit against Riveer in Utah in 2011—*Hydro Engineering, Inc. v. Petter Investments, Inc. et al.*, Case No. 2:11-CV-139-RJS-EJF—which remains pending. Other factors have also come to light since 2011, convincing Riveer that Hydro indeed was infringing Riveer's '298 patent asserted in this action.

7. First, in November 2011 the Michigan court greatly expanded its view of the breadth of the "impervious top" limitation of Hydro's patents, causing Riveer to revisit the appropriate breadth of its '298 patent. Specifically, in a July 2011 ruling the Michigan court stated, "Consistent with the discussion in the Court's September 8, 2009 Opinion, the impervious top is the area on which the vehicle rests—the surface—and not

the area below the surface." In a subsequent November 16, 2011 Claim Construction Memorandum, however, the court changed its prior reasoning and determined anew that the term "impervious top" is more broadly defined as "the impervious structure resting on the support base that can consist of a combination of elements with upper and lower portions." Based on reasoning consistent with the court's revised and much broader interpretation of the term "impervious top," only a year or so before filing this action did Riveer conclude that Hydro's recent wash rack designs must infringe the '298 patent, under a consistently broad interpretation of the claims of the '298 patent. Specifically, as compared to the grate/basin modular wash rack design covered by the claims of the '298 patent, Hydro simply collapsed its grate and basin together and called it an "impervious structure . . . with upper and lower portions" as the Michigan court agreed.

      8.    Second, as confirmed at a recent deposition, Hydro has made several changes to its wash racks in recent years, which has added to the case for infringement of the '298 patent. For example, whereas older designs had a separate trough, Hydro now includes its trough as part of the wash pad frame. Also, Hydro has used a much tighter grating in recent years. Based on these newer accused products, particularly with much tighter grating, the infringement of Riveer's '298 patent has become apparent.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would

competently do so.

Executed on this 7th day of July, 2014 at South Haven, Michigan.

Matthew Petter