Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>    Defendants. | **PLAINTIFF RIVEER'S MOTION FOR FED. R. CIV. P. 56(d) RELIEF**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

# TABLE OF CONTENTS

I.  PRECISE RELIEF SOUGHT AND GROUNDS FOR THE MOTION ..........1

II. INTRODUCTION................................................................................................1

III. BACKGROUND .................................................................................................2

IV. ARGUMENT.......................................................................................................4

V.  CONCLUSION ...................................................................................................8

# **TABLE OF AUTHORITIES**

**CASES**

*Comm. for the First Amendment v. Campbell*
　962 F.2d 1517 (10th Cir.1992) ............................................................................................... 5

*Johnsen v. Wal-Mart Stores, Inc.*
　Civ. No. 12-cv-1025, 2013 WL 4402366 (D. Utah. Aug. 15, 2013) ........................................ 7

*Pasternak v. Lear Petroleum Exploration, Inc.*
　790 F.2d 828 (10th Cir.1986) ................................................................................................. 4

*Price ex rel. Price v. W. Res., Inc.*
　232 F.3d 779 (10th Cir.2000) ................................................................................................. 5

**FEDERAL STATUTES**

Fed. R. Civ. P. 56(d) ................................................................................................... 4, 5, 8

I.      PRECISE RELIEF SOUGHT AND GROUNDS FOR THE MOTION

Pursuant to Fed. R. Civ. P. 56(d), Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") hereby submits this Motion and Supporting Memorandum ("Motion") seeking the denial or continuance of the Motion for Summary Judgment on Plaintiff's Fourth, Fifth, and Sixth Claims for Relief (*see* Dkt. No. 82) filed by Defendant Hydro Engineering, Inc. ("Hydro"), to allow time to conduct necessary discovery on material and disputed facts which are essential to justify Riveer's position taken its opposition to the motion, and to prove its claims.  Riveer's opposition to the summary judgment motion is being filed contemporaneously with this Motion.

The basis for the requested relief is that Hydro filed its summary judgment motion just over two months after the commencement of discovery, and thus to date only a minimal record exists for Riveer to rebut Hydro's arguments.  Because of Hydro's premature haste, Riveer has had the opportunity to conduct only one individual deposition of Hydro's Vice President, Alan McCormick, has received only limited document production from Hydro under Local Patent Rule 2.2, and has been deprived of other relevant document production based on Hydro' refusal to produce many other categories of relevant documents in response to Riveer's many requests.

Based upon the arguments advanced in Riveer's supporting memorandum and declaration, additional time to complete discovery is warranted.  Accordingly, the instant Motion should be granted.

II.     INTRODUCTION

On May 23, June 2, and June 18, 2014, Defendants filed three separate motions for partial summary judgment.  These motions were filed a mere two months after discovery in this action commenced, and after Plaintiff Riveer had been able to take only one deposition.  As of

the filing of Defendants' motions, Riveer had received only limited document production from Hydro under Local Patent Rule 2.2, and in response to Riveer's comprehensive requests for production of documents, Hydro provided only equivocal discovery responses or refused to produce various categories of responsive documents. As a result, the record developed to date is minimal. Because of Defendants' premature summary judgment motions, Riveer is unable to present facts essential to justify its opposition to Hydro' summary judgment motion and as a result, additional time to conduct discovery is necessary.

### III.     BACKGROUND

In this action, Riveer alleges infringement of three of its United States Patents directed to the parties' mobile, modular wash rack products, as well as false advertising, intentional interference with prospective economic advantage, unfair competition, and non-infringement of a trademark asserted by Hydro. *See* Dkt. No. 65. Because Defendants asserted counterclaims, the pleadings in this action closed with Riveer's reply, which was filed about four months ago on March 21, 2014. *See* Dkt. No. 67. Since then, the parties have been engaged in the initial disclosures required under Local Patent Rules 2.1 through 2.5. *See id.* (LPR 2, "Patent Initial Disclosures"). This Court held its Initial Pretrial Conference on May 14, 2014, and issued its Scheduling Order on June 6, 2014, just last month. *See* Dkt. Nos. 71, 79.

As this case is just beginning, Riveer could not even begin seeking discovery until April 1, 2014, which afforded a mere two months of time before Defendants began filing motions for partial summary judgment. After the commencement of discovery, Riveer promptly and diligently took its first deposition on April 28, 2014, in order to cross-examine Hydro's Vice President Alan McCormick, in his individual capacity, with respect to two declarations he had

submitted discussing the accused infringing products. *See* Dkt. Nos. 26-2, 40-2; Ex. A, excerpts from transcript of McCormick Deposition ("McCormick Depo.").[1] Thereafter, on May 8, 2014, Hydro served its first set of written discovery requests on Riveer, while on May 15, 2014, Riveer served 57 document production requests on Hydro.[2]

Before even responding to Riveer's discovery requests, however, Defendants filed motions for partial summary judgment. Even when it did respond to Riveer's document production requests, Hydro stated that it "refuses to produce any documents" or "will not produce any further documents" in response to 32 of the 57 requests. *See* Ex. C (Responses to Requests for Production). Even Hydro's other responses were improperly equivocal about whether any documents would be produced, stating that "Hydro will produce relevant, non-privileged documents responsive to this Request, if any, in its possession . . . [and] to the extent not already produced." *See, e.g., id.* at 20 (Response to Request No. 16).[3] Thus, not only has Riveer not yet received any interrogatory responses relevant to this Motion, but Riveer also has

---

[1] All exhibits referenced herein are attached to the Declaration of Stephen M. Lobbin in Support of Plaintiff's Motion for Fed. R. Civ. P. 56(d) Relief ("Lobbin Decl.").

[2] On July 7, 2014, Riveer served a first set of interrogatories on Hydro, many of which seek to confirm the genuine issues of material fact extant on Hydro's third summary judgment motion, as well as the other two premature summary judgment motions Hydro has filed. *See* Ex. B.

[3] Based on this response, Riveer has no way of knowing whether responsive documents actually exist and no documents have yet been produced. Such an evasive and hyper-equivocal response is improper. *See Tanner v Johnston*, Civ. No. 11-cv-28, 2013 WL 139884, at *1 (D. Utah Jan. 10, 2013) ("Where a party provides an evasive or incomplete discovery response, the requesting party may file a motion to compel a full discovery response."); *see also Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 268 F.R.D. 226 (D.N.C. 2010) ("[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to [the provision now codified at Rule 37(a)(4)] is treated as a failure to answer or respond.").

3

not yet received the documents it has requested from Hydro, many of which should be directly relevant to the issues raised in the summary judgment motions.

The third (of three) summary judgment motions seeks a dismissal of Riveer's Fourth, Fifth, and Sixth Claims for Relief. These claims are for false advertising, intentional interference with prospective economic advantage, and unfair competition, respectively, and the claims center around several different instances of Hydro misrepresenting the features and capabilities of its products in bids submitted in competition with Riveer. In its opposition, Riveer demonstrates not only a factual basis supporting these claims, but alternatively, that even the scant record so far at least establishes that material facts are in genuine dispute. It is with respect to these material facts that Riveer seeks additional discovery, because while the record establishes that disputed and material issues remain, the lack of information available prevents Riveer from fully presenting facts essential to justify its opposition.

## IV. ARGUMENT

Pursuant to Fed. R. Civ. P. 56(d) where a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. *See* Fed. R. Civ. P. 56(d). The protection afforded by Rule 56(d) is designed to safeguard against a premature or improvident grant of summary judgment. *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986). The Tenth Circuit guides a party requesting Rule 56(d) relief to provide an affidavit or declaration identifying: (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how

additional time will enable the party to obtain those facts and rebut the motion for summary judgment. *See Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522-23 (10th Cir. 1992)). "Unless dilatory or lacking in merit, the [Rule 56(d)] motion should be liberally treated." *Id*. ("Even in the absence of a properly supported request under Rule 56[d], a district court may, in the interest of justice, allow a party additional time to marshal what evidence he does have in opposition to a summary judgment motion."). "The general principle of Rule 56([d]) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). For the reasons discussed herein, Riveer has not had a reasonable opportunity to investigate material facts essential to its opposition.

First, the probable facts not available to Riveer are discussed in the opposition to the summary judgment motion, which is incorporated herein by reference. *See* Opp'n at Part IV.A. Additionally, such probable facts are identified in the attached supporting declaration of Stephen M. Lobbin. *See* Lobbin Decl., at ¶¶ 6-8. Specifically, and in addition to the document requests and interrogatories Riveer has served already which remain unanswered, the additional relevant discovery Riveer still needs includes (a) deposition of the other Hydro employees involved in the competitive bidding practices at issue (including Doug Felice, Kerry Smith, and Travis Heywood), (b) a Rule 30(b)(6) deposition of Hydro to question a prepared witness about all of the relevant details of Hydro's competitive bidding practices at issue, and (c) document production and depositions from the contracting offices who issued the bid specifications and solicitations, and reviewed bids. *See id.* ¶ 6.

The probable facts which will be gleaned from the requested discovery include the

factual detail to support and confirm Riveer's Fourth, Fifth, and Sixth Claims for Relief, which allegations include that (a) "[t]hrough Hydro's misrepresentations concerning bid specifications and the capabilities concerning Hydro's products, Hydro has made material, deceptive, false or misleading representations of fact . . . constituting false advertising and has thereby caused injury to Riveer" (*see* Dkt. No. 65 at 14), (b) "[t]hrough Hydro's misrepresentations concerning bid specifications and the capabilities concerning Hydro's products, Hydro has intentionally interfered with Riveer's existing and prospective business with these customers, and potentially others, by diverting business to Hydro that likely would have been acquired by Riveer" (*see id.* at 16), and (c) "[b]y its acts above constituting false advertising and intentional interference with prospective economic advantage, Hydro has employed unlawful and unfair business acts or practices . . . [and] injure[d] Riveer's business" (*see id.* at 17). These facts are material to establishing fully the positions taken in Riveer's opposition to Hydro's summary judgment motion.

Additional facts include the circumstances of other likely misrepresentations by Hydro in other bids and projects, including those referenced in Riveer's outstanding interrogatories and document requests, including bids submitted to Katch Kan <katchkan.com>, Kellogg, Brown and Root <kbr.com>, Bid No. W91B4N-12-R-5006, Contract No. W91B4N-12-C-5039, Solicitation No. W911RX-13-T-0064, or RFQ No. 569-31600401 (see Riveer's Interrogatory No. 9 and Request for Production Nos. 35-46). *See id.* ¶ 8.

Second, the aforementioned facts cannot be presented by Riveer simply because Riveer was afforded a mere two months of discovery before Hydro filed its summary judgment motion, which has foreclosed Riveer from investigating these facts, and furthermore, Hydro has failed to

provide responsive information to discovery which was served by Riveer prior to the filing of the summary judgment motion.

Third, as detailed in the Background section of this motion and Riveer's summary judgment opposition, following the commencement of discovery in this action, Riveer diligently set out to take the deposition of Hydro's Vice President and serve discovery requests on Hydro. These requests for production coupled with Riveer's interrogatories, which were recently served on Hydro, seek to confirm genuine issues of material fact but have yet to be answered. As such, Riveer has been diligent in its efforts to investigate facts which are currently unavailable.

Finally, additional time to conduct the requested discovery will enable Riveer to investigate the aforementioned facts which are essential to fully justify Riveer's opposition. Without more discovery, material facts cannot be presented and alleged undisputed facts asserted by Hydro' motion for partial summary judgment cannot be confirmed nor denied. Riveer should not be prejudiced from investigating material facts simply because of Hydro' premature attempt to foreclose Riveer from conducting relevant and essential discovery. *See Johnsen v. Wal-Mart Stores, Inc.*, Civ. No. 12-cv-1025, 2013 WL 4402366, at*1 (D. Utah. Aug. 15, 2013) (denying Wal-Mart's motion for summary judgment as premature because plaintiff identified essential discovery yet to be taken that may bear on evidentiary conclusion, identified outstanding discovery requests that had yet to be answered by Wal-Mart and generally indicated the difficulty she had experienced in obtaining discovery responses from Wal-Mart.).

The foregoing demonstrates the need for additional time to conduct discovery to investigate material facts which are essential to Riveer's position taken in opposition to Hydro' summary judgment motion. Because Riveer has particularly identified material facts which are

currently unavailable, the steps taken to obtain these facts and why the same cannot currently be presented and how additional time will allow Riveer to establish these facts, Riveer's Motion should be granted.

## V. CONCLUSION

For each of the foregoing reasons, Plaintiff Riveer respectfully requests that this Court grant Riveer's Motion for Rule 56(d) relief and either deny or continue Hydro' partial summary judgment motion until relevant and necessary discovery can be completed.

Dated:  July 28, 2014                                 Respectfully submitted,

**MASCHOFF BRENNAN**

/s/ Mark W. Ford
Mark W. Ford
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document—**PLAINTIFF RIVEER'S MOTION FOR FED. R. CIV. P. 56(d) RELIEF**—pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the parties as follows:

>Brett L. Foster, 6089
>bfoster@hollandhart.com
>Mark A. Miller, 9563
>mmiller@hollandhart.com
>Christopher B. Hadley, 14055
>cbhadley@hollandhart.com
>**Holland & Hart LLP**
>222 S. Main Street, Suite 2200
>Salt Lake City, Utah 84101

Dated:  July 28, 2014                                 /s/ Mark W. Ford