Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>Defendants. | **DECLARATION OF MATTHEW J. PETTER IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

1

I, Matthew J. Petter, declare and state as follows:

1. I am President of Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") in the above-captioned action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. Riveer and Defendant Hydro Engineering, Inc. ("Hydro") are principal competitors in the market for modular wash racks used to wash commercial and industrial vehicles and equipment in an environmentally-friendly way. As part of this competition, Hydro often bids against Riveer for sales of products and systems, including wash rack systems, to governmental and commercial purchasers of these systems.

3. Concerning the Marine Corps VCI bid specifications set forth in Hydro's Exhibit 2 (Dkt. No. 84-2 at 9-10), the specifications required a system including many material features, including (a) "stainless steel construction . . . [including] four section [inlet settling tank] using stainless steel weir structures," (b) "750 pound vertical 120 PSI media housing for suspended solids removal," (c) "Ozone Injection [including] electrically generated corona discharge ozone generation," and (d) "Final Filter Housing [including a] stainless steel support basket with minimum 100 PSID rating."

4. As Hydro's own Exhibit G makes clear at Pages 10 and 14, the governing Federal Acquisition Regulations (FAR) require, "As a minimum, offers must show . . . [a] technical description of the items being offered in sufficient detail to evaluate

2

compliance with the requirements in the solicitation," and, "The Contractor shall only tender for acceptance those items that conform to the requirements of th[e] contract."

5. As shown in the attached Exhibit D, which is a series of true and correct photographs of the actual system Hydro delivered to the Marine Corps after being awarded this contract, Hydro's system included (a) mostly less-expensive PVC (polyvinyl chloride) construction (rather than the "stainless steel construction" required), (b) a media filter with a maximum PSI rating of only 60 (rather than the 120 PSI required), (c) a capacity of only 300 pounds of media (rather than the 750 pounds required), and (d) no final filter at all (rather than the 100 PSID final filter required). As such, Hydro clearly misrepresented that its system would meet the bid specifications.

6. Riveer's system, by contrast, should have been chosen as the only bid to meet these and all other specifications required for this contract. Exhibit E is a series of true and correct photograph of a Riveer system including 120 PSI media filters, a 100 PSID stainless steel final filter, and an all-stainless steel filtration chamber with stainless steel weirs.

7. Concerning the Army bid specifications, as set forth and discussed in detail in Hydro's Exhibit M, the specifications required a system including many material features, including (a) "high traction, non-slip surface," (b) two center mud collection troughs, (c) 24" wide and 4" deep custom drag conveyer, (d) "low profile deck," (e) "wedge wire screen filter," (f) "final absolute polishing filter," (g) heavy duty ozone

3

injection for odor control, (h) "water recovery via diaphragm pumps," and (i) climate controlled ISO container able to operate "off the grid." The deficiencies of Hydro's system offered as satisfying these bid specifications are discussed fully in Exhibit M, and these deficiencies were never substantively addressed by Hydro or the Army during the evaluation process. As such, the substantive evaluation of these aspects of Hydro's bid is necessary to determine whether Hydro misrepresented the features and capabilities of its system offered in response to these bid specifications, which is the purpose of and basis for Riveer's allegations in this action concerning the "Army bid."

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

    Executed on this 28th day of July, 2014 at South Haven, Michigan.

*[signature]*