Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>    Defendants. | **REDACTED-NONCONFIDENTIAL PLAINTIFF RIVEER'S OPPOSITION TO DEFENDANT HYDRO'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

**FILED UNDER SEAL**
**THE DOCUMENT CONTAINS "SEALED MATERIAL"**

Pursuant to DUCivR 56-1(c), Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") hereby opposes the Motion for Summary Judgment on Plaintiff's Fourth, Fifth, and Sixth Claims for Relief (*see* Dkt. No. 82) filed by Defendant Hydro Engineering, Inc. ("Hydro").

## I.   INTRODUCTION

In seeking summary adjudication of Riveer's three false advertising/unfair competition claims at issue, Hydro mistakenly proposes (a) that all relevant evidence already has been revealed, and (b) that it remains unsupported "that Hydro misrepresented the nature of its wash rack products in [the two] bids to the Marine Corps and the Army" specifically referenced in Paragraphs 30-34 of Riveer's operative Second Amended Complaint.  *See* Motion at 5; *see also* Dkt. No. 65 at 8-10, 14-17 (Riveer's Fourth, Fifth, and Sixth Claims for Relief).   Hydro specifically (and improperly) seeks to limit Riveer's claims (and all discovery related to those claims) to the "two [specific] competitive bidding transactions with the United States Military," even though Riveer includes them in the Second Amended Complaint as just two "examples" of the misconduct alleged.  *See* Motion at 2; *see also* Dkt. No. 65 at 9 (discussing a "first example" and a "second example" of Hydro's alleged misrepresentations).

Hydro's proposition (a) is flawed because this motion for "summary judgment" is more accurately characterized as a Rule 12 motion for judgment on the pleadings, because Hydro filed it just a few weeks after discovery opened, and before responding to any of Riveer's interrogatories or document production requests.  As a Rule 12(c) motion, it should be denied because Riveer has pled viable claims in its Second Amended Complaint (and Hydro does not contend otherwise).  Even as a summary judgment motion, it should be denied for at least the reason that it is procedurally premature, because as Rule 12(d) mandates, Riveer "***must be given a reasonable opportunity*** to present ***all the material*** that is pertinent to the motion."  Without complete discovery, Riveer has not received this opportunity.

Hydro's proposition (b) is flawed because it purports to limit Riveer's claim to just two factual circumstances—*i.e.*, the "Marine Corps bid" and the "Army bid."  As made clear in Riveer's Second Amended Complaint, and in its interrogatories and document requests, however, the scope of Riveer's unfair competition claims (and the discovery permissible on those claims) is not so limited.[1]   The Federal Rules simply do not allow for summary adjudication in these circumstances—that is, before proceeding through a reasonable period of meaningful discovery (of a reasonable scope) on the pled claims.

Finally, Hydro's position on the merits is flawed because Riveer obviously requires discovery of the actual products sold and delivered pursuant to the competitive bids at issue, in order to confirm the alleged misrepresentations.  Even without the necessary discovery, the documents Hydro has produced with its motion confirm that genuine issues of material fact exist, at the very least.

## II.    BACKGROUND

In this action, Riveer alleges infringement of three United States Patents, as well as false advertising, intentional interference with prospective economic advantage, unfair competition, and non-infringement of a trademark asserted by Defendant Hydro.  *See* Dkt. No. 65.   Because Defendants asserted counterclaims, the pleadings in this action closed with Riveer's reply, which was filed just four months ago on March 21, 2014.  *See* Dkt. No. 67.  Since then, the parties have been engaged in the initial disclosures required under Local Patent Rules 2.1 through 2.5.  This Court held its Initial Pretrial Conference on May 14, 2014, and issued its Scheduling Order just last month on June 6, 2014.  *See* Dkt. Nos. 71, 79.

---

[1] Of course, under the Federal Rules, Riveer is entitled to discovery beyond the specific facts stated in the operative complaint: "Parties may obtain discovery regarding any nonprivileged matter that . . . appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

As this case is just beginning, Riveer could not seek any discovery from Hydro until April 1, 2014, which afforded Riveer barely two months to begin discovery before Hydro filed this motion. *See* Dkt. No. 79 at 2. As discovery began, Riveer promptly and diligently took its first deposition on April 28, 2014, in order to cross-examine Hydro's Alan McCormick, in his individual capacity, with respect to two declarations he had submitted discussing the accused infringing products. *See* Dkt. Nos. 26-2, 40-2; Declaration of Stephen Lobbin ("Lobbin Decl.") at Ex. A, relevant excerpts from McCormick Deposition ("McCormick Depo").[2] Thereafter, on May 8, 2014, Defendants served a first set of written discovery requests on Riveer, while on May 15, 2014, Riveer served 57 document production requests on Hydro.[3]

*Before* responding to Riveer's discovery requests, however, Hydro filed this motion on June 18, 2014. Even when it did respond to Riveer's document production requests, Hydro stated that it "refuses to produce any documents" or " will not produce any further documents" in response to 32 of the 57 requests. *See* Ex. C (Responses to Requests for Production). Even Hydro's other responses were improperly equivocal about whether any documents would be produced, stating that "Hydro will produce relevant, non-privileged documents responsive to this Request, if any, in its possession . . . [and] to the extent not already produced." *See, e.g.*, *id.* at 20 (Response to Request No. 16).[4] Thus, not only has Riveer not yet received any interrogatory

---

[2] Exhibits A-E cited herein are submitted with the Declarations of Stephen M. Lobbin (A-C) and Matthew J. Petter (D and E), both filed herewith.

[3] On July 7, 2014, Riveer also served a first set of interrogatories on Hydro, many of which seek to confirm the genuine issues of material fact extant on this motion, as well as the other two premature summary judgment motions Defendants have filed. *See* Ex. B.

[4] Based on this response, Riveer has no way of knowing whether there exist responsive documents. In many federal districts, this brand of hyper-equivocal response to a document request is highly improper. *See Tanner v Johnston*, Civ. No. 11-cv-28, 2013 WL 139884, at *1 (D. Utah Jan. 10, 2013) ("Where a party provides an evasive or incomplete discovery response,

responses relevant to this motion, but Riveer also has not yet received many of the documents it has requested from Hydro, many of which also are directly relevant to this motion.

## III.   RESPONSE TO STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

### A.   Riveer's Response To Hydro's Statement Of Elements

Pursuant to DUCivR 56-1(c)(2)(A), Riveer agrees with Hydro's statement that the "Fourth, Fifth, and Sixth Claims for Relief all require one common element: a false or misleading statement of fact."  *See* Motion at 3.  Riveer also agrees with the general legal elements stated in Section I of Hydro's motion.  *See id.* at 3-5.

### B.   Riveer's Response To Hydro's Statements Of Undisputed Facts

Pursuant to DUCivR 56-1(c)(2)(B), Riveer disputes many of Hydro's purportedly "undisputed material facts," including as immaterial, and also as improperly premature under Fed. R. Civ. P. 56(d)(2), which requires:

> Rule 56(d).  When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; *(2) allow time to obtain affidavits or declarations or to take discovery*; or (3) issue any other appropriate order.

*Id.* (emphasis added).  The Lobbin and Petter Declarations submitted herewith explain in specific detail the discovery Riveer still requires before being able to present all of the material facts necessary to prove the misleading conduct by Hydro at issue on this motion.

---

the requesting party may file a motion to compel a full discovery response."); *see also Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 268 F.R.D. 226 (D.N.C. 2010) ("[A] response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to [the provision now codified at Rule 37(a)(4)] is treated as a failure to answer or respond.").

Accordingly, Riveer responds to Hydro's Paragraphs 1-33 (at Pages 5-12 of Hydro's motion) as follows:

1.      On August 3, 2010, Hydro submitted a proposal to the United States Marine Corps ("Marine Corps") for 2 volatile corrosion inhibitor wash rack systems ("VCI wash racks") in response to the Marine Corps' solicitation for bids under Solicitation No. M6700110Q0177. See Declaration of Alan McCormick re: Military Bids ("McCormick Military Bid Decl.") at ¶ 2, Exhibit A.

Riveer's Response:  Disputed to the extent that Hydro first produced its referenced bid proposal document (Exhibit A) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.   Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ███████████

███████████████████████████████████████████████

█████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

2.      Hydro's original VCI wash rack bid included a cover letter setting forth Hydro's pricing and a specification sheet setting forth the features of Hydro's proposed wash rack system. Id.

Riveer's Response:  Disputed to the extent that Hydro first produced its referenced bid proposal document (Exhibit A) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.   Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ███████████████ ████████████████████████████████████████████████████████ ██████████████  *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

3.      In September 2010, the Marine Corps issued a replacement solicitation requesting 4 VCI wash racks (rather than 2) under Solicitation No. M6700110Q0297. The Marine Corps requested that Hydro update the quantity and price of its previous proposal under Solicitation No. M6700110Q0177. On September 10, 2010, Hydro submitted a revised bid letter for 4 VCI

wash racks— ████████████████████████████████████████████ at ¶ 3, Exhibit
B.

     <u>Riveer's Response</u>:  Disputed to the extent that Hydro first produced its referenced bid
proposal document (Exhibit B) only with this motion.  Hydro also marked the document as
"Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the
proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable
opportunity to take discovery concerning the document—including but not limited to confirming
its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably
respond to this evidence.  Additional discovery is required to further support and confirm
Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from
Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for
which preparation is required by Hydro) and potentially third parties, to confirm the alleged
material misrepresentations made by Hydro in its bidding activities. ████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-
222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule
56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete
response to Hydro's Motion, including this alleged undisputed fact.

     4.     Petter,[5] via its agent Carl Pelletier (a former Hydro Engineering employee), also
submitted a bid to supply 4 wash rack systems to the Marine Corps in response to the Marine
Corps' VCI solicitation. See Pelletier Email Communications (Ex. 2).

     <u>Riveer's Response</u>:  Undisputed.

---

[5] Although Hydro often refers to Plaintiff Riveer as "Petter," the company operates under the
name RIVEER, not "Petter."  For example, see <riveer.com>.

8

5.     On September 22, 2010, the Marine Corps awarded the VCI wash rack contract to Hydro. Id. at ¶ 4, Exhibit C.

Riveer's Response:  Undisputed.

6.     On September 27, 2010, Mr. Pelletier protested the contract award to Hydro on behalf of Petter alleging that Hydro's bid was not compliant with the specifications of the Marine Corps' solicitation. Specifically, Petter argued that (a) Hydro "does not make stainless steel filtration systems", (b) "their poly tanks do not contain a [stainless steel] weir system", (c) Hydro "does not use ozone" generation and (d) Hydro "does not offer a stainless steel final filter." See Pelletier Email Protest (Ex. 3). Petter contended that the only reason Hydro's bid was lower than Petter's was because Petter was complying with these minimum specifications while Hydro was not. Id. (alleging "an unfair price advantage to the competition for using inferior materials and technologies").

Riveer's Response:  Disputed to the extent that Hydro mischaracterizes "the **only** reason Hydro's bid was lower."  Otherwise undisputed.

7.

[redacted]

McCormick Military Bid Decl. at ¶¶ 5-6, Exhibit D.

> Riveer's Response:  Disputed to the extent that Hydro first produced the referenced document (Exhibit D) only with this motion.   Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.   Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. [redacted]
>
> [redacted] *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

8. [redacted]

[redacted]



Id. at ¶ 7, Exhibit E.

Riveer's Response:  Disputed to the extent that Hydro first produced its referenced bid proposal document (Exhibit E) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.   Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████     See Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule

56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

9.     On September 29, 2010, the Marine Corps denied Petter's protest, explaining that "Hydro Engineering Inc.'s quote has met the minimum specifications." Marine Corps Protest Decision (Ex. 4). See also September 30, 2010 Email to Mr. Pelletier ("Apparently, your former employers have made some improvements to their washracks (sic.), as the contract officers are saying what was purchased does meet their minimum requirement.") (Ex. 3).

Riveer's Response:  Undisputed.

10.    ████████████████████████████████████████████████████████████████
███████████████████████████████████████████████ McCormick Military Bid Decl. at ¶ 8, Exhibit F.

Riveer's Response:  Disputed to the extent that Hydro first produced the referenced document (Exhibit F) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.  Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ██████████████████
████████████████████████████████████████████████████████████████████████████

████████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

      11.   ██████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

██████████████ (Exhibit E). *Id.* at ¶ 9.

      <u>Riveer's Response</u>:  Disputed to the extent that Hydro first produced its referenced bid proposal document (Exhibit E) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.  Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities.  ██████████████

█████████████████████████████████████████████████████████████████████████

██████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Photos of Hydro's installed system also confirm that it was misrepresented as meeting

the bid specifications.  *See* Petter Decl. ¶¶ 3-5, Ex. D.  Concurrently with this Opposition, Riveer

is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests

relevant discovery necessary to provide a complete response to Hydro's Motion, including this

alleged undisputed fact.

12.   Throughout the process of the VCI wash rack bid, Hydro accurately represented

the equipment it was offering in its VCI bid and then actually provided that very equipment

under the VCI contract. The Marine Corps accepted Hydro's wash racks and paid the contract

price. Hydro did not make any false or misleading statements concerning its VCI wash racks to

the Marine Corps. Id. at ¶¶ 10-11.

*Riveer's Response*:   Disputed to the extent that Riveer has not had any reasonable

opportunity to take discovery concerning Hydro's documents or reasonably respond to its

evidence.  Additional discovery is required to further support and confirm Riveer's allegations.

Riveer requires responsive documents and interrogatory responses from Hydro, and deposition

testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is

required by Hydro) and potentially third parties, to confirm the alleged material

misrepresentations made by Hydro in its bidding activities. ██████████████████████

████████████████████████████████████████████████████████████████████  *See*

Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.   Photos of

Hydro's installed system also confirm that it was misrepresented as meeting the bid

specifications.  *See* Petter Decl. ¶¶ 3-5, Ex. D.  Concurrently with this Opposition, Riveer is

filing a Motion for Relief Pursuant To Rule 56(d) of the Federal Rules of Civil Procedure

wherein Riveer identifies and requests relevant discovery necessary to provide a complete

response to Hydro's Motion, including this alleged undisputed fact.

13.     In August 2012, the United States Army issued Solicitation No. W9124N-12-R-0054 ('the 0054 Solicitation") seeking bids to supply the Army with 4 wash rack systems. Id. at ¶ 12, Exhibit G.

<u>Riveer's Response</u>:  Undisputed.

14.     Hydro submitted a bid dated September 6, 2012 in response to the 0054 Solicitation, which accurately depicted the wash rack system Hydro was prepared to supply to the Army. Id. at ¶ 13, Exhibit H.

<u>Riveer's Response</u>:  Disputed to the extent that Hydro first produced its referenced bid proposal document (Exhibit H) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.   Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ████████████

████████████████████████████████████████████████████████

████████████     *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

15.     Enviro Safety Technologies ("EST") also submitted a bid, operating as the bidding agent for Petter. Id. at ¶ 20.

<u>Riveer's Response</u>:  Undisputed.

16.

<u>Riveer's Response</u>:   Disputed to the extent that Riveer has not had any reasonable opportunity to take discovery or reasonably respond to Hydro's evidence.  Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities.

*See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) of the Federal Rules of Civil Procedure wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

17.

███████

Riveer's Response:   Disputed to the extent that Riveer has not had any reasonable opportunity to take discovery or reasonably respond to Hydro's evidence.  Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ███████████████████████████████████

████████████████████████████████████████   *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.   Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

18. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Riveer's Response:   Disputed to the extent that Riveer has not had any reasonable opportunity to take discovery or reasonably respond to Hydro's evidence.  Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its

bidding activities. ████████████████████████████████████████████████

████████████████████████████████████████████ *See* Ex. A (McCormick Depo.) at

97:3-100:12, 100:15-103:11, and 219:24-222:19.   Concurrently with this Opposition, Riveer is

filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant

discovery necessary to provide a complete response to Hydro's Motion, including this alleged

undisputed fact.

     19.   ██████████████████████████████████████████████

████████████████████████████████████████████████████████████ *Id.*

at ¶ 16, Exhibit I.

    **Riveer's Response**:   Disputed to the extent that Hydro first produced its referenced bid

proposal document (Exhibit I) only with this motion.   Hydro also marked the document as

"Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the

proposal document and respond to this evidence.   Therefore, Riveer has not had any reasonable

opportunity to take discovery concerning the document—including but not limited to confirming

its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably

respond to this evidence.   Additional discovery is required to further support and confirm

Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from

Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for

which preparation is required by Hydro) and potentially third parties, to confirm the alleged

material misrepresentations made by Hydro in its bidding activities ████████████████████

████████████████████████████████████████████████████████████████

████████████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-

222:19.   Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule

56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

       20.   █████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████ Id. at ¶ 17, Exhibit J.

     <u>Riveer's Response</u>:  Disputed to the extent that Hydro first produced its referenced document (Exhibit J) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.  Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ████████████████

████████████████████████████████████████████████████████████████████████

██████████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

21. ███████████████████████████████████

████████████ Id. at ¶ 18, Exhibit K.

Riveer's Response:  Disputed to the extent that Hydro first produced its referenced bid proposal document (Exhibit K) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.  Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ██████████████

███████████████████████████████████████

██████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

22.    On September 27, 2012, Hydro was awarded the contract under the 0054 Solicitation, which Hydro signed the following day. Id. at ¶ 19, Exhibit L.

Riveer's Response:  Undisputed.

23. ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████ " Id. at ¶ 20, Exhibit M.

Riveer's Response:  Undisputed.

24.     Hydro submitted a written response to EST's original protest concerning the technical acceptability of Hydro's wash rack systems on November 27, 2012. Id. at ¶ 22, Ex. N.

Riveer's Response:  Disputed to the extent that Hydro first produced its referenced bid proposal document (Exhibit N) only with this motion.  Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.  Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.  Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ████████████████

████████████████████████████████████████████████

████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

25.    After EST and Petter were notified of the additional September 20, 2012 communication from the Army to Hydro seeking clarification of Hydro's bid, EST and Petter filed a "supplemental protest" complaining that this additional communication with Hydro rendered the process unfair. Id. at ¶ 21, Exhibit P, p. 2.

Riveer's Response:  Undisputed.

26.  Id. at ¶ 23, Exhibit P, p. 2.

Riveer's Response:  Undisputed.

27.   Id. at ¶ 24, Exhibit O

Riveer's Response:  Undisputed.

28.  Id. at ¶ 25.

Riveer's Response:  Undisputed.

29.

████████████████████████████████████████████ d., p. 2.

    <u>Riveer's Response</u>:   Disputed to the extent that Hydro first produced the referenced document (Exhibit P) only with this motion.   Hydro also marked the document as "Confidential—Attorneys' Eyes Only," which further limits Riveer's ability to evaluate the proposal document and respond to this evidence.   Therefore, Riveer has not had any reasonable opportunity to take discovery concerning the document—including but not limited to confirming its authenticity, its admissibility, and the truth of the matters stated therein—or reasonably respond to this evidence.   Additional discovery is required to further support and confirm Riveer's allegations.   Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ████████████

████████████████████████████████████████████

███████████████ *See* Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

    30.    On March 22, 2013, the Army officially reopened discussions and requested revised bids from all offerors. Id. at ¶ 27, Exhibit Q.

    <u>Riveer's Response</u>:  Undisputed.

    31.    To date, no further action has been taken by the Army with respect to the 0054 Solicitation. Id. at ¶ 28.

    <u>Riveer's Response</u>:  Undisputed.

32.     Throughout the bidding process of the 0054 Solicitation, Hydro never misrepresented the nature or features of its wash rack products. Rather, Hydro provided extensive disclosure explaining exactly what type of wash rack products it was proposing; and Hydro never proposed a wash rack design that it was not capable of providing. Id. at if 29.

Riveer's Response:  Disputed.  Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ██████████ ████████████████████████████████████████████████████████████████████ ██████████████   See Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

33.     The allegations concerning the 0054 Solicitation in Petter's Second Amended Complaint are demonstrably false. Id. at ¶¶ 30-32.

Riveer's Response:  Disputed.  Additional discovery is required to further support and confirm Riveer's allegations.  Riveer requires responsive documents and interrogatory responses from Hydro, and deposition testimony from other Hydro employees (including Rule 30(b)(6) testimony for which preparation is required by Hydro) and potentially third parties, to confirm the alleged material misrepresentations made by Hydro in its bidding activities. ██████████ ████████████████████████████████████████████████████████████████████ ██████████████   See Ex. A (McCormick Depo.) at 97:3-100:12, 100:15-103:11, and 219:24-

222:19.  Concurrently with this Opposition, Riveer is filing a Motion for Relief Pursuant To Rule 56(d) wherein Riveer identifies and requests relevant discovery necessary to provide a complete response to Hydro's Motion, including this alleged undisputed fact.

## IV.     ARGUMENT

Summary judgment is proper only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "At summary judgment, of course, . . . the facts in the record are viewed in the light most favorable to . . . the non-movant."  *Yellowbear v. Lampert*, 741 F.3d 48, 56-57 (10th Cir. 2014).  Moreover, the court is "obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In particular, on a motion (like this one) which essentially attacks the pleadings under Rule 12(c) before a realistic opportunity for necessary discovery, Rule 12(d) requires that in the summary judgment context, "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *See id.* ("Result of Presenting Matters Outside the Pleadings"); *see also Cisco Sys. v. United States*, 804 F. Supp. 2d 1326, 1337 n.18 (Ct. Int'l Trade 2011) (citing *Easter v. United States*, 575 F.3d 1332, 1336 (Fed. Cir. 2009)) ("[W]hether a party has had a 'reasonable opportunity' to present pertinent summary judgment materials . . . depends on whether the party has had notice and time to respond.").

### A.     Riveer Has Not Yet Received Reasonable Discovery On Its Claims, Which It Requires To Establish Many Material Facts, And Possibly Amend

Although Riveer agrees that its claims at issue depend on proof "that Hydro made false or misleading statements concerning its wash pad products in connection with the Marine Corps bid or the Army bid" (*see* Motion at 13), Riveer's discovery allowed on those claims is broader than

25

the "four corners" of its pleading.[6]   *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery

regarding any nonprivileged matter that . . . appears reasonably calculated to lead to the

discovery of admissible evidence."); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180

(10th Cir. 2009) (discovery not limited only to particular facts specifically alleged in pleadings).

Moreover, discovery may lead to amendments to include the specifics of additional

misrepresentations in similar circumstances (but concerning other bids/contracts) by Hydro.  *See*

Exs. B-C (Riveer's relevant document requests and interrogatories).

        In this Circuit as in others, "sufficient time for discovery is especially important when

relevant facts are exclusively in the control of the opposing party."  *Weir v. Anaconda Co.*, 773

F.2d 1073, 1081 (10th Cir. 1985).  Here, as discussed herein and in Riveer's separate Motion for

Rule 56(d) Relief, Hydro's motion is premature here because many relevant facts—all

exclusively in the control of Hydro and/or third parties—have yet to be revealed in document

production, interrogatory responses, or depositions Riveer requires to fully support its factual

allegations concerning Hydro's misrepresentations in its bidding activities in competition with

Riveer.  As obvious proof that Hydro's motion was filed prematurely, 16 of the 17 exhibits

submitted with Hydro's Exhibit 1 were produced to Riveer ***for the first time with the motion***

***itself***.

---

[6] In its footnote 5 (on page 13), Hydro contends, "Because [Riveer's] only specific allegations
concern [] two military contract bids, [its] claims are necessarily limited to the facts surrounding
those bids."   While technically correct, Hydro's statement improperly suggests that the
permissible scope of Riveer's discovery should be so constricted, or that Riveer should not have
any opportunity to amend after receiving discovery which may justify allegations of additional,
similar misrepresentations.  Hydro also cites to Rule 9(b), but Hydro waived any challenge to
Riveer's pleading on those grounds, which may not even apply to false advertising claims.  *See,
e.g.*, *John P. Villano, Inc. v. CBS, Inc.*, 176 F.R.D. 130, 131 (S.D.N.Y. 1997) ("[A] claim of false
advertising under [the Lanham Act] falls outside the ambit of Rule 9(b) and may not be subject
of any heightened pleading requirement.").

More specifically, most of Hydro's contentions in its argument have not yet been subject to any legitimate discovery by Riveer.  For example, concerning the "VCI bid," Hydro asserts that "the Marine Corps . . . provided written confirmation that Hydro's bid [] satisfied the bid specifications requiring stainless steel filtration components and other features."  Motion at 14-15 (citing Hydro's Exhibit 4); *see also* Exhibits C-D and F (Marine Corps correspondence regarding Hydro's bid).  Hydro's evidence, however, is a conclusory letter from a Contracting Officer, Ms. Lisa Williams, which appears to be "parroted" entirely from Hydro's own conclusory, self-serving representations.  *See* Ex. E (attached to Hydro's Exhibit 1) (letter from Hydro's Mr. Doug Felice); *see also* Exhibits A-B (Hydro's bid documents).  Therefore, in order to confirm that Hydro's **product delivered to the Marine Corps** was not what they represented it to be, Riveer needs its own discovery, including (a) an inspection of the Hydro product actually delivered to the Marine Corps, (b) the documents in the Marine Corps' files related to its communications (including Exhibit 4 and Exhibits C-D and F), (c) the documents in Hydro's files related to its letter and bid documents (including Exhibits A-B and E), (d) interrogatory responses from Hydro related to its bid and its letter, (e) a deposition of the Marine Corps Contracting Office, and (f) a deposition of Hydro's Doug Felice.  As discovery proceeds, perhaps not all of these items of discovery would be required, but certainly all are justified to establish material facts relevant to Riveer's position in opposing this motion.

Concerning the "Army bid," Hydro admits that its initial bid was "not technically compliant with the 0054 Solicitation specifications," but contends that "Hydro's revised bid was found to be technically compliant."  Motion at 17 (citing Exhibit P).  Similar to the "VCI bid," however, the material question is not whether the Army was fooled into accepting Hydro's bid; rather, the material question is whether Hydro misrepresented its product as meeting the required

bid specifications.  Again, in order to confirm that Hydro's ***product proposed to the Army*** was not what Hydro represented it to be, Riveer needs its own discovery, including (a) an inspection of the proposed product, (b) the documents in the Army's files related to its communications (including Exhibits J, L, O-Q), (c) the documents in Hydro's files related to its letters and bid documents (including Exhibits H-I, K, and N), (d) interrogatory responses from Hydro related to its bid, (e) a deposition of the Army Contracting Office, and (f) a deposition of Hydro's Doug Felice.  As discovery proceeds, perhaps not all of these items of discovery would be required, but certainly all are justified to establish material facts relevant to Riveer's position in opposing this motion.

### B.    Even The Documents Hydro Produced For The First Time With Its Motion Confirm Genuine Issues Of Material Fact Preventing Summary Judgment

In both instances—regarding the "VCI bid" and the "Army bid"—Hydro was required to specifically confirm that its bid proposal met several key technical requirements.  Hydro submitted letters confirming the technical requirements would be met (*see* Exhibits E and I), but in each case, Hydro failed to include any reference back to the its original bid proposal.  The reason for these omissions was that the original products Hydro proposed did not meet these technical requirements, even though the specifications mandated them.  *See* Exhibits A and H.

For example, concerning the Marine Corps VCI bid specifications set forth in Hydro's Exhibit 2, the specifications required a system including many material features, including (a) "stainless steel construction . . . [including] four section [inlet settling tank] using stainless steel weir structures," (b) "750 pound vertical 120 PSI media housing for suspended solids removal," (c) "Ozone Injection [including] electrically generated corona discharge ozone generation," and (d) "Final Filter Housing [including a] stainless steel support basket with minimum 100 PSID rating."  None of these features are specifically confirmed as part of Hydro's system in its bid

documents, however.[7]   Concerning the Army bid specifications, as set forth and discussed in detail in Hydro's Exhibit M, the specifications required a system including many material features, including (a) "high traction, non-slip surface," (b) two center mud collection troughs, (c) 24" wide and 4" deep custom drag conveyer, (d) "low profile deck," (e) "wedge wire screen filter," (f) "final absolute polishing filter," (g) heavy duty ozone injection for odor control, (h) "water recovery via diaphragm pumps," and (i) climate controlled ISO container able to operate "off the grid."   The deficiencies of Hydro's system offered as satisfying these bid specifications are discussed fully in Exhibit M, and these deficiencies were never substantively addressed by Hydro or the Army during the evaluation process.   As such, the substantive evaluation of these aspects of Hydro's bid is necessary to determine whether Hydro misrepresented the features and capabilities of its system offered in response to these bid specifications, which is the purpose of and basis for Riveer's allegations in this action concerning the "Army bid."

Therefore, based on Hydro's newly-produced documents alone (construed in the light most favorable to Riveer), and without the opportunity for any discovery by Riveer, a fact finder could reasonably determine that Hydro's conduct in submitting these bids, knowing its proposed products did not meet the technical requirements of the solicitations, could amount to false advertising and misrepresentations. █████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████   *See* Ex. A.   Finally, the actual system Hydro delivered to the Marine Corps

---

[7] As Hydro's own Exhibit G makes clear at Pages 10 and 14, the governing Federal Acquisition Regulations (FAR) require, "As a minimum, offers must show . . . [a] technical description of the items being offered in sufficient detail to evaluate compliance with the requirements in the solicitation," and, "The Contractor shall only tender for acceptance those items that conform to the requirements of th[e] contract."

clearly does not meet the bid specifications in several material respects. *See* Petter Decl. ¶¶ 3-5, Exs. D-E. This evidence alone is sufficient basis to deny Hydro's motion, particularly when the evidence is viewed in the light most favorable to Riveer.

As addressed in Riveer's contemporaneously filed Motion for Rule 56(d) Relief, Hydro's motion should be denied to allow Riveer time to conduct discovery as to these and other material facts. However, regardless of Riveer's pending motion, when the record is construed in the light most favorable to Riveer, Hydro's motion should be denied because Hydro has not shown entitlement to relief, as a matter of law, and disputed material facts remain.

## V.   CONCLUSION

For each of the foregoing reasons, Riveer respectfully requests that this Court deny Hydro's motion.

Dated:  July 28, 2014                              Respectfully submitted,

                                                   **The Eclipse Group LLP**

                                                   /s/ Mark W. Ford
                                                   Stephen M. Lobbin (admitted *pro hac vice*)
                                                   *Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served the foregoing document—**PLAINTIFF RIVEER'S OPPOSITION TO DEFENDANT HYDRO'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CLAIM FOR RELIEF**—pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the parties as follows:

> Brett L. Foster, 6089
> bfoster@hollandhart.com
> Mark A. Miller, 9563
> mmiller@hollandhart.com
> Christopher B. Hadley, 14055
> cbhadley@hollandhart.com
> **Holland & Hart LLP**
> 222 S. Main Street, Suite 2200
> Salt Lake City, Utah 84101

Dated:  July 28, 2014

/s/ Mark W. Ford
Stephen M. Lobbin (admitted *pro hac vice*)
*Attorney for Plaintiff*