Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | **PLAINTIFF RIVEER'S REPLY IN SUPPORT OF ITS MOTION FOR FED. R. CIV. P. 56(d) RELIEF**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |

The opposition presented by Defendant Hydro—principally, the contention that "this case did not just start and in fact discovery traces back for years"—reflects a fundamental misunderstanding of the Federal Rules of Civil Procedure, and additionally is meritless for several other reasons.

First, Hydro seemingly is ignorant of Rule 26(d)(1), which specifies explicitly the "Timing" prerequisite of the discovery process in federal court, *i.e.*, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Rule 26(f)(1), in turn, specifies that a Rule 26(f) "Conference of the Parties" does not take place until just before "a scheduling conference is to be held." Here, although this action indeed was filed originally in May 2013 in the Southern District of California, Judge Benitez in San Diego never set a scheduling conference because the pleadings never closed. Instead, the defendants filed a series of Rule 12 motions, which remained pending until the case was transferred to this Court on January 17, 2014. *See* Dkt. Nos. 12, 39, 40, and 51-52.[1] After the transfer and a round of amended pleadings, in April 2014 this Court scheduled an Initial Pretrial Conference for May 14, 2014. *See* Dkt. No. 69. Rather than seeking to delay anything, Plaintiff Riveer actually (a) had filed already the parties' Rule 26(f) Report on April 3, 2014, (b) promptly took a preliminary deposition on April 28, 2014,[2] and (c) on May 16, 2014, Riveer served a comprehensive set of

---

[1] Hydro's misunderstanding of the Federal Rules is apparent from its argument that "[a]t no time did [Riveer] seek any discovery during the eight month pendency of th[is] suit in California." Opp'n at 3. Of course, during that entire period, the mandate of Rule 26(d)(1) required that Riveer "may not seek discovery from any source."

[2] Hydro suggests that this deposition of Alan McCormick was of "the person most knowledgeable at Hydro, concerning the changes to Hydro's wash pads." Opp'n at 11. Even if so, this was not a Rule 30(b)(6) deposition for which McCormick had to prepare or answer any

2

document production requests on Hydro. *See* Dkt. No. 68 (noting the parties' Rule 26(f) conference on April 1, 2014).[3]  Just ***seven (and 17) days*** later—and before Riveer had even received Hydro's insufficient response to its document requests (much less any documents)—Hydro filed the two premature summary judgment motions at issue. *See* Dkt. Nos. 72 and 77.[4]  Riveer already has explained (in this Motion) the merits and substance of the discovery it needs to fully oppose summary judgment under Rule 56(d), but ***purely as a matter of procedural fairness***, the Federal Rules surely do not contemplate summary adjudication being proper on a motion filed less than 60 days after discovery opens, particularly in a complex intellectual property action having three patents-in-suit as well as Lanham Act claims.[5]

---

questions on behalf of (and binding on) Hydro the corporation, which explains his many inexact, incomplete, and obviously unprepared responses.

[3] Hydro contends that Riveer "chose not to pursue discovery until May 2014," but (a) discovery did not even open until April 2014 (*see* Rule 26(d)(1)), and (b) Riveer took its first deposition on April 28, 2014.  Hydro's mischaracterization of the record (just one of many) demonstrates the lack of integrity of its position.

[4] Hydro notes that it finally produced ***some*** documents on June 25, 2014, which was ***only six business days*** before Riveer's summary judgment oppositions were due.  Even if Hydro had made a full and complete document production—which not even Hydro contends it was—***six days*** could never be sufficient time to marshal new evidence into the fabric of even ***one*** opposition to a motion for summary adjudication, much less ***two***.

[5] Hydro cites to its Exhibit Q for a contention that Riveer "agreed to [Hydro's] terms" of granting Riveer's counsel the professional courtesy of an extension of time under a condition that Riveer not file a Rule 56(d) motion.  Not only did Riveer's counsel never agree to any such condition, but Hydro's mischaracterization would not be a fair reading of the e-mail exchange between counsel.  As noted in a May 27th e-mail, Riveer's counsel sought a simple extension, as a professional courtesy, because he was then "in the middle of pre-trial on another patent case."  In a follow up June 11th e-mail, Riveer's counsel proposed particular dates for the extension, and stated that Riveer "would agree to whatever extensions you might need for your replies."  Riveer's counsel ***did not address*** Hydro's improper attempt to block Rule 56(d) motions, which Hydro's counsel never again proposed.  Instead, Hydro's counsel responded on June 12th with a counter-proposal, stating only, "We agree to the extensions if you agree to our reply deadline being August 8th," and "we would like your cooperation in seeking oral argument on the motions in October."  Riveer responded by proposing a new extension—to July 14th—in exchange for

Second, Hydro never justifies its contention that discovery from the parties' prior or other litigation satisfies completely Riveer's need for discovery on its new claims in this action. Nor could Hydro's contention be justified, because the issues the parties have otherwise litigated have little to no bearing on Riveer's present claims. The parties' Michigan litigation, for example, involved none of the three Riveer patents asserted in this action (two of which did not exist until 2013). Instead, the one Riveer patent litigated in Michigan was directed to a key "vacuum pump" feature that is not claimed in any of Riveer's now-asserted patents. Moreover, the Michigan litigation was almost exclusively a dispute over ***Hydro's patents and Riveer's accused products***, which is the polar opposite of the patent infringement allegations here. Finally, because the Michigan litigation began in 2007, that litigation (and its discovery record) has little to no temporal overlap with this case.[6] Hydro never explains how the stale discovery from that very different litigation is even probative—much less a complete overlap—of the much

---

Riveer's agreement on Hydro's two terms (which did not include any proposal about Rule 56(d) motions). Hydro responded again with a counter-proposal of a July 7th due date for Riveer's opposition papers, and only then did counsel reach agreement, on only three terms: (1) Riveer's opposition would be due July 7th, (2) Hydro's replies would be due August 8th, and (3) Riveer would not oppose Hydro's efforts to schedule a hearing on the motions. Moreover, the parties' final and only signed, written agreement—after all the back-and-forth—is reflected in this Court's Order Granting Motion to Extend Summary Judgment Briefing Schedule, the form of which Hydro approved without any mention about requests for discovery under Rule 56(d), stating, "This looks great." *See* Dkt. No. 81. Finally, in this District as in our profession generally, it is improper to use "a scheduling change for tactical or unfair purpose." *See Utah Standards of Professionalism and Civility* ¶ 15; *see also Civility and Professionalism Guidelines* (C.D. Cal.), Section 2 ("Scheduling") ("We will not attach to extensions unfair and extraneous conditions . . . [and] will not, by granting extensions, seek to preclude an opponent's substantive rights . . . .").

[6] In its Opposition to Hydro's summary judgment motion, Riveer presented a complete discussion of the separate issues the parties litigated in Michigan. *See* Dkt. No. 96.

more recent record required to assess the many facts at issue here.[7]  Hydro never even bothers to discuss the parties' ongoing trade secret litigation, which has no overlap whatsoever with this case.  As Hydro itself has summarized, Case No. 2:11-CV-139 in this Court involves Hydro's alleged trade secrets, alleged unfair competition, and an asserted "non-compete restriction in [an] employment agreement."  *See* Dkt. No. 82 at 7 n.2.

Third, Hydro's assertion that "the record is static" is negated—and Riveer's need for further discovery is bolstered—by the ***new evidence*** Hydro presents for the first time with its replies to the summary judgment motions.  For example, Hydro's new Exhibits K and M are new interrogatory responses and a new declaration, neither of which existed when Riveer filed its summary judgment oppositions.  Throughout its brief, Hydro asks this Court simply to accept its factual assertions—including those in its new interrogatory responses and Smith Declaration—without giving Riveer any opportunity to take any discovery related to these documents or, as discussed, related to any of Hydro's already produced and/or to-be-produced documents.  While Hydro might wish that our federal courts followed the rules of discovery governing litigation in many other countries (*i.e.*, no discovery), that is not our civil justice system here in the United States under the Federal Rules of Civil Procedure.

---

[7] On the issue of prejudice possibly relevant to Hydro's laches contention, Hydro asserts that Riveer "has Mr. McCormick's [reply] declaration and Hydro's recently-served interrogatory responses," and that Riveer failed to rebut an asserted laches presumption.  *See* Opp'n at 13.  But the evidence Hydro cites did not even exist at the time Riveer had to oppose Hydro's motion, and Riveer has had no opportunity to depose Hydro concerning its document production or Riveer's rebuttal contentions on this issue, as discussed more fully in Riveer's summary judgment opposition.

Finally, although Hydro ignores the facts of its cited cases, none are analogous. For example, in *Jensen*, the movant was dilatory and its supporting affidavit "merely state[d] in conclusory terms that they were unable to obtain the deposition [sought]." *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554-55 (10th Cir. 1993). In *Bliss* (mis-cited as "*Trask*"), the court naturally found a "lack of specificity" where the movant's affidavit merely stated that "the information sought by formal discovery would include depositions of the individual defendants, and their supervisor, as well as access to records and procedure manuals or protocols that are under the exclusive control of the Defendants and/or their employer." *Bliss v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006). In *Campbell*, the court assessed an "unverified explanation by counsel" asserting only that "certain of the defendants, including defendant Campbell, need to be deposed," and "affidavits that will establish the long history of censorship on the campus of Oklahoma State University . . . are needed to fully demonstrate the need for a permanent injunction and appropriate procedural safeguards to assure that the First Amendment will not continue to be violated." The court concluded that (a) "[t]he affidavits ultimately produced concern evidence to which both parties conceivably had access," (b) "a vague reference to 'a long history of censorship' suggests no more than a fishing expedition," and (c) "plaintiffs certainly had ample time in which to allege specific acts of censorship." *Committee for First Amend. v. Campbell*, 962 F.2d 1517, 1522-23 (10th Cir. 1992). Here, by contrast, Riveer's supporting declarations are five and nine pages long, respectively, and they explain (as exactly as possible) the facts upon which Riveer requires discovery to fully present its oppositions to Hydro's motions. *See* Dkt. Nos. 89 and 97-98.

For each of the foregoing reasons, Riveer respectfully requests that this Court grant its Motion for Rule 56(d) relief and either deny or continue Hydro's partial summary judgment motions until relevant and necessary discovery can be completed.

Dated:  August 25, 2014                         Respectfully submitted,

**The Eclipse Group LLP**

/s/ Stephen M. Lobbin
Stephen M. Lobbin (admitted *pro hac vice*)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document—**PLAINTIFF RIVEER'S REPLY IN SUPPORT OF ITS MOTION FOR FED. R. CIV. P. 56(d) RELIEF**—pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the parties as follows:

>Brett L. Foster, 6089
>bfoster@hollandhart.com
>Mark A. Miller, 9563
>mmiller@hollandhart.com
>Christopher B. Hadley, 14055
>cbhadley@hollandhart.com
>**Holland & Hart LLP**
>222 S. Main Street, Suite 2200
>Salt Lake City, Utah 84101

Dated:  August 25, 2014                             /s/ Stephen M. Lobbin