Stephen M. Lobbin (admitted *pro hac vice*)
Edward F. O'Connor
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000
Fax: 949.851.5051

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel: 435.575.1387
Fax:  435.252.1361

*Attorneys for Plaintiff* Petter Investments, Inc. d/b/a RIVEER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>Defendants. | **PLAINTIFF RIVEER'S MOTION TO EXTEND "PHASE I" FACT DISCOVERY DEADLINE**<br><br>Civil Case No. 2:14-CV-00045<br><br>Honorable District Judge Dee Benson |

Pursuant to DUCivR 7-1(a)(2)(A), for good cause and in order to allow for an orderly completion of "Phase I" fact discovery as provided in this Court's Patent Case Scheduling Order (*see* Dkt. No. 79 at 4), Plaintiff Petter Investments, Inc. ("Riveer") moves hereby for an

extension of the deadline for "Close of Phase I fact discovery" from December 1, 2014 to March 30, 2015 (or another date determined by the Court).[1]  In addition to this precise relief sought, as follows are the specific grounds for Riveer's motion, constituting good cause for the requested extension of the "Phase I fact discovery" deadline.

First, as this Court has explained, the "good cause" standard under Fed. R. Civ. P. 6(b)(1) is a low threshold:

> Black's law dictionary defines good cause as "[a] legally sufficient reason."  Here, the parties agreed to an exchange of discovery documents which is not yet completed.  Plaintiffs allege that they cannot draft an amended complaint without receipt of the documents included in the pending discovery request.  This allegation meets the relatively low requirements of good cause.

*Holgers v. South Salt Lake City*, 2011 U.S. Dist. LEXIS 68202, at *5 (D. Utah June 24, 2011) (Stewart, J.) (granting extension request even under more stringent "excusable neglect" standard); *see Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (noting "good cause" standard is "non-rigorous" and that "requests for extensions of time made before the applicable deadline has passed should 'normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party'") (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (3d ed. 2004)); *see also Davis v. Ace Hardware Corp.*, 2014 U.S. Dist. LEXIS 90657, at *95 (D. Del. July 2, 2014) ("good cause" exists if moving party "cannot reasonably meet the court's deadline[]").

---

[1] If the Court does not approve the requested extension, Riveer alternatively requests consideration of a lesser reasonable extension period and/or consideration of a reasonable extension in order to complete deposition discovery only, excluding any further written discovery beyond that already served.

Second, this is the first request by either party for an extension of the fact discovery deadline, which supports good cause.[2]  Third, Defendant Hydro is still in the process of completing and supplementing its document production, including following through on promises to produce many key documents related to Riveer's Fourth, Fifth and Sixth Claims for Relief in its Second Amended Complaint.[3]  After Riveer requested this very additional document production—specifically—in its July 2014 Motion for Fed. R. Civ. P.56(d) Relief,[4] and again in a September 2014 letter (*see* Ex. 1),[5] only recently did Hydro finally agree to produce responsive documents and/or supplement its responses to fifteen of Riveer's document requests, and two of Riveer's interrogatories.  *See* Ex. 2 (Hydro's letter agreeing to supplement responses to Riveer's Request Nos. 5, 9, 12, 29-34, 37-39, 42, and 45-46, and Interrogatory Nos. 8-9); Ex. 3 (Hydro's original Responses to Riveer's Requests for Production).  To date however—over two weeks later—Riveer still has not received any additional document production or interrogatory responses from Hydro.  *See* Lobbin Decl. ¶ 7, Ex. 4.  Moreover, Riveer's Rule 56(d) Motion will not be heard until November 20, 2014, which is just five (5) court days before the current fact

---

[2] This Court has granted two prior extension requests, concerning briefing deadlines.  *See* Dkt. Nos. 81 and 102.

[3] In its operative Second Amended Complaint, Riveer has asserted three patents-in-suit, as well as separate claims for false advertising, intentional interference with prospective economic advantage, unfair competition, and a declaratory judgment of no trademark infringement.  *See* Dkt. No. 65.

[4] In its Rule 56(d) Motion, Riveer requested relief including as follows: "[I]n addition to the document requests and interrogatories Riveer has served already which remain unanswered, the additional relevant discovery Riveer still needs includes (a) deposition of the other Hydro employees involved in the competitive bidding practices at issue (including Doug Felice, Kerry Smith, and Travis Heywood), (b) a Rule 30(b)(6) deposition of Hydro to question a prepared witness about all of the relevant details of Hydro's competitive bidding practices at issue, and (c) document production and depositions from the contracting offices who issued the bid specifications and solicitations, and reviewed bids."  *See* Dkt. No. 103 at 8.

[5] Exhibits 1-6 cited herein are submitted with the accompanying Lobbin Declaration.

discovery cutoff Riveer seeks herein to reasonably extend.  *See* Dkt. No. 146.  Even after receiving Hydro's complete responses to written discovery—either as promised or by an order on the Rule 56(d) Motion—Riveer reasonably requires sufficient time thereafter to marshal the additional and/or supplemental document production and interrogatory responses, and schedule and conduct its remaining depositions.  *See* Lobbin Decl. ¶¶ 8-9.

As many courts have recognized, an orderly completion of fact discovery requires a reasonable amount of time ***after*** document production is complete.  *See B&B Hardware, Inc. v. Fastenal Co.*, 2011 U.S. Dist. LEXIS 56802, at *9 (E.D. Ark. May 25, 2011) (extension of deadline "to complete the production of [] documents" required that "discovery cutoff deadline would have to be extended to allow the parties to take depositions"); *ACE Ltd. v. CIGNA Corp.*, 2001 U.S. Dist. LEXIS 19090, at *4-5 (S.D.N.Y. Nov. 20, 2001).  In *ACE*, for example, the court granted Defendant CIGNA's analogous extension request, reasoning:

> [T]he Scheduling Order provided that document discovery was to have concluded by August 1, 2001.  Once document discovery had been completed, fact discovery would begin and continue into January 2002.  Although the Scheduling Order did provide for some ongoing document production beyond August 1, ***it is clear that CIGNA would be prejudiced if the current fact discovery deadline were not modified. . . . CIGNA is awaiting the production of a substantial number of documents, and it may well have difficulties in discovering whom it needs to depose, what questions or issues need to be explored through deposition or interrogatories, and facts relevant to defending various depositions without first reviewing such materials***.  As such, as in *Elliot Associates, L.P.*, the delay in document production in this case has resulted in the very real possibility that CIGNA will be unable to meaningfully complete its fact discovery by the current fact discovery cut-off date.  Good cause therefore exists to extend the current discovery deadlines.

*Id.* (emphasis added) (citing *Elliot Assocs., L.P. v. The Republic of Peru*, 1997 WL 436493, at *3 (S.D.N.Y. Aug. 1, 1997)) ("In *Elliot Associates*, the court found that delays in document production had resulted in the possibility that depositions would not be completed by the discovery deadline.").  Here, Riveer would suffer the same prejudice without a reasonable

extension, because Hydro already has confirmed it has more documents to produce, and there may be even more documents following the November 20, 2014 hearing on Riveer's Rule 56(d) Motion.  With only days (at most) between the expected completion of Hydro's document production and the current December 1st fact discovery deadline, Riveer would be prejudiced because it does not have a reasonably sufficient amount of time after Hydro completes it document production to complete its own discovery, particularly depositions of key witnesses with all of the relevant documents at hand.

Fourth, since the extensive briefing which occurred from May to September 2014 concerning Hydro's three premature motions for summary judgment, and Riveer's three discovery motions under Rule 56(d),[6] Riveer has been engaged in the process of obtaining discovery from eight (8) third parties, including three government entities who have invoked bureaucratic, time-consuming procedures unique to the United States military.  *See* Lobbin Decl. ¶ 10, Ex. 5-6.  In addition, the undersigned lead counsel, and his colleagues, have been working nearly full time since August 2014 on a putative consumer class action matter on behalf of Target Corporation.  *See id.* ¶ 11.  Therefore, any proffered "delay" by Riveer in pressing Hydro on its deficient document production, or bringing this motion seeking an extension of the discovery deadline, should be viewed in an appropriate context, notwithstanding the facts that (a) Riveer already moved to compel this very same discovery back in July, (b) Hydro has delayed for many months in completing its own document production, and (c) Riveer's Rule 56(d) discovery motions will not even be heard until November 20, 2011.

Fifth, because of the "Claim Construction Process" deadlines occurring through at least February 2015 and perhaps further to reach a claim construction ruling (*see* Dkt. No. 79 at 4-5),

---

[6] *See* Dkt. Nos. 72-78, 82-100, 103-107, 115-145 (motion papers and responses and replies filed between May 23, 2014 and September 11, 2014).

the requested extension would cause no delay in the progress of this case.  For example, following the parties' exchange of exhibits pursuant to LPR 4.3 on January 26, 2015, even if the Claim Construction Hearing occurs promptly in February 2015, and the Court promptly enters a claim construction order in March 2015, the requested extension of the fact discovery cutoff to March 30, 2015 would properly align with the Post Claim Construction ("PCC") discovery deadlines already set, including the LPR 1.3(b) deadline to file motion for additional discovery occurring 14 days after entry of the claim construction order.  *See* Dkt. No. 79 at 4-5.  Moreover, this Court's new Local Patent Rules (effective December 1, 2013) are aimed at the "typical" patent case, which normally is more straightforward than this action involving three patents-in-suit and separate claims for false advertising, intentional interference with prospective economic advantage, unfair competition, and a declaratory judgment of no trademark infringement.  As LPR 1.1 advises, "The court may sua sponte or upon motion modify the obligations and deadlines of the LPR based on the circumstances of any particular case . . . ."

Sixth, given Riveer's need to schedule several necessary party and third-party depositions following Hydro's completion of its document production, and the inherent delays involved in scheduling depositions during the November and December holiday season, Riveer's requested extension reflects a reasonable amount of time to bring "Phase I" fact discovery in this action to an orderly conclusion.  If the Court determines that a reasonable extension would be a shorter period and/or for "deposition-only" discovery, Riveer requests in the alternative that the Court grant whatever extension of time the Court believes is most reasonable under the circumstances of this case.

Therefore, for each of the foregoing reasons and on each of the foreground grounds, Riveer submits that "good cause" exists and thereon requests that the deadline for the "Close of

Phase I fact discovery" in this action be extended from December 1, 2014 to and including March 30, 2015.

Dated:  October 16, 2014                          Respectfully submitted,

                                                                     **The Eclipse Group LLP**

                                                                       /s/ Stephen M. Lobbin
                                                                       Stephen M. Lobbin (admitted *pro hac vice*)
                                                                       *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document—**PLAINTIFF RIVEER'S MOTION TO EXTEND "PHASE I" FACT DISCOVERY DEADLINE**—to be filed via the Court's CM/ECF system and thereby served on the parties as follows:

Brett L. Foster, 6089
bfoster@hollandhart.com
Mark A. Miller, 9563
mmiller@hollandhart.com
Christopher B. Hadley, 14055
cbhadley@hollandhart.com
**Holland & Hart LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101


Dated:  October 16, 2014          /s/ Stephen M. Lobbin
                                  Stephen M. Lobbin (admitted *pro hac vice*)
                                  *Attorney for Plaintiff*