Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>    Defendants. | DECLARATION OF STEPHEN M. LOBBIN IN SUPPORT OF PLAINTIFF RIVEER'S MOTION TO EXTEND "PHASE I" FACT DISCOVERY DEADLINE<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

1

I, Stephen M. Lobbin, declare and state as follows:

1. I am counsel of record for Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") in this action. I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would testify competently thereto.

2. Prior to the present Motion to Extend, Plaintiff Riveer has never before sought to extend a discovery deadline previously set in this Court's Patent Case Scheduling Order (Dkt. No. 79).

3. This case is significantly more complex, involved and complicated as compared to a "typical" patent case (where only one patent-in-suit is asserted, and no other non-patent claims are raised). By contrast, in its operative Second Amended Complaint, Riveer has asserted three patents-in-suit, as well as separate claims for false advertising, intentional interference with prospective economic advantage, unfair competition, and a declaratory judgment of no trademark infringement.

4. Defendant Hydro still is in the process of completing and supplementing its document production, including following through on promises to produce many key documents related to Riveer's Fourth, Fifth and Sixth Claims for Relief for false advertising, intentional interference with prospective economic advantage, and unfair competition.

5. Riveer requested this very same additional document production—specifically— in its Motion for Fed. R. Civ. P. 56(d) Relief filed in July 2014. In its Rule 56(d) Motion (Dkt. No. 103 at 8), Riveer requested relief including as follows: "[I]n addition to the document requests and interrogatories Riveer has served already which remain unanswered, the additional relevant discovery Riveer still needs includes (a) deposition of the other Hydro employees

involved in the competitive bidding practices at issue (including Doug Felice, Kerry Smith, and Travis Heywood), (b) a Rule 30(b)(6) deposition of Hydro to question a prepared witness about all of the relevant details of Hydro's competitive bidding practices at issue, and (c) document production and depositions from the contracting offices who issued the bid specifications and solicitations, and reviewed bids."  Riveer's Rule 56(d) Motion will not be heard until November 20, 2014 (Dkt. No. 146), which is just five (5) court days before the current fact discovery cutoff Riveer seeks to reasonably extend.

6. Again Riveer requested this very same additional document production—specifically—in its September 22, 2014 letter, a true and correct copy of which is attached hereto as Exhibit 1.  Hydro did not respond substantively until its October 2, 2014 letter, a true and correct copy of which is attached hereto as Exhibit 2.  Hydro's letter promises, in part, to produce responsive documents and/or supplement its responses to fifteen of Riveer's document requests, and two of Riveer's interrogatories, including Request Nos. 5, 9, 12, 29-34, 37-39, 42, and 45-46, and Interrogatory Nos. 8-9.  Attached hereto as Exhibit 3 is a true and correct copy of Hydro's Responses to Riveer's Requests for Production, served on June 18, 2014.

7. During an October 6, 2014 telephone conference with Hydro's counsel, Mark Miller and Chris Hadley, Hydro confirmed that it would produce responsive documents and/or supplement its responses to Riveer's written discovery requests, consistent with its October 2, 2014 letter.  In a follow-up e-mail exchange between counsel on October 15, 2014, a true and correct copy of which is attached hereto as Exhibit 4, Hydro responded that it "will be producing supplemental document production by the end of the week," and that "Hydro does not agree and will not stipulate to an extension of the pre-claim construction discovery period."  To date—

nearly four weeks after its September 22, 2014 letter—Riveer still has not received any of the promised document production or interrogatory responses from Hydro.

8. Moreover, even after receiving Hydro's complete responses to written discovery (either as promised or by an order on the Rule 56(d) Motion), Riveer reasonably requires sufficient time thereafter—and beyond the current December 1, 2014 deadline—to marshal the additional and/or supplemental document production and interrogatory responses, and schedule and conduct its remaining depositions.

9. Riveer would suffer prejudice without a reasonable extension, because Hydro already has confirmed it has more documents to produce, and there may be even more documents following the November 20, 2014 hearing on Riveer's Rule 56(d) Motion.  With only days (at most) between the expected completion of Hydro's document production and the current December 1, 2014 fact discovery deadline, Riveer would be prejudiced because it does not have a reasonably sufficient amount of time after Hydro completes it document production to complete its own discovery, particularly depositions of key witnesses with all of the relevant documents at hand.

10. Since the extensive briefing which occurred from May to September 2014 concerning Hydro's three premature motions for summary judgment, and Riveer's three discovery motions under Rule 56(d), Riveer has been engaged in the process of obtaining discovery from eight (8) third parties, including three government entities who have invoked bureaucratic, time-consuming procedures unique to the United States military.  For example, attached hereto as Exhibit 5 is a letter received just today from the Department of the Army, which cites the "directives and regulations [which] impose procedural requirements upon the

4

requesting party that must be satisfied before the Army acts upon a request or demand for official information."  Attached hereto as Exhibit 6 is a 35-page document cited by the Department of the Navy outlining its "directives," "regulations," and "procedural requirements" for obtaining discovery.  Again, Riveer would be prejudiced without a reasonable extension of the discovery deadline, because it does not have a reasonably sufficient amount of time to complete its necessary third-party discovery including via these governmental channels.

11.     Also, the undersigned lead counsel for Riveer, and his colleagues, have been working nearly full time for the last two months since August 2014 on a putative consumer class action matter on behalf of Target Corporation, captioned *Adams v. Target Corporation*, Case No. 2:13-cv-05944-GHK-PJW (C.D. Cal.).  In conducting discovery and briefing in opposition to the plaintiff's motion for class certification, the undersigned counsel's activities included: (a) depositions, deposition preparation, and related travel during September 4-5, 9-12, and 23-26; and (b) preparing briefing on September 15-19, 22 and 29.  Four other attorneys working under my supervision also spent most of their time in September on matters related to the *Adams v. Target* litigation.  Therefore, any proffered "delay" by Riveer in pressing Hydro on its deficient document production, or bringing this motion seeking an extension of the discovery deadline, should be viewed in an appropriate context, notwithstanding the facts that (a) Riveer already moved to compel the same discovery back in July 2014; (b) Hydro has itself delayed for many months in completing its own document production, and (c) Riveer's Rule 56(d) discovery motions will not even be heard until November 20, 2011.

12. Because of the "Claim Construction Process" deadlines occurring through at least February 2015 and perhaps further to reach a claim construction ruling (Dkt. No. 79 at 4-5), the requested extension would cause no delay in the progress of this case. For example, following the parties' exchange of exhibits pursuant to LPR 4.3 on January 26, 2015, even if the Claim Construction Hearing occurs promptly in February 2015, and the Court promptly enters a claim construction order in March 2015, the requested extension of the fact discovery cutoff to March 30, 2015 would properly align with the Post Claim Construction ("PCC") discovery deadlines already set, including the LPR 1.3(b) deadline to file a motion for additional discovery occurring 14 days after entry of the claim construction order (Dkt. No. 79 at 4-5). Moreover, this Court's new Local Patent Rules (effective December 1, 2013) are aimed at the "typical" patent case, which normally is more straightforward than this action involving three patents-in-suit and separate claims for false advertising, intentional interference with prospective economic advantage, unfair competition, and a declaratory judgment of no trademark infringement. As LPR 1.1 advises, "The court may sua sponte or upon motion modify the obligations and deadlines of the LPR based on the circumstances of any particular case . . . ."

13. Finally, given Riveer's need to schedule several necessary party and third-party depositions following Hydro's completion of its document production, and the inherent delays of the November and December holiday season, Riveer's requested extension reflects a reasonable amount of time to bring "Phase I" fact discovery in this action to an orderly conclusion. If the Court determines that a reasonable extension would be a shorter period and/or for "deposition-only" discovery," Riveer requests in the alternative that the Court grant whatever extension of time the Court believes is most reasonable under the circumstances of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

Executed on this 16th day of October, 2014, at San Diego, California.

/s/ Stephen M. Lobbin

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document—**DECLARATION OF STEPHEN M. LOBBIN IN SUPPORT OF PLAINTIFF RIVEER'S MOTION TO EXTEND "PHASE I" FACT DISCOVERY DEADLINE**—to be filed via the Court's CM/ECF system and thereby served on the parties as follows:

>Brett L. Foster, 6089
>bfoster@hollandhart.com
>Mark A. Miller, 9563
>mmiller@hollandhart.com
>Christopher B. Hadley, 14055
>cbhadley@hollandhart.com
>**Holland & Hart LLP**
>222 S. Main Street, Suite 2200
>Salt Lake City, Utah 84101

Dated:  October 16, 2014                             /s/ Stephen M. Lobbin