# EXHIBIT 1



September 22, 2014

<u>**VIA E-MAIL ONLY <CBHADLEY@HOLLANDHART.COM>**</u>

Christopher B. Hadley
**Holland & Hart LLP**
222 South Main Street, Suite 2200
Salt Lake City, Utah  84101

  Re: *Petter Investments, Inc. d/b/a RIVEER v. Hydro Engineering, Inc. et al.*
     Case No. 2:14-CV-45-DB (D. Utah)

Dear Counsel:

  This letter addresses deficiencies in Hydro's responses to Riveer's interrogatories and document requests, and we request a conference under DUCivR 37-1(a) at your earliest convenience.  Our preference is a telephone conference on September 30, 2014.  Should a motion be necessary, we request Hydro's consent to proceeding under the Court's "Short Form Discovery Motion Procedure."

  <u>Hydro's Responses to Riveer's Requests for Production</u>

  Riveer's Request No. 1 specified documents and things "referring to, relating to, or concerning Riveer."  Hydro's response asserted objections including "overbroad," privilege, "publicly available information," and relevance, and Hydro stated that it "refuses to produce any documents based on this Request."  Regarding privilege, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate privilege objection.  Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue.  Therefore, we request that Hydro withdraw its objections and produce the requested information.

  Riveer's Request No. 2 specified documents and things "referring to, relating to, or concerning the design, construction or features of the accused products (identified in Plaintiffs Initial Infringement Contentions), including but not limited to drawings, photographs, product information (including composition, features and characteristics),

Stephen M. Lobbin t: 949.851.5000x105
2020 Main Street, Suite 600 f: 949.608.9089
Irvine, CA 92614 sml@eclipsegrp.com

Los Angeles, California Irvine, California San Diego, California Chicago, Illinois Durham, North Carolina www.eclipsegrp.com

Christopher B. Hadley
9/22/2014
Page 2 of 8



and customer communications (including e-mails, proposals, solicitations, or delivery records)." Hydro's response asserted objections including "overbroad/vague/ambiguous," privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

  Riveer's Request No. 3 specified documents and things "referring to, relating to, or concerning the original creation and development process for each accused product, including but not limited to any communications concerning existing patents or products of others." Hydro's response asserted objections including "overbroad/vague/ambiguous," privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

  Riveer's Request No. 4 specified documents and things "referring to, relating to, or concerning Hydro's knowledge of each patent-in-suit, including but not limited to Hydro's first awareness of each patent-in-suit and Hydro's first awareness of the application resulting in each patent-in-suit." Hydro's response asserted objections including "overbroad/vague/ambiguous," privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

  Riveer's Request No. 5 specified documents and things "referring to, relating to, or concerning any consideration of the possibility of seeking a license under any existing

Christopher B. Hadley
9/22/2014
Page 3 of 8



patent or proprietary technology for any accused product, including but not limited to any communications with McHenry Pressure Cleaning Systems <mchenrypcs.com>." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and Hydro stated that it "will not produce any documents based on this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

Riveer's Request No. 6 specified documents and things "referring to, relating to, or concerning the identities of the actual or potential distributors or buyers of the accused products since 2006." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and Hydro stated that it "will not produce any documents based on this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

Riveer's Request No. 7 specified documents and things "referring to, relating to, or concerning sales of the accused products since 2006." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

Riveer's Request No. 8 specified documents and things "referring to, relating to, or concerning all customers who purchased any of the accused products since 2006, including customer communications (including e-mails, proposals, solicitations, or delivery records)." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis []



Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

      Riveer's Request No. 9 specified documents and things "referring to, relating to, or concerning Defendant CCS, including but not limited to communications (including e-mails) between Hydro and CCS concerning purchases, sales or offers to sell Hydro products or systems, the accused products, Riveer, or the patents-in-suit." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and Hydro stated that it "will not produce any documents based on this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

      Riveer's Request No. 10 specified documents and things "referring to, relating to, or concerning the patents-in-suit, including but not limited to any analysis or communications concerning infringement, non-infringement, willful infringement, validity, invalidity, enforceability, unenforceability, or any other potential defense to infringement." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and Hydro stated that it "will not produce any documents based on this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

      Riveer's Request No. 11 specified documents and things "referring to, relating to, or concerning the differences and/or similarities between any of the patents-in-suit and any prior art, product, device, or system." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any



responsive information withheld based on a legitimate objection.  Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue.  Therefore, we request that Hydro withdraw its objections and produce the requested information.

      Riveer's Request No. 12 specified documents and things "referring to, relating to, or concerning Defendant CCS, including but not limited to communications (including e-mails) between Hydro and CCS concerning purchases, sales or offers to sell Hydro products or systems, the accused products, Riveer, or the patents-in-suit."  Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and Hydro stated that it "will not produce any documents based on this Request."  Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection.  Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue.  Therefore, we request that Hydro withdraw its objections and produce the requested information.

      Riveer's Request Nos. 20-23 specified documents and things "referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 11 [and 14 and 20 and 26] of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations."  Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request."  Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection.  Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue.  Therefore, we request that Hydro withdraw its objections and produce the requested information.

      Riveer's Request No. 28 specified documents and things "referring to, relating to, or concerning any licenses or licensing proposals related to any accused product."  Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and Hydro stated that it "refuses to produce any documents based on this Request."  Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection.  Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue.  Therefore, we request that Hydro withdraw its objections and produce the requested information.



Riveer's Request No. 29-34 and 38-39 and 42 specified (documents and things "referring to, relating to, or concerning any bid or proposal submitted in response to a solicitation for competitive bids" (as further specified in each request). Hydro's response asserted objections including "overbroad/vague/ambiguous," burdensome, privileged/confidential, "publicly available information," relevance, and Hydro stated that "pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. *See also SEC v. Wall Street Capital Funding, LLC*, 2011 U.S. Dist. LEXIS 63186, at *13-16 (S.D. Fla. June 10, 2011); *Rorer Int'l Cosmetics, Ltd. v. Halpern*, 85 F.R.D. 43, 45 (E.D. Pa. 1979) ("The defendant has shown me no authority, nor have I found any, which holds that a fraud suit is subject to different discovery rules than other federal suits merely because Fed. R. Civ. P. 9(b) imposes more stringent pleading requirements."); *United States v. Education Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104175, at *18 n.5 (W.D. Pa. May 14, 2013) ("To the extent that Defendants object to Plaintiffs' discovery requests under Rule 9 . . . the Court has already held that Plaintiffs' complaint satisfies the heightened particularity requirement [and] Rule 9 does not otherwise provide sufficient basis under which to address discovery requests . . . .") (citing *Wall Street Capital*); *Unified Container, LLC v. Mazuma*, 280 F.R.D. 632, 636 (D. Utah 2012) ("Rule 9(b) . . . does not require 'particularity to the degree so as to supplant general discovery methods.'") (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1254 (10th Cir. 1997)); *Staff Builders of Phila., Inc. v. Koschitzki*, 1989 U.S. Dist. LEXIS 7027, at *15 (E.D. Pa. June 26, 1989) (citing *Rorer*). Therefore, we request that Hydro withdraw its objections and produce the requested information.

Riveer's Request Nos. 37 specified documents and things "referring to, relating to, or concerning Katch Kan <katchkan.com>, including any communications, bids, proposals, offers to sell, or sales of any product or system." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.



Riveer's Request Nos. 40 specified documents and things "referring to, relating to, or concerning the use, sale, or offer to sell the accused products as shown and described in documents RIVI034-1132, including but not limited to applications concerning the military, the Northwest Territories, the Australia mine, and the bus wash application." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and that "because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis [] Hydro will not produce any further documents responsive to this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

Riveer's Request No. 45-46 specified documents and things "referring to, relating to, or concerning Solicitation No. W911RX-13-T-0064 [RFQ No. 569-31600401] . . . ." Hydro's response asserted objections including "overbroad/vague/ambiguous," premature, privileged/confidential, "publicly available information," relevance, and Hydro stated that it "refuses to produce any documents based on this Request." Regarding privilege/confidentiality, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and produce the requested information.

Concerning any other document requests not specifically discussed above, Riveer requests that Hydro confirm it has produced all (and is not withholding any) responsive documents (including e-mails).

<u>Hydro's Responses to Riveer's Interrogatories</u>

Riveer's Interrogatory No. 1 requested that Hydro "[i]dentify each different purchaser or distributor of an accused product since 2006." Hydro's response asserted objections including "overbroad," burdensome, privilege, and relevance (*i.e.*, "the identification of Hydro's customers or distributors . . . [is] not relevant to this liability phase," and Hydro refused to answer the interrogatory. Regarding privilege, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate privilege objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. Therefore, we request that Hydro withdraw its objections and answer the interrogatory.



      Riveer's Interrogatory No. 8-9 requested that Hydro "[i]dentify the individual(s) responsible, on behalf of Hydro, for the customers and projects (including the bidding process) and representations referred to in Riveer's Response to Hydro's Interrogatory No. 3" and "including but not limited to the primary individuals involved on behalf of Hydro and on behalf of the customer/potential customer." Hydro's response asserted objections including "overbroad," burdensome, privilege, and relevance, and Hydro also stated that it "refuses to provide discovery on the allegations identified in [Riveer's] Response to Hydro's Interrogatory No. 3." Regarding privilege, obviously Hydro may produce a privilege log for any responsive information withheld based on a legitimate privilege objection. Hydro's other objections are meritless, particularly for information concerning Riveer related to the patents, trademarks, products and systems, and competitive bids at issue. *See also SEC v. Wall Street Capital Funding, LLC*, 2011 U.S. Dist. LEXIS 63186, at *13-16 (S.D. Fla. June 10, 2011); *Rorer Int'l Cosmetics, Ltd. v. Halpern*, 85 F.R.D. 43, 45 (E.D. Pa. 1979) ("The defendant has shown me no authority, nor have I found any, which holds that a fraud suit is subject to different discovery rules than other federal suits merely because Fed. R. Civ. P. 9(b) imposes more stringent pleading requirements."); *United States v. Education Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104175, at *18 n.5 (W.D. Pa. May 14, 2013) ("To the extent that Defendants object to Plaintiffs' discovery requests under Rule 9 . . . the Court has already held that Plaintiffs' complaint satisfies the heightened particularity requirement [and] Rule 9 does not otherwise provide sufficient basis under which to address discovery requests . . . .") (citing *Wall Street Capital*); *Unified Container, LLC v. Mazuma*, 280 F.R.D. 632, 636 (D. Utah 2012) ("Rule 9(b) . . . does not require 'particularity to the degree so as to supplant general discovery methods.'") (quoting *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1254 (10th Cir. 1997)); *Staff Builders of Phila., Inc. v. Koschitzki*, 1989 U.S. Dist. LEXIS 7027, at *15 (E.D. Pa. June 26, 1989) (citing *Rorer*). Therefore, we request that Hydro withdraw its objections and produce the requested information.

      If you have any questions, please call me.

                      Sincerely,

                      THE ECLIPSE GROUP LLP

                      Stephen M. Lobbin

cc:    Mark W. Ford