# EXHIBIT 2



**Christopher B. Hadley**
**Associate**
**Phone** 801-799-5873
**Fax** 801-618-4238
CBHadley@hollandhart.com

October 2, 2014

**VIA E-MAIL**

Stephen M. Lobbin
THE ECLIPSE GROUP LLP
550 West C Street, Suite 2040
San Diego, CA  92101
sml@echpsegrp.com

Re:   *Petter Investments, Inc.*, *v. Hydro Engineering, Inc.et al*., United States District Court, District of Utah; Civil No. 2:14-CV-00045-DB

Dear Steve:

I write in response to your September 22nd letter alleging deficiencies in Hydro's written discovery and document production.

Initially, your letter is very broad and unhelpful because it fails to acknowledge the hundreds of thousands of documents that have already been produced in this matter.  As a general principle, your letter does not identify with any particularity the type or category of documents that Hydro has not already produced.  Further, your letter repeats nearly identical complaints for each request without substantively addressing Hydro's valid objections. Also, as you are aware, the Court bifurcated discovery. Many of your requests seek documents and information relevant only to the damages phase, if one ever becomes necessary.

In regard to the alleged deficiencies identified by request, Hydro responds as follows:

Request No. 1.  Despite our objections, a review of the document production in this case reveals we have produced a significant amount of documents relating to Riveer.  A text search for "Riveer" or "Petter" in Hydro's document production (both specific to this case as well as those originally produced in the prior Michigan and Utah lawsuits) results in hundreds and hundreds of hits.  It is grossly inaccurate to suggest that Hydro has not produced any documents responsive to Request No. 1.  This request seeks all documents relating to Riveer whether or not they have any relation to the claims or defenses in this case.  We all know that such a request is overbroad and objectionable.  Hydro has produced a large number of documents responsive to this request when viewed with a reasonable scope of the issues.  If you believe there is a deficiency, please be more specific concerning what documents you feel have been withheld that should have been produced.  Your current letter fails to provide any guidance on why you perceive a deficiency.

**Holland & Hart** LLP  **Attorneys at Law**

**Phone** (801)799-5800  **Fax** (801)799-5700  **www.hollandhart.com**

222 S. Main Street Suite 2200 Salt Lake City, UT 84101

Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.



October 2, 2014
Page 2

Request Nos. 2-3.  Despite our objections, Hydro has produced hundreds and hundreds of pages of drawings, emails, manuals, specifications, pictures, and invoices relating to the accused products.  It is improper to suggest that Hydro has not produced documents responsive to these requests.  Please be more specific concerning why you perceive a deficiency in Hydro's document production based on these requests.

Request No. 4.  Hydro has produced documents responsive to this request.  Please be more specific on why you believe there is a deficiency.

Request No. 5.  Following an initial search, Hydro does not believe it has any documents responsive to this request. We will confirm with Hydro and report back to you shortly. If any responsive and non-privileged documents are located, Hydro will produce them.

Request No. 6.  Hydro does not believe the identity of its customers is relevant to this phase of this case.  Although Hydro sells custom systems, no customization of the system results in a material difference to the structure that implicates the claims of the asserted patents. Hydro may be willing to stipulate that if Riveer prevails in proving infringement based on the documents produced demonstrating the structure of the Hydropad, that will prove infringement of all Hydropad sales.  Hydro will not agree to produce a list of customers prior to the damages phase of the case, as it is not relevant.  If you want to inspect a Hydropad system in person, we can work with Hydro to make that available to you.

Request Nos. 7 and 8.  Hydro has produced hundreds of documents relating to the sales of the accused products and customer communications.  To the extent additional documents are requested, those documents are irrelevant to this liability phase of the case. Please be more specific concerning why you believe there is a deficiency and how sales of the accused products and other customer information are relevant to this phase.

Request Nos. 9 and 12.  Hydro will produce relevant, non-privileged documents concerning co-defendant CA Cleaning Systems that are in its possession, custody and control to the extent not already produced.

Request No. 10-11.  Hydro has produced non-privileged documents responsive to these requests and has nothing further to produce.  Please be more specific concerning why you perceive a deficiency.

Request Nos. 20-23.  Hydro has produced hundreds of documents responsive to these requests.  Please be more specific concerning why you perceive a deficiency.

Request No. 28.  Hydro has nothing further to produce responsive to this request.

Request Nos. 29-34, 38, 39, 42.  These requests are vague, ambiguous, overbroad and seek irrelevant information to the claims made in this matter.  Riveer has no justification for broadly

**Holland & Hart LLP  Attorneys at Law**

Phone (801)799-5800  Fax (801)799-5700  www.hollandhart.com

222 S. Main Street Suite 2200 Salt Lake City, UT 84101

Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.



October 2, 2014
Page 3

seeking documents concerning every single competitive bid Hydro has engaged in.  In regard to the requests that specify a certain bid by customer name, Hydro will perform a reasonable search for those customers and produce the responsive and non-privileged documents, even if not expressly set forth in Riveer's pleadings.  However, by doing so, Hydro does not waive its objection under Rule 9 that such non-pleaded claims are outside the scope of Riveer's claims.

<u>Request No. 37</u>.  Hydro will perform an additional reasonable search for these documents and will produce any responsive, non-privileged documents it locates.

<u>Request No. 40</u>.  Your request and your follow-up letter concerning this request are vague and ambiguous.  The cited Riveer document production shows a website printout from Hydro's website identifying several different products, not all of which are accused products.  Please be more specific concerning what products in these documents you are referring to as "accused products."

<u>Request Nos. 45-46</u>.  Hydro will conduct an additional search and produce relevant, non-privileged documents concerning Solicitation No. W911RX-13-T-0064 that are in its possession, custody and control to the extent not already produced, if any.

<u>Interrogatory No. 1</u>:  This interrogatory requests the identification of purchasers and distributors for the accused products since 2006.  This request relates exclusively to the patent claims and is therefore only relevant to a future damages phase if that becomes necessary.  If you disagree, please inform us how this interrogatory could be relevant to this phase of discovery.

<u>Interrogatory Nos. 8 and 9</u>:  Hydro will consider supplementing its response to these interrogatories.

Hydro previously proposed this Friday to meet and confer and you offered to meet at 11:00 a.m. (MST).  Friday no longer works for Hydro. Are you available to discuss on Monday, October 6th? If so, please let us know when on Monday works for your schedule or please propose an alternative time.

Very truly yours,

Christopher B. Hadley
Associate
for Holland & Hart LLP

**Holland & Hart LLP  Attorneys at Law**

Phone (801)799-5800  Fax (801)799-5700  www.hollandhart.com

222 S. Main Street Suite 2200 Salt Lake City, UT 84101

Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.



October 2, 2014
Page 4

cc: Brett Foster, Holland & Hart
Mark Miller, Holland & Hart
Mark Ford, mford@mabr.com

7196990_1

**Holland & Hart LLP  Attorneys at Law**

**Phone** (801)799-5800  **Fax** (801)799-5700  **www.hollandhart.com**

222 S. Main Street Suite 2200 Salt Lake City, UT 84101

Aspen Billings Boise Boulder Carson City Cheyenne Colorado Springs Denver Denver Tech Center Jackson Hole Las Vegas Reno Salt Lake City Santa Fe Washington, D.C.