# EXHIBIT 3

**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Defendants*
Hydro Engineering Inc. and
CA Cleaning Systems, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PETTER INVESTMENTS, INC. d/b/a RIVEER**, a Michigan corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.,** a Utah corporation; **CALIFORNIA CLEANING SYSTEMS,** a California company,<br><br>    Defendants. | **HYDRO ENGINEERING, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Civil Case No. 2:14-cv-00045-DB<br><br>Judge Dee Benson |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Hydro Engineering, Inc. ("Hydro") responds and objects to Plaintiff Petter Investments, Inc.'s d/b/a Riveer ("Petter," "Riveer," or "Plaintiff") First Set of Requests for Production (Nos. 1–57) to Hydro as follows:

## GENERAL OBJECTIONS

A.      Hydro objects to each Request to the extent that it seeks information that is protected by the attorney/client privilege, attorney work product doctrine, or any other applicable and available privilege.  Any inadvertent disclosure of such protected or privileged information is not intended to waive any such protection, nor is the production of any such information to be deemed a waiver of such protection or privilege as to any other information or document.

B.      Hydro objects to each Request to the extent that it seeks "all documents and things."  Such requests are vague, over-inclusive, overly broad, intended to harass, duplicative of other requests, and seek information or call for the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

C.      Hydro objects to each Request to the extent it purports to require Hydro to obtain and produce information outside of their possession, custody, or control, or to the extent it purports to create a duty to generate documents, or to the extent it seeks information solely in the possession of Hydro's  attorneys.

D.      Hydro objects to each Request to the extent it Requests information already produced in *Petter Investments v.  Hydro Engineering*, Case No. 1:07-cv-1033 (W.D. Mich.); *Petter Investments v.  Hydro Engineering*, Case No. 1:11-cv-207 (W.D. Mich.); and *Hydro Engineering v. Petter Investments*, Case No. 2:11-cv-139 (D. Utah). Under the Attorneys' Planning Report (Dkt. 68) both parties stipulated that "all documents, deposition testimony, and exhibits produced in [these three cases] are deemed produced in this case and may be used for purposes of prosecuting the claims and defenses in this matter." (Dkt. 68 at 3).

E.      Hydro objects to each Request to the extent it is vague, ambiguous, or confusing, including by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable.

F.      Hydro objects to each Request to the extent it seeks to authenticate, establish as business records, and/or confirm the admissibility (without stating for what purpose either party would seek to admit the documents) of documents produced in the instant action or in another matter.

G.      Any statement that responsive documents will be produced is not a representation that any such responsive documents exist or that additional documents beyond those already produced in this action exist.  Nothing in Hydro's responses, nor in any documents produced, may be construed as an admission by Hydro respecting the admissibility or relevance of any fact or document or respecting the truth or accuracy of any characterization or statement of any kind contained in the Request.

H.      Hydro objects to each Request to the extent that it seeks information and/or documents that are (i) already within the possession, custody, or control of Riveer, (ii) obtainable with less burden or expense from another source, or (iii) more appropriately obtainable by means of another discovery method.

I.      Hydro objects to each Request to the extent that it seeks information subject to confidential settlement communications protected by Rule 408 of the Federal Rules of Evidence.

J.      Hydro objects to each Request to the extent it assumes the existence of certain facts.  Hydro's Responses do not take any position regarding Riveer's factual allegations.

K.      Hydro objects to each Request to the extent it calls for legal conclusions or presents purely legal questions.

L.      Hydro objects to Riveer's "Instructions" to the extent they purport to impose obligations or requirements that are inconsistent with and/or exceed those imposed by the Federal Rules of Civil Procedure.  Hydro will respond pursuant to the applicable provisions of the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements, or requests to the contrary will be disregarded.

M.      Hydro reserves all rights to object to the competency, relevancy, materiality, and admissibility of the information requested in and disclosed in response to these Requests.

N.      Hydro objects to each Request, which calls for information that is confidential and proprietary to Hydro or information that, if publicly released, would result in harm to Hydro's business.  Hydro will abide by the terms of any Protective Order governing this case and any Protective Order agreed to by the parties and entered in this matter.

**ANSWERS TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**  All documents and things referring to, relating to, or concerning Riveer.

**RESPONSE TO REQUEST NO. 1:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Riveer.  Hydro further objects to this Request to the extent it seeks information protected by the

4

attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to

the extent it seeks publicly available information.  Hydro further objects to this Request as

seeking information that is not relevant to any claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.

Based on all its objections above, Hydro refuses to produce any documents based on this

Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 2:**  All documents and things referring to, relating to, or concerning the

design, construction or features of the accused products (identified in Plaintiffs Initial

Infringement Contentions), including but not limited to drawings, photographs, product

information (including composition, features and characteristics), and customer communications

(including e-mails, proposals, solicitations, or delivery records).

**RESPONSE TO REQUEST NO. 2:**  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad on its face, and further in its request for "All documents and things" containing

information, no matter how small or tangential, "referring to," "relating to," or "concerning" the

design, construction or features of the accused products (identified in Plaintiffs Initial

Infringement Contentions).  Hydro also objects to this Request as vague and ambiguous at least

as to the terms "design," "construction," "composition," "characteristics," and "features."  Hydro

further objects to this Request to the extent it seeks information protected by the attorney-client

privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro

further objects to this Request to the extent it seeks publicly available information.  Hydro

further objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any further documents responsive to this Request. Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 3:** All documents and things referring to, relating to, or concerning the original creation and development process for each accused product, including but not limited to any communications concerning existing patents or products of others.

**RESPONSE TO REQUEST NO. 3:** Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the accused products. Hydro also objects to this Request as vague and ambiguous at least as to the terms "original creation," "development process," "communications concerning," and "products of others." Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party. Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control. Hydro further objects to this Request to the extent it seeks publicly available information. Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Hydro further objects to the Request,

because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any further documents responsive to this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 4:** All documents and things referring to, relating to, or concerning Hydro's knowledge of each patent-in-suit, including but not limited to Hydro's first awareness of each patent-in-suit and Hydro's first awareness of the application resulting in each patent-in-suit.

**RESPONSE TO REQUEST NO. 4:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" each patent-in-suit.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "knowledge" and "first awareness."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is not in conformance with the Court's Scheduling Order.  Hydro further objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any further documents responsive to this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 5:**  All documents and things referring to, relating to, or concerning any consideration of the possibility of seeking a license under any existing patent or proprietary technology for any accused product, including but not limited to any communications with McHenry Pressure Cleaning Systems <mchenrypcs.com>.

**RESPONSE TO REQUEST NO. 5:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" seeking a license for any accused product.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "any consideration," "possibility," "any existing patent or proprietary technology," and "any accused product."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 6:**  All documents and things referring to, relating to, or concerning the identities of the actual or potential distributors or buyers of the accused products since 2006.

**RESPONSE TO REQUEST NO. 6:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the identities of actual or potential distributors or buyers of the accused products since 2006.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "identities," and "actual or potential distributors or buyers."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all potential distributors or buyers).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 7:**  All documents and things referring to, relating to, or concerning sales of the accused products since 2006.

9

**RESPONSE TO REQUEST NO. 7:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" sales of accused products since 2006.  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related to any sales of the accused products since 2006).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is not in conformance with the Court's Scheduling Order.  Hydro further objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any further documents responsive to this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 8:**  All documents and things referring to, relating to, or concerning all customers who purchased any of the accused products since 2006, including customer communications (including e-mails, proposals, solicitations, or delivery records).

**RESPONSE TO REQUEST NO. 8:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" all customers who purchased any accused product since 2006. Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related to any customer who purchased any of the accused products since 2006).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party, including but not limited to Hydro's customers. Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Hydro further objects to this Request to the extent it is not in conformance with the Court's Scheduling Order.  Hydro further objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any further documents responsive to this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 9**:  All documents and things referring to, relating to, or concerning Defendant CCS, including but not limited to communications (including e-mails) between Hydro and CCS concerning purchases, sales or offers to sell Hydro products or systems, the accused products, Riveer, or the patents-in-suit.

**RESPONSE TO REQUEST NO. 9**:  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Defendant CCS.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "concerning," "purchases," "sales," and "offers to sell."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party, including but not limited to CCS.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects that this Request is not in conformance with the Court's Scheduling Order.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 10:**  All documents and things referring to, relating to, or concerning the patents-in-suit, including but not limited to any analysis or communications concerning infringement, non-infringement, willful infringement, validity, invalidity, enforceability, unenforceability, or any other potential defense to infringement.

**RESPONSE TO REQUEST NO. 10:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the patents-in-suit.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "analysis" and "communications concerning."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related to the patents-in-suit). Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party. Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Based on all its objections above, Hydro will not produce any further documents responsive to this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 11**:  All documents and things referring to, relating to, or concerning the differences and/or similarities between any of the patents-in-suit and any prior art, product, device, or system.

**RESPONSE TO REQUEST NO. 11**:  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" differences and/or similarities between the patents-in-suit and any prior art, product, device, or system.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "differences," "similarities," "prior art," "product," "device," and "system."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of differences and/or similarities between any of the patents-in-suit and all prior art, products, devices, and systems).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further

14

objects to this Request to the extent it is not in conformance with the Local Patent Rules or the

Court's Scheduling Order.  Hydro further objects to the Request, because Hydro has already

produced sufficient documentation concerning the accused products to facilitate an infringement

analysis.

Based on all its objections above, Hydro will not produce any further documents

responsive to this Request.  Hydro, however, is willing to meet and confer regarding this

Request.

**REQUEST NO. 12:**  All documents and things referring to, relating to, or concerning

any prior art to the '298 patent, including but not limited to any non-confidential disclosure, offer

to sell, or sale of any prior art product prior to the critical date.

**RESPONSE TO REQUEST NO. 12:**  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad in its request for "All documents and things" containing information, no matter how

small or tangential, "referring to," "relating to," or "concerning" the '298 patent.  Hydro also

objects to this Request as vague and ambiguous at least as to the terms "prior art," "non-

confidential disclosure," "offer to sell," "sale," "prior art product," and "critical date."  Hydro

further objects to this Request as unduly burdensome (to the extent it requires a description of all

documents and things related to the '298 patent).  Hydro further objects to this Request to the

extent it seeks information protected by the attorney-client privilege, work product doctrine,

and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to

the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks

to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it

seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this

Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro

further objects to this Request to the extent it seeks publicly available information.  Hydro

further objects to this Request to the extent it is not in conformance with the Local Patent Rules

or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro will produce relevant, non-

privileged documents responsive to this Request, if any, in its possession, custody, and control to

the extent not already produced.  Hydro, however, is willing to meet and confer regarding this

Request.

**REQUEST NO. 13:**  All documents and things referring to, relating to, or

concerning the conception, development, or reduction to practice of any prior art product to

the '298 patent.

**RESPONSE TO REQUEST NO. 13:**  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad on its face, and further in its request for "All documents and things" containing

information, no matter how small or tangential, "referring to," "relating to," or "concerning" any

prior art product to the '298 patent.  Hydro also objects to this Request as vague and ambiguous

at least as to the terms "conception," "development," "reduction to practice," and "prior art

product."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a

description of any prior art product conceived, developed, or reduced to practice from the

beginning of time up to  the '298 patent).  Hydro further objects to this Request to the extent it

seeks information protected by the attorney-client privilege, work product doctrine, and/or

confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the

extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to

conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks

information not in Hydro's possession, custody, and control.  Hydro further objects to this

Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro

further objects to this Request to the extent it seeks publicly available information.  Hydro

further objects to this Request to the extent it is not in conformance with the Local Patent Rules

or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro will produce relevant, non-

privileged documents responsive to this Request, if any, in its possession, custody, and control to

the extent not already produced.

**REQUEST NO. 14:**  All documents and things referring to, relating to, or

concerning any prior art to the '774 patent, including but not limited to any non-

confidential disclosure, offer to sell, or sale of any prior art product prior to the critical

date.

**RESPONSE TO REQUEST NO. 14:**  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad in its request for "All documents and things" containing information, no matter how

small or tangential, "referring to," "relating to," or "concerning" the '774 patent.  Hydro also

17

objects to this Request as vague and ambiguous at least as to the terms "prior art," "non-confidential disclosure," "offer to sell," "sale," "prior art product," and "critical date."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related to the '774 patent).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 15:**  All documents and things referring to, relating to, or concerning the conception, development, or reduction to practice of any prior art product to the '774 patent.

**RESPONSE TO REQUEST NO. 15:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any prior art product to the '774 patent.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "conception," "development," "reduction to practice," and "prior art product."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of any prior art product conceived, developed, or reduced to practice from the beginning of time up to the '774 patent).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 16:**  All documents and things referring to, relating to, or concerning any prior art to the '720 patent, including but not limited to any non-confidential disclosure, offer to sell, or sale of any prior art product prior to the critical date.

**RESPONSE TO REQUEST NO. 16:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the '720 patent.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "prior art," "non-confidential disclosure," "offer to sell," "sale," "prior art product," and "critical date."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related to the '720 patent).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 17:**  All documents and things referring to, relating to, or concerning the conception, development, or reduction to practice of any prior art product to the '720 patent.

**RESPONSE TO REQUEST NO. 17:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any prior art product to the '720 patent.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "conception," "development," "reduction to practice," and "prior art product."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of any prior art product conceived, developed, or reduced to practice from the beginning of time up to the '720 patent).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 18:**  All documents and things referring to, relating to, or concerning the level of ordinary skill in the art relevant to the inventions claimed in the patents-in-suit.

**RESPONSE TO REQUEST NO. 18:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the level of ordinary skill in the art.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "relevant" and "inventions claimed."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 19:**  All documents and things referring to, relating to, concerning, supporting, or contradicting the obviousness or non-obviousness of the inventions claimed in the

patents-in-suit, including but not limited to any secondary considerations such as (a) teaching away, (b) unexpected results, (c) solving a long-felt but unmet need, (d) acclaim or praise of the claimed invention, (e) copying of the claimed features, and (f) commercial success.

**RESPONSE TO REQUEST NO. 19:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the obviousness or the non-obviousness of the inventions claimed in the patents-in-suit.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "supporting," "contradicting," "teaching away," "unexpected results," "long-felt but unmet need," "copying," and "commercial success."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things supporting or contradicting both obviousness and non-obviousness of the inventions claimed in the patents-in-suit).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion and broadly demands all documents relating to recited elements of a legal test rather than soliciting information concerning a particular fact or transaction of events.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro

further objects to this Request to the extent it seeks publicly available information.  Hydro

further objects to this Request to the extent it is not in conformance with the Local Patent Rules

or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce

relevant, non-privileged documents responsive to this Request, if any, in its possession, custody,

and control to the extent not already produced.

**REQUEST NO. 20**:  All documents and things referring to, relating to, concerning,

supporting, or contradicting the allegations in Paragraph 11 of the Second Amended Complaint,

including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 20**:  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad in its request for "All documents and things" containing information, no matter how

small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting"

the allegations in Paragraph 11 of the Second Amended Complaint.  Hydro also objects to this

Request as vague and ambiguous at least as to the terms "sold," "utilizing," and "vacuum

pump."  Hydro further objects to this Request to the extent it seeks information protected by the

attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to

the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks

to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it is

not in conformance with the Local Patent Rules or the Court's Scheduling Order.  Hydro further

objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 21:**  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 14 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 21:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and thing" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 14 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "grate/basin modular wash rack design," "collapsed," "together," and "design features."  Hydro further objects to this Request because Petter solely bears the burden to prove infringement and must meet its burden.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.  Hydro further objects to the Request, because Hydro has

already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 22**:  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 20 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 22**:  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 20 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "same" and "design elements."  Hydro further objects to this Request because Petter solely bears the burden to prove infringement and must meet its burden.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.  Hydro further

objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 23:**  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 26 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 23:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 26 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "same" and "design elements."  Hydro further objects to this Request because Petter solely bears the burden to prove infringement and must meet its burden.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.  Hydro further

objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 24**:  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 30 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 24**:  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 30 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "false advertising," "business advantage," and "misrepresentations."  Hydro further objects to this Request because Petter solely bears the burden to prove false advertising and must meet its burden.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 25:**  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 31 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 25:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 31 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "misrepresented," "not able to provide," and "did not provide."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 26:**  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 33 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 26:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 33 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "knowing," "well below," and "necessity of the protest action."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 27**:  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 34 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

**RESPONSE TO REQUEST NO. 27**:  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 34 of the Second Amended Complaint.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Plaintiff's possession, custody, and control.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request, if any, in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 28:**  All documents and things referring to, relating to, or concerning any licenses or licensing proposals related to any accused product.

**RESPONSE TO REQUEST NO. 28:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any licenses or licensing proposals related to any accused product. Hydro also objects to this Request as vague and ambiguous at least as to the terms "licenses," "licensing proposals," and "related to."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related to any accused product).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Based on all its objections above, Hydro refuses to produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 29:**  All documents and things referring to, relating to, or concerning any bid or proposal submitted in response to a solicitation for competitive bids, including but not limited to communications, e-mails, solicitations, specifications, or bids.

**RESPONSE TO REQUEST NO. 29:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any bid or proposal submitted in response to a solicitation for competitive bids, including but not limited to communications, e-mails, solicitations, specifications, or bids.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "submitted in response to," "solicitation," and "competitive bids."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of any entity's bid or proposal from the beginning of time submitted in response to any solicitation for competitive bids).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint.

**REQUEST NO. 30:**  All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids, including but not limited to communications, e-mails, solicitations, specifications, or bids.

**RESPONSE TO REQUEST NO. 30:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any bid or proposal submitted by Hydro in response to a solicitation for competitive bids, including but not limited to communications, e-mails, solicitations, specifications, or bids.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "submitted by Hydro in response to," "solicitation," and "competitive bids."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of every Hydro bid or proposal from the beginning of time submitted in response to any solicitation for competitive bids and is not limited to any particular product).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or

34

confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint.

**REQUEST NO. 31:**  All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids, where Hydro knew or had reason to know Riveer also could submit a bid, including but not limited to communications, e-mails, solicitations, specifications, or bids.

**RESPONSE TO REQUEST NO. 31:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any bid or proposal submitted by Hydro in response to a solicitation for competitive bids, where Hydro knew or had reason to know Riveer also could submit a bid.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "submitted in response to," "solicitation," "competitive bids,"

"knew," "had reason to know," and "Riveer also could submit a bid."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint.

**REQUEST NO. 32:**  All documents and things referring to, relating to, or concerning any bid or proposal submitted in response to a solicitation for competitive bids from any government entity, including but not limited to communications, e-mails, solicitations, specifications, or bids.

**RESPONSE TO REQUEST NO. 32:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any bid or proposal submitted in response to a solicitation for competitive bids from any government entity.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "submitted in response to," "solicitation," "competitive bids," and "government entity."  Hydro

further objects to this Request as unduly burdensome (to the extent it requires a description of any entity's bid or proposal submitted from the beginning of time in response to any solicitation for competitive bids from any government entity).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint.

**REQUEST NO. 33:**  All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids from any government entity, including but not limited to communications, e-mails, solicitations, specifications, or bids.

**RESPONSE TO REQUEST NO. 33:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any bid or proposal submitted by Hydro in response to a solicitation for competitive bids from any

government entity.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "submitted by Hydro in response to," "solicitation," "competitive bids," and "government entity."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of every Hydro bid or proposal from the beginning of time submitted in response to any solicitation for competitive bids from any government entity and is not limited to any particular products).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint.

**REQUEST NO. 34:**  All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids from any government entity, where Hydro knew or had reason to know Riveer also could submit a bid, including but not limited to communications, e-mails, solicitations, specifications, or bids.

**RESPONSE TO REQUEST NO. 34:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how

38

small or tangential, "referring to," "relating to," or "concerning" any bid or proposal submitted

by Hydro in response to a solicitation for competitive bids from any government entity, where

Hydro knew or had reason to know Riveer also could submit a bid.  Hydro also objects to this

Request as vague and ambiguous at least as to the terms "submitted in response to,"

"solicitation," "competitive bids," "knew," "had reason to know," and "Riveer also could submit

a bid."  Hydro further objects to this Request to the extent it seeks information protected by the

attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a

third-party. Hydro further objects to this Request as seeking information that is not relevant to

any claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil

Procedure, Hydro refuses to produce any documents based on this Request beyond documents

relating to the two specific competitive bid transactions identified in the Second Amended

Complaint.

**REQUEST NO. 35:**  All documents and things referring to, relating to, or concerning the

"VCI Marine Corps project" referenced in Paragraph 31 of the Second Amended Complaint,

including any communications, bids, proposals, offers to sell, or sales of any product or system.

**RESPONSE TO REQUEST NO. 35:**  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the

extent it is premature and seeks information related to damages, which the Court bifurcated.

Hydro also objects to this Request as overbroad on its face, and further in its request for "All

documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the "VCI Marine Corps project" referenced in Paragraph 31 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "VCI Marine Corps project," "product," and "system."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 36:**  All documents and things referring to, relating to, or concerning the "solicitation by the U.S. Army at Barstow, California" referenced in Paragraphs 32-34 of the Second Amended Complaint, including any communications, bids, proposals, offers to sell, or sales of any product or system.

**RESPONSE TO REQUEST NO. 36:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad on its face, and further in its request for "All

documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the "solicitation by the U.S. Army at Barstow, California" referenced in Paragraphs 32-34 of the Second Amended Complaint.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "solicitation by the U.S. Army at Barstow, California," "product," and "system."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 37:**  All documents and things referring to, relating to, or concerning Katch Kan <katchkan.com>, including any communications, bids, proposals, offers to sell, or sales of any product or system.

**RESPONSE TO REQUEST NO. 37:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad in its request for "All documents and things"

containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Katch Kan.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "Katch Kan," "product," and "system."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things relating to Katch Kan regardless of their relation to Hydro, Petter, the accused products, or this case).

Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.

Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.  Hydro further objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro will not produce any documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 38:**  All documents and things referring to, relating to, or concerning Kellogg, Brown and Root <kbr.com>, including any communications, bids, proposals, offers to sell, or sales of any product or system.

**RESPONSE TO REQUEST NO. 38:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the

extent it is premature and seeks information related to damages, which the Court bifurcated.

Hydro also objects to this Request as overbroad in its request for "All documents and things"

containing information, no matter how small or tangential, "referring to," "relating to," or

"concerning" Kellogg, Brown and Root.  Hydro also objects to this Request as vague and

ambiguous at least as to the terms "Kellogg, Brown and Root," "product," and "system."  Hydro

further objects to this Request as unduly burdensome (to the extent it requires a description of all

documents and things relating to Kellogg, Brown and Root regardless of their relation to Hydro,

Petter, the accused products, or this case).  Hydro further objects to this Request to the extent it

seeks information protected by the attorney-client privilege, work product doctrine, and/or

confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the

extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to

conduct discovery of expert opinion.  Hydro further objects to this Request as seeking

information that is not relevant to any claim or defense of any party and not reasonably

calculated to lead to the discovery of admissible evidence.  Hydro further objects that this

Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is

not in conformance with the Local Patent Rules or the Court's Scheduling Order.  Hydro further

objects to the Request, because Hydro has already produced sufficient documentation concerning

the accused products to facilitate an infringement analysis.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil

Procedure, Hydro refuses to produce any documents based on this Request beyond documents

relating to the two specific competitive bid transactions identified in the Second Amended

Complaint.

**REQUEST NO. 39:**  All documents and things referring to, relating to, or concerning the Kellogg, Brown and Root RFQ-180057-BI14543-FYA.

**RESPONSE TO REQUEST NO. 39:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Kellogg, Brown and Root.  Hydro also objects to Riveer's inconsistent definition of Kellogg, Brown, and Root in this Request and Request 38.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "Kellogg, Brown and Root," "product," and "system."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things relating to Kellogg, Brown and Root regardless of their relation to Hydro, Petter, the accused products, or this case).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint.

**REQUEST NO. 40:**  All documents and things referring to, relating to, or concerning the use, sale, or offer to sell the accused products as shown and described in documents RIVI034-1132, including but not limited to applications concerning the military, the Northwest Territories, the Australia mine, and the bus wash application.

**RESPONSE TO REQUEST NO. 40:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request to the extent it is premature and seeks information related to damages, which the Court bifurcated. Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning."  Hydro also objects to this Request as vague and ambiguous at least as to the terms "applications," "concerning," "military," "Northwest Territories," "Australia mine," and "the bus wash application."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related to the above-mentioned ambiguous terms without specifying the location of any reference to each or properly defining each term).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request as

seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence. Hydro further objects that this Request is duplicative of other Requests. Hydro further objects to the Request, because Hydro has already produced sufficient documentation concerning the accused products to facilitate an infringement analysis.

Based on all its objections above, Hydro refuses to produce any documents based on this Request. Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 41:** All documents and things referring to, relating to, or concerning the Hydro products and systems referred to in documents RIV1207-1223, including but not limited to all documents and things referring to, relating to, or concerning Solicitation No. W9124N-12-R-0054.

**RESPONSE TO REQUEST NO. 41:** Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning." Hydro also objects to this Request as vague and ambiguous at least as to the terms "things," "referring to," "relating to," and "concerning." Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party. Hydro further objects to this Request to the extent it seeks publicly available information. Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the

46

discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other

Requests.

Subject to and without waiving these objections, Hydro responds that it will produce

relevant, non-privileged documents responsive to this Request in its possession, custody, and

control to the extent not already produced.

**REQUEST NO. 42**:  All documents and things referring to, relating to, or concerning

Bid No. W91B4N-12-R-5006 and/or Contract No. W91B4N-12-C-5039 for 10VWS units for

Afghanistan.

**RESPONSE TO REQUEST NO. 42**:  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad in its request for "All documents and things" containing information, no matter how

small or tangential, "referring to," "relating to," or "concerning" Bid No. W91B4N-12-R-5006

and/or Contract No. W91B4N-12-C-5039 for 10VWS units for Afghanistan.  Hydro also objects

to this Request as vague and ambiguous at least as to the terms "10VWS units," and

"Afghanistan."  Hydro further objects to this Request to the extent it seeks information protected

by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed

to a third-party.  Hydro further objects to this Request to the extent it seeks publicly available

information.  Hydro further objects to this Request as seeking information that is not relevant to

any claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, and pursuant to Rule 9(b) of the Federal Rules of Civil

Procedure, Hydro refuses to produce any documents based on this Request beyond documents relating to the two specific competitive bid transactions identified in the Second Amended Complaint.

**REQUEST NO. 43:**  All documents and things referring to, relating to, or concerning Bid No. W9124N-12-R-0054 for the U.S. Army in Barstow, California.

**RESPONSE TO REQUEST NO. 43:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Bid No. W9124N-12-R-0054 for the U.S. Army in Barstow, California.  Hydro also objects to this Request as facially duplicative and superfluous based on Request 41.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects that this Request is duplicative of other Requests.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 44:**  All documents and things referring to, relating to, or concerning Solicitation No. M6700110Q0297 for the VCI Marine Corps.

**RESPONSE TO REQUEST NO. 44:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Solicitation No. M6700110Q0297 for the VCI Marine Corps.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects that this Request is duplicative of other Requests.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 45:**  All documents and things referring to, relating to, or concerning Solicitation No. W911RX-13-T-0064 for the *AWS/TAWSP10175DT/M* product for Fort Riley.

**RESPONSE TO REQUEST NO. 45:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Solicitation No. W911RX-13-T-0064 for the *AWS/TAWSP10175DT/M* product for Fort Riley.

Hydro also objects to this Request as vague and ambiguous at least as to the term "Fort Riley."

Hydro further objects to this Request as unduly burdensome (to the extent it requires a

description of all documents and things related to Solicitation No. W911RX-13-T-0064, not just

those related to the "TAWS" mark, likelihood of confusion, or this case).   Hydro further objects

to this Request to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, and/or confidentiality obligations owed to a third-party.   Hydro further objects

to this Request to the extent it seeks publicly available information.   Hydro further objects to this

Request as seeking information that is not relevant to any claim or defense of any party and not

reasonably calculated to lead to the discovery of admissible evidence.

     Based on all its objections above, Hydro refuses to produce any documents based on this

Request.   Hydro, however, is willing to meet and confer regarding this Request.

     **REQUEST NO. 46:**   All documents and things referring to, relating to, or concerning

RFQ No. 569-31600401 for 12 TAWS units for SAIC.

     **RESPONSE TO REQUEST NO. 46:**   Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.   Hydro also objects to this Request as

overbroad on its face, and further in its request for "All documents and things" containing

information, no matter how small or tangential, "referring to," "relating to," or "concerning"

RFQ No. 569-31600401 for 12 TAWS units for SAIC.   Hydro also objects to this Request as

vague and ambiguous at least as to the term "SAIC."   Hydro further objects to this Request as

unduly burdensome (to the extent it requires a description of all documents and things related to

RFQ No. 569-31600401, not just those related to the "TAWS" mark, likelihood of confusion, or

this case).  Hydro further objects to this Request to the extent it seeks information protected by

the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a

third-party.  Hydro further objects to this Request to the extent it seeks publicly available

information.  Hydro further objects to this Request as seeking information that is not relevant to

any claim or defense of any party and not reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving these objections, Hydro responds that it will produce

relevant, non-privileged documents responsive to this Request in its possession, custody, and

control to the extent not already produced.

**REQUEST NO. 47:**  All documents and things referring to, relating to, concerning,

supporting, or contradicting the allegations in Paragraph 73 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 47:**  Hydro incorporates by reference each General

Objection set forth above, and further objects to this Request to the extent it seeks to require

more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as

overbroad in its request for "All documents and things" containing information, no matter how

small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting"

the allegations in Paragraph 73 of the Second Amended Complaint.  Hydro further objects to this

Request to the extent it seeks information protected by the attorney-client privilege and/or work

product doctrine.  Hydro further objects to this Request to the extent it calls for a legal

conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of

expert opinion.  Hydro further objects to this Request to the extent it seeks publicly available

information.  Hydro further objects that this Request is duplicative of other Requests.  Hydro

further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 48:** All documents and things referring to, relating to, or concerning Hydro's alleged trademark rights in and to the TEWS acronym.

**RESPONSE TO REQUEST NO. 48:** Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Hydro's alleged trademark rights in and to the TEWS acronym. Hydro also objects to this Request as vague and ambiguous at least as to the term "trademark rights." Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Hydro further objects to this Request to the extent it calls for a legal conclusion. Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion. Hydro further objects to this Request to the extent it seeks publicly available information. Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 49**:  All documents and things referring to, relating to, or concerning Hydro's use of the TEWS mark, including but not limited to the first use in commerce.

**RESPONSE TO REQUEST NO. 49**:  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Hydro's use of the TEWS mark, including but not limited to the first use in commerce.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "Hydro's use" and "first use in commerce."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 50:**  All documents and things referring to, relating to, or concerning any instance of actual confusion between Hydro's alleged TEWS mark and Riveer's TAWS mark.

**RESPONSE TO REQUEST NO. 50:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" Hydro's use of the TEWS mark, including but not limited to the first use in commerce.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "instance" and "first use in commerce."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 51:**  All documents and things referring to, relating to, or concerning any evidence of likelihood of confusion between Hydro's alleged TEWS mark and Riveer's TAWS mark, including but not limited to (a) similarity between the marks, (b) intent of the alleged infringer, (c) similarity of products and manner of marketing, (d) degree of care likely to

be exercised by purchasers, (e) strength or weakness of the marks, (f) length of time during and conditions under which there has been concurrent use without evidence of actual confusion, and (g) extent of potential confusion, *i.e.,* whether *de minimis* or substantial.

**RESPONSE TO REQUEST NO. 51:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" any evidence of likelihood of confusion between Hydro's alleged TEWS mark and Riveer's TAWS mark.  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion and broadly demands all documents relating to recited elements of a legal test rather than soliciting information concerning a particular fact or transaction of events.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 52:**  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 13-26 of Defendants' Counterclaims.

**RESPONSE TO REQUEST NO. 52**: Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations in Paragraph 13-26 of Defendants' Counterclaims. Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Hydro further objects to this Request to the extent it calls for a legal conclusion. Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion. Hydro further objects that this Request is duplicative of other Requests. Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 53**: All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations of fact contained in the Declaration of Alan McCormick in this action, signed and filed July 19, 2013.

**RESPONSE TO REQUEST NO. 53**: Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how

small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" allegations of fact contained in the Declaration of Alan McCormick in this action, signed and filed July 19, 2013.  Hydro also objects to this Request as vague and ambiguous at least as to the term "allegations of fact."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or confidentiality obligations owed to a third-party.

Based on all its objections above, Hydro will not produce any further documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 54**:  All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations of fact contained in the Second Declaration of Alan McCormick in this action, signed and filed September 27, 2013.

**RESPONSE TO REQUEST NO. 54**:  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad on its face, and further in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the allegations of fact contained in the Second Declaration of Alan McCormick in this action, signed and filed September 27, 2013.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "allegations of fact."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of Mr. McCormick's position with respect to Hydro, the '774 patent, and the '720 patent).  Hydro

further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.

Based on all its objections above, Hydro will not produce any further documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 55:**  All documents and things referring to, relating to, or concerning the documents and information referenced in Defendants' Initial Disclosures (including Local Patent Rule 2.2 Disclosures), including but not limited to the documents and information known to James McCormick, Alan McCormick, Kerry Smith, Les Sanders (including Hertz Rentals), and Scott Harris (including AID Equipment Co.).

**RESPONSE TO REQUEST NO. 55:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the documents and information referenced in Defendants' Initial Disclosures.  Hydro also objects to this Request as vague and ambiguous at least as to the terms "information" and "known."  Hydro further objects to this Request as overly broad and unduly burdensome (to the extent it requires a description of all documents and things already produced or related to those already produced).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, Hydro will not produce any further documents based

on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

**REQUEST NO. 56:**  All documents and things referring to, relating to, concerning, supporting, or contradicting the contentions set forth in Defendants' Initial Non-Infringement, Unenforceability and Invalidity Contentions, including but not limited to the contentions of "improper inventorship" and "unenforceability" discussed at pages 27-28.

**RESPONSE TO REQUEST NO. 56:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," "concerning," "supporting," or "contradicting" the contentions set forth in Defendants' Initial Non-Infringement, Unenforceability and Invalidity Contentions.  Hydro also objects to this Request as vague and ambiguous at least as to the term "contentions."  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.  Hydro further objects that this Request is duplicative of other Requests.  Hydro further objects to this Request to the extent it is not in conformance with the Local Patent Rules or the Court's Scheduling Order.

Subject to and without waiving these objections, Hydro responds that it will produce relevant, non-privileged documents responsive to this Request in its possession, custody, and control to the extent not already produced.

**REQUEST NO. 57:**  All documents and things referring to, relating to, or concerning the witnesses identified in Plaintiff Riveer's Initial Disclosures.

**RESPONSE TO REQUEST NO. 57:**  Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro also objects to this Request as overbroad in its request for "All documents and things" containing information, no matter how small or tangential, "referring to," "relating to," or "concerning" the witnesses identified in Plaintiff Riveer's Initial Disclosures.  Hydro also objects to this Request as vague and ambiguous at least as to the term "identified in."  Hydro further objects to this Request as unduly burdensome (to the extent it requires a description of all documents and things related numerous individuals and entities named in Plaintiff Riveer's Initial Disclosures).  Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it seeks information not in Hydro's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks information in Riveer's possession, custody, and control.  Hydro further objects to this Request to the extent it seeks publicly available information.  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party and not reasonably calculated to lead to the discovery of admissible evidence.  Hydro further objects that this Request is duplicative of other Requests.

Based on all its objections above, Hydro refuses to produce any further documents based on this Request.  Hydro, however, is willing to meet and confer regarding this Request.

Dated this 18th day of June, 2014.


HOLLAND & HART LLP

/s/ Mark A. Miller

Brett L. Foster
Mark A. Miller
Christopher B.  Hadley

*Attorneys for Defendants*
*Hydro Engineering Inc. and*
*CA Cleaning Systems, Inc.*

6889153_2