# EXHIBIT 5

# Stephen M. Lobbin

| | |
|---|---|
| **From:** | Harney, David P CIV USARMY ACC MICC (US) <david.p.harney.civ@mail.mil> |
| **Sent:** | Thursday, October 16, 2014 1:41 PM |
| **To:** | Stephen M. Lobbin |
| **Subject:** | Petter Investments v Hydro Engineering - Army Reply to Subpoena (UNCLASSIFIED) |
| **Attachments:** | Petter Investments v Hydro Engineering - Army Reply to Subpoena - Copy.pdf; Petter Investments v Hydro Engineering - Subpoena - Copy.pdf |

Classification: UNCLASSIFIED
Caveats: NONE

Dear Mr. Lobbin:

   The attached letter responds to the subpoena served by The Eclipse Group on an employee of the United States Army's Mission and Installation Contract Command at the Presidio of Monterey, California, on October 7, 2014.

I am available to discuss this matter further if desired.  I may b reached at (757) 501-8173 or by email at david.p.harney.civ@mail.mil.

Sincerely,

DAVID P. HARNEY
Chief Attorney, MICC FDO - Fort Eustis
US Army Mission & Installation Contracting Command
705 Washington Blvd, Suite 143, Fort Eustis, VA 23604
(757) 501-8173 // DSN Prefix 501 // FAX 8204
**WARNING**: This email contains information protected from disclosure by the Attorney-Client and Attorney Work Product Privileges and other FOIA Exemptions.  Do not release the contents of this email without prior authorization from the sender.  If you have recevied this message in error, please notify the sender immediately and delete this message.

Classification: UNCLASSIFIED
Caveats: NONE



**DEPARTMENT OF THE ARMY**
U.S. ARMY MISSION AND INSTALLATION CONTRACTING COMMAND
FIELD DIRECTORATE OFFICE-FORT EUSTIS
705 WASHINGTON BOULEVARD, SUITE 263
FORT EUSTIS, VA 23604-1278

October 16, 2014

Stephen M. Lobbin, Esq.
The Eclipse Group, LLC
2020 Main Street, Suite 600
Irvine, CA 92614
Via email: sml@eclipsegrp.com

Re: Petter Investments, Inc., d/b/a/ Riveer v. Hyrdro Engineering, Inc. and California Cleaning Systems, US District Court for the District of Utah - Civil Action No. 2:14-CV-0045 – Subpoena to Produce Documents

Dear Mr. Lobbin:

On October 7, 2014, The Eclipse Group caused an employee of the United States Army's Mission and Installation Contracting Command at the Presidio of Monterey, California, to be served with the attached subpoena. The subpoena directs the Army to produce: "All documents and things referring to Solicitation No. W9124N-12-R-0054, including any technical evaluation of any proposal or product or system submitted by Hydro Engineering, Inc." and deliver said information to your office by 9:00 AM on October 17, 2014.

Under Department of Defense directives and Army regulations, the Army must authorize the production of official documents in private litigation. See 32 CFR §§ 97.6(c)(2) and 516.41(d), respectively. Those directives and regulations impose procedural requirements upon the requesting party that must be satisfied before the Army acts upon a request or demand for official information. Specifically, The Eclipse Group must submit, at least 14 days before the desired date of production, a specific written request setting forth the nature of the underlying litigation and the relevance of the official information sought. 32 CFR § 516.41(d). The Army is unable to act upon this request until we receive the required information. See generally United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951); Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989); United States v. Bizzard, 674 F.2d 1382 (11th Cir. 1982); United States v. Marino, 658 F.2d 1120 (6th Cir. 1981); United States v. Allen, 554 F.2d 398 (10th Cir. 1977).

The Army, as a matter of policy, makes official information reasonably available for use in Federal and states courts, unless the information sought is classified, privileged or otherwise protected from public disclosure. 32 CFR § 516.44(a). In this case, the information sought by The Eclipse Group is extremely broad and seeks, without limitation, all federal procurement records that refer to Solicitation Number W9124N-12-R-0054. A request of this nature may involve information that is privileged or otherwise protected from disclosure or that is completely unrelated to the underlying litigation. I would encourage The Eclipse Group to re-examine and narrow the scope of its subpoena to minimize possible objections to the release of privileged, protected or irrelevant information.

In addition, I request that The Eclipse Group provide the names and contact information of the individuals for each party that The Eclipse Group provided a copy of the subpoena before serving the Army as required under Federal Rule of Civil Procedure 45(a)(4). The Army will

Re:  Petter Investments, Inc., d/b/a/ Riveer v. Hyrdro Engineering, Inc. and California Cleaning Systems, US District Court for the District of Utah - Civil Action No. 2:14-CV-0045 – Subpoena to Produce Documents

coordinate with those parties, if necessary, to determine whether any of the information they may have submitted to the Government should be protected from disclosure.

Nothing in this letter should be deemed to be a waiver of any legal objection that the Army may possess with regard to this demand or with regard to the production of any particular document or testimony sought pursuant to future demands.

I am available to discuss this matter further if desired.  I may be reached at (757) 501-8173 or by email at david.p.harney.civ@mail.mil.

Sincerely,

Attachment

David P. Harney, Esq.
Chief Attorney

2