EXHIBIT 6



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON, DC 20350-1000

SECNAVINST 5820.8A CH-1
OGC
10 January 2005

SECNAV INSTRUCTION 5820.8A CHANGE TRANSMITTAL 1

From:  Secretary of the Navy

Subj:  RELEASE OF OFFICIAL INFORMATION FOR LITIGATION PURPOSES
       AND TESTIMONY BY DEPARTMENT OF THE NAVY (DON) PERSONNEL

Encl:  (1) *Revised page 4 of Enclosure (3)*

1.  <u>Purpose</u>.  To change the contact address for service of
process for the Department of the Navy.

2.  <u>Action</u>.  Remove page 4 of Enclosure (3) and replace with
enclosure (1) of this change transmittal.


                         Alberto Mora
                         General Counsel of the Navy



Distribution:
(Same as Basic)

**DEPARTMENT OF THE NAVY**
Office of the Secretary
Washington, DC  20350–1000

SECNAVINST 5820.8A
JAG 34
27 August 1991

**SECNAV INSTRUCTION 5820.8A**

From: Secretary of the Navy
To:   All Ships and Stations

Subj: **RELEASE OF OFFICIAL INFORMATION FOR LITIGATION PURPOSES AND TESTIMONY BY DEPARTMENT OF THE NAVY (DON) PERSONNEL**

Ref: (a) **DOD Directive 5405.2 of 23 Jul 1985, 50 Fed. Reg. 32056, 8 Aug 1985, 32 C.F.R. pt. 97, Release of Official Information in Litigation and Testimony by DOD Personnel as Witnesses**
(b) **5 U.S.C. § 301 (1988)**
(c) **10 U.S.C. § 113 (1988)**
(d) **10 U.S.C. § 5013 (1988)**
(e) <u>**United States ex rel. Touhy v. Ragen**</u>**, 340 U.S. 462 (1951)**
(f) **5 U.S.C. §§ 552, 552a (1988)**
(g) **Manual of the Judge Advocate General**
(h) **DOD Instruction 7230.7 of 25 Jan 1985, User Charges (codified at 32 C.F.R. pt. 288)**

Encl: (1) **Definitions**
(2) **Authority to Act**
(3) **Authority to Determine and Respond**
(4) **Contents of a Proper Request or Demand**
(5) **Considerations in Determining to Grant or Deny a Request**
(6) **Action to Grant or Deny a Request**
(7) **Response to Requests or Demands in Conflict with this Instruction**
(8) **Fees and Expenses**
(9) **Sample Letters in Response to Litigation Requests**

1. **Purpose.** To implement reference (a) regarding release of official information for litigation purposes and provision of testimony by Department of the Navy (DON) personnel for

litigation purposes, and to prescribe conduct of DON personnel in response to a litigation request or demand.

2. **Cancellation.** SECNAVINST 5820.8 of 11 Aug 87.

3. **Authority.** Reference (a) establishes Department of Defense (DOD) policy, assigns responsibilities, and prescribes procedures for releasing official DOD information for litigation purposes and providing testimony by DOD personnel for litigation purposes. References (b), (c), (d) and (e) are authority for reference (a).

4. **Policy**

   a. **General.** It is DON policy to make factual official information, both testimonial and documentary, reasonably available for use in Federal courts, state courts, foreign courts, and other governmental proceedings unless that information is classified, privileged, or otherwise protected from public disclosure. <u>DON personnel (as defined in enclosure (1), paragraph 2), however, shall not provide such official information, testimony, or documents, submit to interview, or permit a view or visit, without the authorization required by enclosures (2) through (7) of this instruction.</u>

   b. <u>**Opinion and Expert Testimony.** DON personnel (as defined in enclosure (1), paragraph 2) shall not provide, with or without compensation, opinion or expert testimony concerning official DOD information, subjects, personnel, or activities, except on behalf of the United States or a party represented by the Department of Justice, or with the written special authorization required by this instruction.</u> Upon a showing by a requester of exceptional need or unique circumstances, and that the anticipated testimony will not be adverse to DOD interests or the United States, the General Counsel of the Navy, the Judge Advocate General of the Navy, or their respective delegates may, in their sole discretion, grant such written special authorization for DON personnel to appear and testify

**0579L00556480**

||||||||||||||||||||||||||||

SECNAVINST 5820.8A
27 August 1991

as expert or opinion witnesses at no expense to the United States. It is expected that approval for DON personnel to provide expert or opinion testimony rarely will be granted.

5. **Effect**

a. **Applicability**

(1) This instruction applies to all present and former DON civilian and military personnel whether employed by, or assigned to, DON temporarily or permanently. Affected personnel are defined more fully in enclosure (1).

(2) This instruction applies only to situations involving existing or reasonably anticipated litigation, as defined in enclosure (1), paragraph 3, when DOD information or witnesses are sought, whether or not the United States, DOD, or its components are parties thereto. It does not apply to formal or informal requests for information in other situations.

(3) This instruction provides guidance only for DON operation and activities of its present and former personnel. It is not intended to, does not, and may not be relied upon to, create any right or benefit, substantive or procedural, enforceable at law or equity against the United States, DOD, or DON.

(4) This instruction is not intended to infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States.

(5) This instruction does not supersede or modify existing laws, DOD or DON regulations, directives, or instructions governing testimony of DON personnel or release of official DOD or DON information during grand jury proceedings.

(6) This instruction does not control release of official information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a (reference (f)). This instruction does not preclude treating any written request for DON records as a request under the FOIA or Privacy Acts. Activities are encouraged to treat such requests for documents under the FOIA or the Privacy Act if they are invoked by the requester either explicitly or by fair implication. See 32 C.F.R. §§ 701.3(d), 701.10(a). Activities are reminded that such treatment does not absolve them of the responsibility to respond in a timely fashion to legal process. In any event, if the official information requested pertains to a litigation matter to which the United States is a present or potential party, the release authority should notify the delegate of the General Counsel or the Judge Advocate General, under enclosure (3), paragraph 3.

(7) This instruction does not apply to release of official information or testimony by DON personnel in the following situations:

(a) Before courts-martial convened by any DOD component, or in administrative proceedings conducted by, or on behalf of, such component;

(b) under administrative proceedings conducted by, or on behalf of, the Equal Employment Opportunity Commission (EEOC) or the Merit Systems Protection Board (MSPB), the Federal Labor Relations Authority, the Federal Services Impasse Panel, or under a negotiated grievance procedure under a collective bargaining agreement to which the Government is a party;

(c) in response to requests by Federal Government counsel, or counsel representing the interests of the Federal Government, in litigation conducted, in whole or in part, on behalf of the United States (e.g., Medical Care Recovery Act claims, affirmative claims, or subpoenas issued by, or concurred in by, Government counsel when the United States is a party), but the regulation does apply to an action brought under the qui tam provisions of the False Claims Act in which a private party brings an action in the name of the United States but in which the Department of Justice either has not yet determined to intervene in the litigation or has declined to intervene; **(R**

2

(d) as part of the assistance required by the Defense Industrial Personnel Security Clearance Review Program under DOD Directive 5220.6 of 12 August 1985 (NOTAL);

(e) release of copies of Manual of the Judge Advocate General (JAGMAN) investigations, conducted under reference (g), to the next of kin (or their representatives) of deceased or incompetent naval personnel;

(f) release of information by DON personnel to counsel retained on their behalf for purposes of litigation, unless that information is classified, privileged, or otherwise protected from disclosure.  (In the latter event, compliance with reference (a) and this instruction is required.);

(g) cases involving garnishment orders for child support and/or alimony.  The release of official information in these cases is governed by 5 C.F.R. pt. 581 and SECNAV-INST 7200.16, or;

A)         (h) release of information to Federal, state, and local prosecuting and law enforcement authorities, in conjunction with an investigation conducted by a DOD component or DON criminal investigative organization.

**(8)** This instruction does not preclude official comment on matters in litigation in appropriate cases.

**(9)** The DOD General Counsel may notify DOD components that DOD will assume primary responsibility for coordinating all litigation requests for demands for official DOD information or testimony of DOD personnel in litigation involving terrorism, espionage, nuclear weapons, and intelligence sources or means.  Accordingly, determining officials who receive requests pertaining to such litigation shall notify the Associate General Counsel (Litigation) or the Deputy Assistant Judge Advocate General (International Law or General Litigation) who shall consult and coordinate with DOD General Counsel prior to any response to such requests.

**b.  Relationship with Federal Rules of**   (A **Procedure.**  The requirements imposed by this instruction are intended, among other things, to provide adequate notice to DON regarding the scope of proposed discovery.  This will assure that certain DON information, which properly should be withheld, is not inadvertently released in response to a litigation request or demand, including a subpoena or other request for discovery issued under Federal rules of procedure.  When the United States is a party to Federal litigation and the party opponent uses discovery methods (e.g., request for interrogatories and admissions, depositions) set forth in Federal rules of procedure, the Judge Advocate General or General Counsel, in consultation with representatives of the Department of Justice or the cognizant United States Attorney, may determine whether the requirement for a separate written request in accordance with enclosure (4) of this instruction should be waived.  Even if this requirement is waived, however, DON personnel who are subpoenaed to testify still will be required to obtain the written permission described in paragraph 4.

**c.  Violations.**  The underlined portions of paragraph 4 and enclosure (7) of this instruction constitute a regulatory general order applicable to all DON personnel individually and need no further implementation.  A violation of those provisions is punishable under the Uniform Code of Military Justice for military personnel and is the basis for appropriate administrative proce-   (R dures with respect to civilian employees.  Moreover, violations of this instruction by DON personnel may, under certain circumstances, be actionable under 18 U.S.C. § 207.

**6.  Definitions.**  Key terms utilized in this instruction are set forth in enclosure (1).

**7.  Action**

**a.  Authority to Act.**  The authority of persons authorized to respond to requests under reference (a) and this instruction is set forth in enclosure (2).

SECNAVINST 5820.8A
27 August 1991

    **b.  Procedures.**  Officials authorized to act
on requests made under reference (a) and this
instruction are identified in detail in enclosure
(3).  The necessary contents of a request
hereunder are discussed in enclosure (4).
Considerations in granting or denying a request
are detailed in enclosure (5).  The contents of a
proper grant or denial are detailed in enclosure
(6).  The proper responses to requests or
demands in conflict with reference (a) and this
instruction are set forth in enclosure (7).
Assessment of fees pertaining to actions taken
under this instruction is detailed in reference (h)
A) and enclosure (8).  Sample letters in response to
litigation requests are provided in enclosure (9).

A) **8.  Publication in Code of Federal Regula-
tions.**  This instruction has been published at 32
C.F.R. pt. 725.  Reference to pertinent C.F.R.
provisions in responding to questions or requests
by litigants, their counsel, and cognizant courts is
encouraged.

         H. LAWRENCE GARRETT, III
          Secretary of the Navy

**Distribution:**
**SNDL Parts 1 and 2**
**MARCORPS Code PCN 72000006500**

**SECNAV/OPNAV Directives Control Office**
**Washington Navy Yard, Building 200**
**Washington, DC  20374-5074 (20 copies)**

**Stocked:**
**Naval Publications and Forms Directorate**
**5801 Tabor Avenue**
**Philadelphia, PA  19120-5099 (500 copies)**

SECNAVINST 5820.8A
27 AUG 1991

**DEFINITIONS**                                                    (R

1. <u>Determining Authority</u>.  The cognizant DON or DOD official
designated to grant or deny a litigation request.  In all cases
in which the United States is, or might reasonably become, a
party, or in which expert testimony is requested, the Judge
Advocate General or the General Counsel of the Navy, depending on
the subject matter of the request, will act as determining
authority.  In all other cases, the responsibility to act as
determining authority has been delegated to all officers
exercising general court-martial convening authority, or to their
subordinate commands, and to other commands and activities
indicated in enclosure (3).

2. <u>DON Personnel</u>.  Active duty and former military personnel of
the naval service including retirees; personnel of other DOD
components serving with a DON component; Naval Academy midship-
men; present and former DON civilian employees including non-
appropriated fund activity employees; non-U.S. nationals
performing services overseas for DON, under provisions of status
of forces agreements; and other specific individuals or entities
hired through contractual agreements by or on behalf of DON, or
performing services under such agreements for DON (e.g.,
consultants, contractors and their employees and personnel).

3. <u>Factual and Expert or Opinion Testimony</u>.  DON policy favors
disclosure of factual matters if disclosure does not violate the
criteria stated in enclosure (5).  The distinction between
factual matters, and expert or opinion matters (where DON policy
favors non-disclosure) is not always clear.  The considerations
set forth below pertain.

     a.  Naval personnel may merely be percipient witnesses to an
incident, in which event their testimony would be purely factual.
On the other hand, they may be involved with the matter only
through an after-the-event investigation (<u>e.g.</u>, JAGMAN investiga-
tion).  Describing the manner in which they conducted their
investigation and asking them to <u>identify</u> factual conclusions in
their report would likewise constitute factual matters to which
they might testify.  In contrast, asking them to adopt or
reaffirm their findings of fact, opinions, and recommendations,
or asking them to form or express any other opinion -
particularly one based upon matters submitted by counsel, or
going to the ultimate issue of causation or liability - would
clearly constitute precluded testimony under the above policy.

     b.  Naval personnel, by virtue of their training, often form
opinions because they are required to do so in the course of

                                              Enclosure (1)

SECNAVINST 5820.8A
27 AUG 1991

their duties. If their opinions are formed prior to, or contemporaneously with, the matter in issue, and are routinely required of them in the course of the proper performance of their professional duties, they constitute essentially factual matters (i.e., the opinion they previously held).  Opinions formed after the event in question, including responses to hypothetical questions, generally constitute the sort of opinion or expert testimony which this instruction is intended to severely restrict.

R)

    c.  Characterization of expected testimony by a requester as fact, opinion, or expert is not binding on the determining authority.  When there is doubt as to whether or not expert or opinion (as opposed to factual) testimony is being sought, the request should be forwarded as set forth in enclosure (3).

4.  <u>Litigation</u>.  All pretrial, trial, and post-trial stages of all existing or reasonably anticipated judicial or administrative actions, hearings, investigations, or similar proceedings before civilian courts, commissions, boards (including the Armed Services Board of Contract Appeals), or other tribunals, foreign and domestic.  This term includes responses to discovery requests, depositions, and other pretrial proceedings, as well as responses to formal or informal requests by attorneys or others in situations involving, or reasonably anticipated to involve, civil or criminal litigation.

5.  <u>Official Information</u>.  All information of any kind, however stored, in the custody and control of DOD or its components, including DON; relating to information in the custody and control of DOD or its components; or acquired by DOD personnel or DOD component personnel as part of their official duties, or because of their official status within DOD or its components, while such personnel were employed by or on behalf of DOD or on active duty with the United States Armed Forces.  (Determining whether "official information" is sought, as opposed to non-DOD information, rests with the determining authority identified in enclosure (3), rather than the requester.)

6.  <u>Request or Demand (Legal Process)</u>.  Subpoena, order, or other request by a Federal, state, or foreign court of competent jurisdiction, by any administrative agency thereof, or by any party or other person (subject to the limitations in paragraph 5 of the basic instruction), for production, disclosure, or release of official DOD information or for appearance, deposition, or testimony of DON personnel as witnesses.

Enclosure (1)

SECNAVINST 5820.8A
27 AUG 1991

## AUTHORITY TO ACT

1.  The General Counsel of the Navy, the Judge Advocate General of the Navy, and their respective delegates (hereafter "determining authorities"), described in enclosure (3), shall respond to litigation requests or demands for official DOD information or testimony by DON personnel as witnesses.  If required by the scope of their respective delegations, responses may include: consultation and coordination with the Department of Justice or the appropriate United States Attorney as required; referral of matters proprietary to another DOD component to that component; determination as to whether official information originated by the Navy may be released in litigation; and determination whether DOD personnel assigned to or affiliated with the Navy may be interviewed, contacted, or used as witnesses concerning official DOD information or as expert or opinion witnesses.  Following coordination with the appropriate commander, a response may further include whether installations, facilities, ships, or aircraft may be visited or inspected; what, if any, conditions will be imposed upon any release, interview, contact, testimony, visit, or inspection; what, if any, fees shall be charged or waived for access under the fee assessment considerations set forth in enclosure (8); and what, if any, claims of privilege, pursuant to this instruction, may be invoked before any tribunal.

2.  Enclosures (3), (4), (5), and (6) detail the authority of various officials to determine and respond to a request, contents of a proper request or demand, considerations in granting or denying a request, and contents of a proper grant or denial of a request.

Enclosure (2)

SECNAVINST 5820.8A
27 AUG 1991

AUTHORITY TO DETERMINE AND RESPOND

TABLE OF CONTENTS

1. Matters proprietary to DON . . . . . . . . . . . . . 2

2. Matters proprietary to another DOD component . . . . . . 2

3. Litigation matters to which the United States is,
   or might reasonably become, a party. . . . . . . . . . . 2

   a. Litigation requests regarding matters assigned to the
      Judge Advocate General of the Navy . . . . . . . . 2

   b. Litigation requests regarding matters assigned to the
      General Counsel of the Navy . . . . . . . . . . . . 3

   c. Matters involving the Armed Services Board of
      Contract Appeals . . . . . . . . . . . . . . . . . 3

4. Litigation matters in which the United States is not,
   and is reasonably not expected to become, a party . . . . 3

   a. Matters within the cognizance of the Judge Advocate
      General . . . . . . . . . . . . . . . . . . . . . 3

   (1) Fact witnesses . . . . . . . . . . . . . . . . . 3

   (2) Visits and Views . . . . . . . . . . . . . . . . 4

   (3) Documents . . . . . . . . . . . . . . . . . . . 4

   (4) Expert or Opinion Requests . . . . . . . . . . . 5

   b. Matters within the cognizance of the General
      Counsel of the Navy. . . . . . . . . . . . . . . 5

   (1) Matters not involving issues of Navy policy . . . . 5

   (2) Matters involving issues of Navy policy . . . . . . 5

   (3) Matters involving asbestos litigation . . . . . . . 5

   c. Matters not clearly within the cognizance of either
      the Judge Advocate General or the General Counsel . . . 5

Enclosure (3)

SECNAVINST 5820.8A
27 AUG 1991

## AUTHORITY TO DETERMINE AND RESPOND

1.  <u>Matters proprietary to DON</u>.  If a litigation request or
demand is made of DON personnel for official DON or DOD
information or for testimony concerning such information, the
individual to whom the request or demand is made will immediately
notify the cognizant DON official designated in paragraphs 3 and
4 who will determine availability and respond to the request or
demand.

2.  <u>Matters proprietary to another DOD component</u>.  If a DON
activity receives a litigation request or demand for official
information originated by another DOD component or for non-DON
personnel presently or formerly assigned to another DOD
component, the DON activity will forward appropriate portions of
the request or demand to the DOD component originating the
information, to the components where the personnel are assigned,
or to the components where the personnel were formerly assigned,
for action under reference (a).  The forwarding DON activity will
also notify the requester and court (if appropriate) or other
authority of its transfer of the request or demand.

3.  <u>Litigation matters to which the United States is, or might
reasonably become, a party</u>.  Examples of such instances include
suits under the Federal Tort Claims Act, Freedom of Information
R)   Act, Medical Care Recovery Act, Tucker Act, and suits against
Government contractors where the contractor may interplead the
United States or seek indemnification from the United States for
any judgment paid, <u>e.g.</u>, aviation contractors or asbestos
matters.  Generally, a suit in which the plaintiff is represent-
ing the interests of the United States under the Medical Care
Recovery Act is not a litigation matter to which the United
States is, or might reasonably become, a party. Determining
authorities, if in doubt whether the United States is likely to
become a party to the litigation, should seek guidance from
representatives of the Offices of the Judge Advocate General or
General Counsel.  The Judge Advocate General and the General
Counsel have the authority to determine whether a litigation
request should be forwarded to them, or retained by a determining
authority, for resolution.

    a.  <u>Litigation requests regarding matters assigned to the
Judge Advocate General of the Navy</u> under Navy Regulations
(Regs.), art. 0331 (1990), shall be referred to the Deputy
Assistant Judge Advocate General (DAJAG) for General Litigation,
200 Stovall Street, Alexandria, VA 22332-2400, who will respond
for the Judge Advocate General or transmit the request to the
appropriate DAJAG for response.

Enclosure (3)                    2

SECNAVINST 5820.8A
27 AUG 1991

b.  <u>Litigation requests regarding matters assigned to
the General Counsel of the Navy</u> under Navy Regs., art. 0327
(1990), shall be referred to the cognizant Command Counsel under,
and subject to, limitations set forth in paragraph 4b.  That
Command Counsel may either respond or refer the matter for action
to another office.  Requests involving asbestos litigation shall
be referred to the Office of Counsel, Naval Sea Systems Command
Headquarters, Personnel and Labor Law Section (Code OOLD), Wash-
ington, DC 20362-5101.  Matters not clearly within the purview of
a particular command counsel shall be referred to Associate
General Counsel (Litigation), who may either respond or refer the
matter for action to another office.

c.  <u>Matters involving the Armed Services Board of Contract</u>          (R
<u>Appeals</u> shall be forwarded to these respective counsel except
where the determination may involve the assertion of the
deliberative process privilege before that Board.  In such an
event, the matter shall be forwarded for determination to the
Associate General Counsel (Litigation).

4.  <u>Litigation matters in which the United States is not, and is
reasonably not expected to become, a party</u>

a.  <u>Matters within the cognizance of the Judge Advocate
General</u>

(1) <u>Fact witnesses</u>.  Requests to interview, depose, or
obtain testimony of any present or former DON personnel as
defined in enclosure (1), paragraph 2 about purely factual
matters shall be forwarded to the Navy or Marine Corps officer
exercising general court-martial jurisdiction (OEGCMJ) in whose
chain of command the prospective witness or requested documents
lie.  That determining authority will respond for the Judge
Advocate General under criteria set forth in enclosure (5).

(a) If the request pertains to personnel assigned to
the Office of the Chief of Naval Operations, the Office of the
Vice Chief of Naval Operations, or an Echelon 2 command located
in the Washington, DC, area, it shall be forwarded to that office
which will likewise respond for the Judge Advocate General under
the criteria set forth in enclosure (5).

(b) If a request pertains to Marine Corps personnel
assigned to Headquarters Battalion, Headquarters Marine Corps, or
to other Marine Corps commands located in the Washington, DC
area, it shall be forwarded to the Commandant of the Marine Corps
(JAR), Headquarters, U.S. Marine Corps, which will respond for
the Judge Advocate General under criteria set forth in enclosure
(5).

SECNAVINST 5820.8A CH-1
10 January 2005

(c) Nothing here shall prevent a determining authority from referring requests or demands to another determining authority better suited under the circumstances to determine the matter and respond, but the requester shall be notified of the referral.  Further, each determining authority specified in this paragraph may further delegate his or her decisional authority to a principal staff member, staff judge advocate, or legal advisor.

(d) In the alternative, the requester may forward the request to the DAJAG for General Litigation, who may refer the matter to another determining authority for response, and so notify the requester.

(2) Visits and views.  A request to visit a DON activity, ship, or unit, or to inspect material or spaces located there will be forwarded to one of the authorities stated in paragraph 4a(1), who will respond on behalf of the Judge Advocate General. Action taken by that authority will be coordinated with the commanding officer of the activity, ship, or unit at issue, or with his or her staff judge advocate (if applicable).  The military mission of the unit shall normally take precedence over any visit or view.  The commanding officer may independently prescribe reasonable conditions as to time, place, and circumstance to protect against compromise of classified or privileged material, intrusion into restricted spaces, and unauthorized photography.

(3) Documents.  10 U.S.C. § 7861 (1988) provides that the Secretary of the Navy has custody and charge of all DON books, records, and property.  Under DOD Directive 5530.1 of 22 August 1983 (NOTAL), the Secretary of the Navy's sole delegate for service of process is the General Counsel of the Navy.  See 32 C.F.R. § 257.5(c).  All process for such documents shall be served via certified mail or Federal Express upon the: General Counsel of the Navy, Navy Litigation Office, 720 Kennon Street SE, Bldg 36 Room 233, Washington Navy Yard, DC 20374-5013, (202) 685-7039, who will refer the matter to the proper delegate for action.  Matters referred to the Judge Advocate General will normally be provided to the determining authorities described in paragraphs 3 and 4.  That authority will respond per criteria in enclosure (5).  Process not properly served on the General Counsel is insufficient to constitute a legal demand and shall be processed as a request by counsel.  Requests for documents maintained by the National Personnel Records Center will be determined by the official provided in enclosure (5), paragraph 2(b)(3).

SECNAVINST 5820.8A
27 AUG 1991

(4) <u>Expert or opinion requests</u>.  Any request for expert or opinion consultations, interviews, depositions, or testimony will be referred to the DAJAG for General Litigation who will respond for the Judge Advocate General, or transmit the request to the appropriate DAJAG for response.  Matters not clearly within the purview of a particular DAJAG will be retained by the DAJAG for General Litigation, who may either respond or refer the matter to another determining authority for response.

b.  <u>Matters within the cognizance of the General Counsel of the Navy</u>

(1) <u>Matters not involving issues of Navy policy</u>.  Such matters shall be forwarded for determination to the respective counsel for Naval Sea Systems Command, Naval Air Systems Command, Naval Supply Systems Command, Naval Facilities Engineering Command, Space and Naval Warfare Command, Office of the Navy Comptroller, Commandant of the Marine Corps, Office of the Chief of Naval Research, Military Sealift Command, Office of Civilian Personnel Policy, or to the Assistant General Counsel (Acquisition), depending upon who has cognizance over the information or personnel at issue.

(R

(2) <u>Matters involving issues of Navy policy</u>.  Such matters shall be forwarded for determination to the General Counsel of the Navy via the Associate General Counsel (Litigation).

(3) <u>Matters involving asbestos litigation.</u>  Such matters shall be forwarded to the Office of Counsel, Naval Sea Systems Command Headquarters, Personnel and Labor Law Section (Code 00LD), Washington, DC 20362-5101.

c.  <u>Matters not clearly within the cognizance of either the Judge Advocate General or the General Counsel</u>.  Such matters may be sent to the Deputy Assistant Judge Advocate General for General Litigation or the Associate General Counsel (Litigation), who will, in consultation with the other, determine the appropriate authority to respond to the request.

Enclosure (3)

SECNAVINST 5820.8A
27 AUG 1991

## CONTENTS OF A PROPER REQUEST OR DEMAND

1. **Routine requests**.  If official information is sought, through   (R
testimony or otherwise, a detailed written request must be
submitted to the appropriate determining authority far enough in
advance to assure an informed and timely evaluation of the
request, and prevention of adverse effects on the mission of the
command or activity that must respond.  The determining authority
shall decide whether sufficient information has been provided by
the requester.  Absent independent information, the following
data is necessary to assess a request:

    a.  **Identification of parties, their counsel and the nature
of the litigation**

        (1) Caption of case, docket number, court.

        (2) Name, address, and telephone number of all counsel.

        (3) The date and time on which the documents,
information, or testimony sought must be produced; the requested
location for production; and, if applicable, the estimated length
of time that attendance of the DON personnel will be required.

    b.  **Identification of information or documents requested**

        (1) A description, in as much detail as possible, of the
documents, information, or testimony sought, including the
current military service, status (active, separated, retired),
social security number, if known, of the subject of the requested
pay, medical, or service records;

        (2) The location of the records, including the name,
address, and telephone number, if known, of the person from whom
the documents, information, or testimony is sought.

        (3) A statement of whether factual, opinion, or expert
testimony is requested.  (See paragraph 5 of enclosure (1) and
paragraph 2c(2) of enclosure (5).

    c.  **Description of why the information is needed**

        (1) A brief summary of the facts of the case and the
present posture of the case.

        (2) A statement of the relevance of the matters sought to
the proceedings at issue.

        (3) If expert or opinion testimony is sought, an
explanation of why exceptional need or unique circumstances exist

Enclosure (4)

SECNAVINST 5820.8A
27 AUG 1991

justifying such testimony, including why it is not reasonably available from any other source.

2. <u>Additional considerations.</u>  The circumstances surrounding the underlying litigation, including whether the United States is a party, and the nature and expense of the requests made by a party may require additional information before a determination can be made.  Providing the following information or stipulations in the original request may expedite review and eliminate the need for additional correspondence with the determining authority.

    a.  A statement of the requester's willingness to pay in advance all reasonable expenses and costs of searching for and producing documents, information, or personnel, including travel expenses and accommodations (if applicable);

    b.  in cases in which deposition testimony is sought, a statement of whether attendance at trial or later deposition testimony is anticipated and requested.  A single deposition normally should suffice;

    c.  agreement to notify the determining authority at least 10 working days in advance of all interviews, depositions, or testimony.  Additional time for notification may be required where the witness is a DON health care provider or where the witness is located overseas;

    d.  an agreement to conduct the deposition at the location of the witness, unless the witness and his or her commanding officer or cognizant superior, as applicable, stipulate otherwise;

    e.  in the case of former DON personnel, a brief description of the length and nature of their duties while in DON employment, and a statement of whether such duties involved, directly or indirectly, the information or matters as to which the person will testify;

    f.  an agreement to provide free of charge to any witness a signed copy of any written statement he or she may make, or, in the case of an oral deposition, a copy of that deposition transcript, if taken by a stenographer, or a video tape copy, if taken solely by video tape, if not prohibited by applicable rules of court;

    g.  an agreement that if the local rules of procedure controlling the litigation so provide, the witness will be given an opportunity to read, sign, and correct the deposition at no cost to the witness or the Government; and

    h.  a statement of understanding that the United States

Enclosure (4)                    2

SECNAVINST 5820.8A
27 AUG 1991

reserves the right to have a representative present at any interview or deposition.

i.  A statement that counsel for other parties to the case will be provided with a copy of all correspondence originated by the determining authority so they may have the opportunity to submit any related litigation requests and participate in any discovery.

3.  <u>Response to Deficient Requests</u>.  A letter request that is deficient in providing necessary information may be returned to the requester by the determining authority with an explanation of the deficiencies and a statement that no further action will be taken until they are corrected.  If a subpoena has been received (A for official information, counsel should promptly determine the appropriate action to take in response to the subpoena.  <u>See</u> enclosure (6), section 7.

4.  <u>Emergency Requests</u>.  Written requests are generally required by reference (a).

a.  The determining authority, identified in enclosure (3), has discretion to waive that requirement in the event of a bona fide emergency, under conditions set forth here, which were not anticipated in the course of proper pretrial planning and dis-covery.  Oral requests and subsequent determinations should be reserved for instances where factual matters are sought, and compliance with the requirements of a proper written request would result in the effective denial of the request and cause an injustice in the outcome of the litigation for which the informa-tion is sought.  No requester has a right to make an oral request and receive a determination.  Whether to permit such an excep-tional procedure is a decision within the sole discretion of the determining authority, unless overruled by the General Counsel or the Judge Advocate General, as appropriate.

b.  If the determining authority concludes that the request, or any portion of it, meets the emergency test, he or she will require the requester to agree to the conditions set forth in paragraph 1.  The determining authority will then orally advise the requester of the determination, and seek a written confirmation of the oral request.  Thereafter, the determining authority will make a written record of the disposition of the oral request including the grant or denial, circumstances requir-ing the procedure, and conditions to which the requester agreed.

c.  The emergency procedure should not be utilized where the requester refuses to agree to the appropriate conditions set forth in paragraph 1 or indicates unwillingness to abide by the limits of the oral grant, partial grant, or denial.

3

Enclosure (4)

SECNAVINST 5820.8A
27 AUG 1991

CONSIDERATIONS IN DETERMINING TO GRANT OR DENY A REQUEST

1.  General considerations:  In deciding whether to authorize release of official information, or the testimony of DON personnel concerning official information (hereafter referred to as "the disclosure") under a request conforming with the requirements of enclosure (4), the determining authority shall consider the following factors:

a.  The DON policy regarding disclosure in paragraph 4 of this instruction;

b.  whether the request or demand is unduly burdensome or otherwise inappropriate under applicable court rules;

c.  whether disclosure, including release in camera (i.e., to the judge or court alone), is appropriate under procedural rules governing the case or matter in which the request or demand arose;

d.  whether disclosure would violate or conflict with a statute, executive order, regulation, directive, instruction, or notice;

e.  whether disclosure, in the absence of a court order or written consent, would violate reference (f);

f.  whether disclosure, including release in camera, is appropriate or necessary under the relevant substantive law concerning privilege (e.g., attorney-client, attorney work-product, or physician-patient in the case of civilian personnel);

g.  whether disclosure, except when in camera (i.e., before the judge alone) and necessary to assert a claim of privilege, would reveal information properly classified under the DOD Information Security Program under DOD 5200.1-R of January 1987 (NOTAL), withholding of unclassified technical data from public disclosure following OPNAVINST 5510.161 of 29 July 1985; privileged Naval Aviation Safety Program information (OPNAVINST 3750.6Q (NOTAL)), or other matters exempt from unrestricted disclosure under reference (f);

h.  whether disclosure would unduly interfere with ongoing law enforcement proceedings, violate constitutional rights, reveal the identity of an intelligence source or source of confidential information, conflict with U.S. obligations under international agreement, or be otherwise inappropriate under the circumstances; and

Enclosure (5)

SECNAVINST 5820.8A
27 AUG 1991

  i.  whether attendance of the requested witness at deposition or trial will unduly interfere with the military mission of the command;

A)     j.  whether, in a criminal case, requiring disclosure by a defendant of detailed information about the relevance of documents or testimony as a condition for release would conflict with the defendant's constitutional rights.

2.  Specific Considerations

  a.  Documents, interviews, depositions, testimony, and views (where the United States is, or may become, a party).  All requests pertaining to such matters shall be forwarded to the Judge Advocate General or the General Counsel, as appropriate under enclosure (3), paragraph 3.

  b.  Documents (where the United States is not, and is reasonably not expected to become a party)

     (1) Unclassified Navy and Marine Corps records.  Where parties or potential parties desire unclassified naval records in connection with a litigation matter, the subpoena duces tecum or court order will be served, under 32 C.F.R. § 257.5(c), upon the General Counsel of the Navy, along with a written request complying with enclosure (4).

        (a) If the determining authority to whom the matter is referred determines to comply with the order or subpoena, compliance will be effected by transmitting certified copies of records to the clerk of the court from which process issued.  If, because of an unusual circumstance, an original record must be produced by a naval custodian, it will not be removed from the custody of the person producing it, but copies may be placed in evidence.

        (b) Upon written request of one or more parties in interest or their respective attorneys, records which would be produced in response to a court order signed by a judge as set forth above may be furnished without a court order, but only upon a request complying with enclosure (4) and only when such records are not in a "system of records" as defined by the Privacy Act (5 U.S.C. § 552a).  (In determining whether a record not contained in a "system of records" will be furnished in response to a Freedom of Information Act (FOIA) request, SECNAVINST 5720.42E controls).

        (c) Generally, a record in a Privacy Act "system of records" may not be released under a litigation request except with the written consent of the person to whom the record

SECNAVINST 5820.8A
27 AUG 1991

pertains or in response to a court order signed by a judge.  See SECNAVINST 5211.5C and reference (f) for further guidance.

(d) Whenever compliance with a court order or subpoena duces tecum for production of DON records is denied for any reason, the subpoena or court order and complete copies of the requested records will be forwarded to the appropriate DAJAG or the Associate General Counsel (Litigation) for action, and the parties to the suit notified in accordance with this instruction.

(2) Classified Navy and Marine Corps records.  Any consideration of release of classified information for litigation purposes, within the scope of this instruction, must be coordinated within the Office of the Chief of Naval Operations (OP-09N) per OPNAVINST 5510.1H.

(3) Records in the custody of the National Personnel Records Center.  Court orders or subpoenas duces tecum demanding information from, or production of, service or medical records of former Navy and Marine Corps personnel in the custody of the National Personnel Records Center will be served upon the Director, National Personnel Records Center, 9700 Page Boulevard, St. Louis, Missouri 63132.  If records responsive to the request are identified and maintained at the National Personnel Records Center, that Center shall make appropriate certified (authenticated) copies of the information requested.  These copies will then be forwarded, along with the request, in the case of Navy personnel, to Chief, Bureau of Naval Personnel (Code 06), Washington, DC  20370-5000, or his delegate, who will respond.  In the case of Marine Corps personnel, the copies and request will be sent to the Commandant of the Marine Corps (MMRB-10), Quantico, VA  22134-0001, who will respond.  Those requests that do not constitute legal demands will be refused by the Director, National Personnel Records Center, and written guidance provided to the requester.

(4) Medical and other records of civilian employees.  Production of medical certificates or other medical reports concerning civilian employees is controlled by Federal Personnel Manual, chapter 294 and chapter 339.1-4.  Records of civilian employees, other than medical records, may be produced upon receipt of a court order and a request complying with enclosure (4), provided no classified or for official use only information, such as loyalty or security records, are involved.  Disclosure of records relating to compensation benefits administered by the Office of Workers' Compensation Programs of the Department of Labor are governed by SECNAVINST 5211.5C and SECNAVINST 5720.42E, as appropriate.  Where information is furnished per this subparagraph in response to a court order and proper request, certified copies rather than originals should be furnished.

3                     Enclosure (5)

SECNAVINST 5820.8A
27 AUG 1991

Where original records must be produced because of unusual cir-
cumstances, they may not be removed from the custody of the
official producing them, but copies may be placed on the record.

(5) <u>JAGMAN investigations (other than to next of kin)</u>.
The DAJAG having cognizance over the records at issue for litiga-
tion or prospective litigation purposes may release the records
if a complete release will result.  The Assistant Judge Advocate
General (Civil Law) will make determinations concerning the
release of the records specified in this subparagraph if a
release of less than the complete requested record will result.
A release to next of kin of incompetent or deceased DON personnel
or their representatives is exempt from these requirements and
this instruction.

(6) <u>Affirmative claims files</u>.  Affirmative claims files
(including Medical Care Recovery Act files), except to the extent
they contain copies of JAGMAN investigations prepared under
reference (g), or classified or privileged information, may be
released by the commanding officer of the Naval Legal Service
Office having cognizance over the claim at issue, <u>without</u> compli-
ance with this instruction, to:  insurance companies to support
claims; to civilian attorneys representing injured service
persons, their dependents, and the Government's interests; and to
other DOD components.  When a request for production involves
material related to claims in favor of the Government, either the
cognizant Command Counsel or the Naval Legal Service Office
having territorial responsibility for the area should be not-
ified.

(7) <u>Accounting for disclosures from "Systems of Records."</u>
When compliance with a litigation request or demand for produc-
tion of records is appropriate, or when release of records is
otherwise authorized, and records contained in a "system of
records," are released, the releasing official will consult
SECNAVINST 5211.5C regarding disclosure accounting requirements.

R)        (8) <u>Pay records</u>.  Official pay records of active-duty,
reserve, retired, or former Navy members should be requested from
Director, Defense Finance and Accounting Service (DFAS),
Cleveland Center, Anthony J. Celebrezze Federal Building,
Cleveland, Ohio 44199-2055.  Official pay records of active-duty,
reserve, retired, or former Marines should be requested from
Director, Defense Finance and Accounting Service, Kansas City
Center (Code G), Kansas City, Missouri  64197-0001.

c.  <u>Interviews, depositions, and testimony (where the United
States is not, and is reasonably not expected to become, a party)</u>

(1) <u>Factual matters</u>.  DON policy favors disclosure of

Enclosure (5)                    4

factual matters when disclosure does not violate the criteria stated in this enclosure. Distinguishing between factual matters and expert or opinion matters (where DON policy favors non-disclosure) requires careful analysis. Opinion matters are defined at enclosure (1).

(2) **Expert, opinion, or policy matters**. Such matters are to be determined, under the delegation in enclosure (3), paragraph 4a(4) and 4b(2), by the cognizant DAJAG or by General Counsel. General considerations to identify expert or opinion testimony are in enclosure (1). DON personnel shall not provide, with or without compensation, opinion or expert testimony concerning official information, subjects, or activities, except on behalf of the United States or a party represented by the Department of Justice. Upon a showing by the requester of exceptional need or unique circumstances, and that the antic-ipated testimony will not be adverse to the interests of the DOD or the United States, the appropriate DON official designated in enclosure (3), paragraph 4a(4) and 4b(1), may grant, in writing, special authorization for DON personnel to appear and testify at no expense to the United States. In determining whether excep-tional need or unique circumstances exist, the determining official should consider whether such expert or opinion testimony is available to the requester from any other source. The burden of demonstrating such unavailability, if any, is solely upon the requester.

d. **Visits and views (where the United States is not, and is reasonably not expected to become, a party)**. Such disclosures are normally factual in nature and should not be accompanied by interviews of personnel unless separately requested and granted. The authority of the commanding officer of the activity, ship, or unit at issue is not limited by this instruction. Accordingly, he or she may prescribe appropriate conditions as to time, place, and circumstances (including proper restrictions on photography).

e. **Non-DOD information**. A request for disclosure under this instruction, particularly through the testimony of a witness, may involve both official information and non-DOD information (e.g., in the case of a person who has acquired additional and separate knowledge or expertise wholly apart from Government employment). Determining whether or not official information is at issue is within the purview of the determining authority, not the requester. A requester's contention that only non-DOD informa-tion is at issue is not dispositive. The requester must still comply with this instruction to support that contention. If non-DOD information is at issue in whole or in part, the determining authority shall so state in the written determination described in enclosure (6). He or she shall make no other determination regarding that non-DOD information.

SECNAVINST 5820.8A
27 AUG 1991

## ACTION TO GRANT OR DENY A REQUEST

1.  The process of determining whether to grant or deny a request is not an adversary proceeding.  This instruction provides guidance for the operation of DON only and is not intended to, does not, and may not be relied upon to, create any right or benefit, substantive or procedural, enforceable at law against the United States, DOD, or DON.

2.  Reference (a) and this instruction apply to testimony by former naval personnel and former civilian employees of DON.  A proper request must be made, under enclosure (4), to obtain testimony by former personnel regarding official DOD information. However, this instruction is not intended to place unreasonable restraints upon the post-employment conduct of such personnel. Accordingly, requests for expert or opinion testimony by such personnel will normally be granted unless that testimony would constitute a violation of the U.S. Code (e.g., 18 U.S.C. §§ 201 et seq.), conflict with pertinent regulations (e.g., SECNAVINST 5370.2J), or disclose properly classified or privileged information.

3.  A determination to grant or deny should be made as expeditiously as possible to provide the requester and the court with the matter at issue or with a statement of the reasons for denial.  The decisional period should not exceed 10 working days from receipt of a complete request complying with the requirements of enclosure (4), absent exceptional or particularly difficult circumstances.  The requester should also be informed promptly of the referral of any portion of the request to another authority for determination.

4.  Except as provided in enclosure (4), paragraph 4, of this instruction, a determination to grant or deny shall be in writing.

5.  The determination letter should respond solely to the specific disclosures requested, stating a specific determination on each particular request. When a request is denied in whole or in part, a statement of the reasons for denial should be provided to fully inform a court of the reasons underlying the determination if it is challenged.

6.  A copy of any denial, in whole or in part, of a request, should be forwarded to the cognizant DAJAG or the Associate General Counsel (Litigation), as appropriate.  Such notification is likewise appropriate when the litigation request has been treated under reference (f) under paragraph 5a(6) of this instruction.  Telephonic notification is particularly appropriate where a judicial challenge or contempt action is anticipated.

Enclosure (6)

SECNAVINST 5820.8A
27 AUG 1991

R)   7.   In cases in which a subpoena has been received and (1) the
requester refuses to pay fees or otherwise comply with the
guidance and requirements imposed by this regulation, or (2) if
the determining authority declines to make some or all of the
subpoened information available, or (3) if the determining
authority has had insufficient time to complete its determination
as to how to respond to the request, the determining authority
must promptly notify the General Litigation Division of the
Office of the Judge Advocate General or the Navy Litigation
Office of the Office of the General Counsel, which offices will
determine, in consultation with the Department of Justice, the
appropriate response to be made to the tribunal which issued the
subpoena.  Because the Federal Rules of Civil Procedure require
that some objections to subpoenas must be made either within 10
days of service of the subpoena or on or before the time for
compliance, whichever first occurs, and because this will require
consultation with the Department of Justice, timely notice is
essential.

Enclosure (6)                    2

SECNAVINST 5820.8A
27 AUG 1991

## RESPONSE TO REQUESTS OR DEMANDS IN CONFLICT WITH THIS INSTRUCTION

1. **Except as otherwise provided in this paragraph, DON personnel, including former military personnel and civilian employees, shall not produce, disclose, release, comment upon, or testify concerning any official DOD information in response to a litigation request or demand without prior written approval of the appropriate DON official designated in enclosure (3). If a request has been made, and granted, in whole or in part, per reference (a) and this instruction, DON personnel may only produce, disclose, release, comment upon, or testify concerning those matters specified in the request and properly approved by the determining authority designated in enclosure (3).** See reference (e).

2. If, after DON personnel have received a litigation request or demand and have in turn notified the appropriate determining authority described in enclosure (3), a response to the request or demand is required before instructions from the responsible official have been received, the responsible authority designated in enclosure (3) shall notify the DAJAG or Associate General Counsel (Litigation) who has cognizance over the matter. That official will furnish the requester, the court, or other authority that the request or demand is being reviewed in accordance with 32 C.F.R. pt. 725, and seek a stay of the request or demand pending a final determination.

3. If a court of competent jurisdiction or other appropriate authority declines to stay the effect of the request or demand in response to action taken under paragraph 2, or if such court or other authority orders that the request or demand must be complied with, notwithstanding the final decision of the appropriate DON official, the DON personnel upon whom the request or demand was made will, if time permits, notify the determining authority of such ruling or order. That authority will notify the DAJAG or the Associate General Counsel (Litigation) having cognizance over the matter. After due consultation and coordination with the Department of Justice, as required by reference (g), that official will determine whether the individual is required to comply with the request or demand and will notify the requester, the court, or other authority accordingly. The witness shall, if directed by the appropriate DON official, respectfully decline to comply with the demand. Legal counsel for the command concerned should accompany and advise DON personnel during any court proceedings involving the foregoing circumstances.

Enclosure (7)

SECNAVINST 5820.8A
27 AUG 1991

4.  It is expected that all DON actions in the foregoing
paragraphs will be taken only after active consultation with the
appropriate component of the Department of Justice.  Generally,
DON personnel will be instructed to decline to comply with a
court order only if the Department of Justice commits to
represent the DON personnel in question.

Enclosure (7)                    2

SECNAVINST 5820.8A
27 AUG 1991

## FEES AND EXPENSES

1. <u>Generally</u>.  Except as provided below, determining authorities  (R
shall charge reasonable fees and expenses to parties seeking
official DON information or testimony under this instruction.
Under 32 C.F.R §§ 288.4, 288.10, the fees should include all
costs of processing a request for information, including time and
material expended.  Travel for active duty members summoned as
witnesses is governed by Joint Travel Regulations, Vol. I, Chap.
7, pt. E. and Navy Travel Instructions, Chap. 6, pt. E.  Travel
for civilian personnel summoned as witnesses is governed by the
Joint Travel Regulations, Vol. II, Chap. 4, pt. K.

   a.  <u>When DON is a Party</u>.  No fees normally shall be charged
when DON is a party to the proceedings, and the activity holding
the requested information or employing the witness shall bear the
expense of complying with the request.

   b.  <u>When Another Federal Agency is a Party</u>.  No fees shall be
charged to the requesting agency.  Travel and per diem expenses
may be paid by the requesting agency, or by the Navy activity to
which the requested witness is assigned, subject to reimbursement
from the requesting agency.

   c.  <u>When Neither DON Nor Another Federal Agency is a Party</u>.
Fees shall be charged to the requester for time taken from
official duties by DON personnel who are authorized to be
interviewed, give testimony, or escort persons on views and
visits of installations.  At the discretion of the cognizant
command, DON personnel need not be made available during duty
hours unless directed by subpoena.  Time which DON personnel
spend in court testifying, or waiting to testify on factual
matters shall not be charged.  Fees should be charged, however,
for expert or opinion testimony based upon the witness's
education, training, or experience.  Testimony by a treating
physician called to testify about his personal knowledge of a
specific case is considered fact not expert testimony.  Fees are
payable to the Treasurer of the United States for deposit in the
Treasury's miscellaneous receipts.  Rates for uniformed personnel
are published in NAVCOMPT Notice 7041 series.  Under 32 C.F.R. §
288.4, charges for civilian personnel should include the
employee's hourly rate of pay, as well as allowances and
benefits.  Except as provided in paragraph 2d, no funds may be
expended for travel or per diem of active duty members when an
agency of the Federal Government is not a party.  The requesting
party is responsible for travel arrangements and funding.
Government funding of travel and per diem for civilian employees
is authorized.

Enclosure (8)

SECNAVINST 5820.8A
27 AUG 1991

2.  Special Circumstances

    a.  Refusal to Pay Fees.  In cases in which a subpoena has
been received and the requester refuses to pay appropriate fees,
it may become necessary to request the Department of Justice to
take appropriate legal action before the court issuing the
subpoena.  Determining authorities should consult promptly with
the Office of the Judge Advocate General, General Litigation
Division or the Navy Litigation Office of the General Counsel if
this course of action appears necessary, because some objections
to subpoenas must be made either within 10 days of service of the
subpoena or on or before the time for compliance, whichever first
occurs, and because this will require timely consultation with
the Department of Justice.  If no subpoena has been issued, the
determining authority must decide whether to deny the request or,
if appropriate, waive the fees.

    b.  Waiver or Reduction of Fees.  The determining authority
may waive or reduce fees under 32 C.F.R. §§ 288.4 and 288.9,
provided such waiver or reduction is in the best interest of DON
and the United States.  Fee waivers and reductions shall not be
routinely granted, or granted under circumstances which might
create the appearance that DON favors one party over another.

    c.  Witness Fees Required by the Court.  Witness fees
required by the rules of the applicable court shall be paid
directly to the witness by the requester.  Such amounts are to
defray the cost of travel and per diem.  In a case where the
Government has paid the cost of travel and per diem, the witness
shall turn over to his or her supervisor any payment received
from a private party to defray the cost of travel that, when
added to amounts paid by the Government, exceed the actual cost
of travel.  The supervisor shall forward the amount turned over
by the witness to the Office of the Comptroller of the Navy for
appropriate action.

    d.  Exceptional Cases.  If neither DON, nor an agency of the
Federal Government is a party, appropriated funds may be used to
pay, without reimbursement, travel and per diem of DON personnel
who are witnesses in criminal or civil proceedings, provided, the
case is directly related to the Armed Services, or its members,
and the Armed Services have a genuine and compelling interest in
the outcome.

Enclosure (8)                    2

SECNAVINST 5820.8A
27 AUG 1991

## SAMPLE LETTERS IN RESPONSE TO LITIGATION REQUESTS                          (A

1.  **The following letters are intended to provide the information
that frequently needs to be conveyed to those making litigation
requests.  They are illustrative only and must be modified as
the facts surrounding the request and the underlying lawsuit
dictate.**

    a.  **Sample Letter in Response to a Litigation Request
        Received By Letter or Phone Call**

Dear _____:

This letter confirms your (correspondence) (conversation of
(date), with (name) of this office), in which you advised that
you are seeking official documents proprietary to the Department
of the Navy (or testimony of Department of the Navy personnel
stemming from the performance of their official duties).  You
previously were advised of the regulations and procedures that
pertain to your request.

The release of official records for litigation purposes, includ-
ing a release in response to a subpoena, is controlled by Depart-
ment of Defense Directive 5405.2 and Secretary of the Navy
Instruction 5820.8A.  Those regulations are published at 32
C.F.R. pts. 97 and 725.  They are issued consistent with 5 U.S.C.
§ 301 and the holding of United States ex rel. Touhy v. Ragen,
340 U.S. 462 (1951), which confirms the authority of the head of
a Federal agency to control the release of official information,
including testimony.  They advance the policy that factual
official information should be made reasonably available for use
in litigation, unless that information is classified, privileged,
or otherwise protected from public disclosure.

We currently have limited information regarding the case.  As
indicated by (name), in order for a determination to be made
regarding the release of the information you seek, you must
submit a request in writing to (title and address of determining
authority).  The following information is needed for a thorough
determination to be made regarding release:

    (Identification of parties, their counsel and the nature of
the litigation)

            Caption of case, docket number, court.

            Name, address, and telephone number of all counsel.

                                        Enclosure (9)

SECNAVINST 5820.8A

27 AUG 1991

The date and time when the documents, information, or testimony sought must be produced; the requested location for production; and, if applicable, the estimated length of time that attendance of the DON personnel will be required.

(Identification of information or documents requested)

A description, in as much detail as possible, of the documents, information, or testimony sought, including the current military service, status (active, separated, retired), social security number, if known, of the subject of the requested pay, medical, or service records;

The location of the records, including the name, address, and telephone number, if known, of the person from whom the documents, information, or testimony is sought.

A statement of whether factual, opinion, or expert testimony is requested. (See paragraph 5 of enclosure (1) and paragraph 2c(2) of enclosure (5)).

(Description of why the information is needed)

A brief summary of the facts of the case and the present posture of the case.

A statement of the relevance of the matters sought to the proceedings at issue.

If expert or opinion testimony is sought, an explanation of why exceptional need or unique circumstances exist justifying such testimony, including why it is not reasonably available from any other source.

[Guidance regarding collection of fees and expenses of the witness in connection with the deposition is contained in enclosure (8) to the basic instruction. Additional matters that should be addressed in a responsive letter are set forth in enclosure (4)].

You should be aware that because the records you seek are personal to (subject of records) (applies, among other records, to medical, service, and pay records), they are also protected from disclosure to third parties under the Privacy Act, 5 U.S.C. § 552a, unless certain conditions are met. Under case law interpreting 5 U.S.C. § 552a(b)(11) (release under the order of a court of competent jurisdiction), you will have to provide us with a subpoena reviewed and signed by the judge who has cognizance over the case to obtain the release of the records. An alternative, of course, is to obtain a written consent for the

Enclosure (9)                    2

SECNAVINST 5820.8A
27 AUG 1991

release of the records to you signed by (name of subject of records).

Once the information is received, your request will be processed as expeditiously as possible.  Your point of contact is (identifying information).

Sincerely,


Copy to:
(Command affected by subpoena)
(Counsel representing other parties, if known)

3                                         Enclosure (9)

SECNAVINST 5820.8A
27 AUG 1991

b.   **Sample Response to Service of Subpoena Duces Tecum**

Dear_____:

This letter acknowledges receipt of the subpoena duces tecum you
caused to be issued in the case of (caption) and confirms your
conversation with (name) of this office on (date).   In that
conversation, you were advised of the regulations and procedures
that control this command's response to your request.

The release of official records for litigation purposes, includ-
ing a release in response to a subpoena duces tecum, is con-
trolled by Department of Defense Directive 5405.2 and Secretary
of the Navy Instruction 5820.8A.   Those regulations are published
at 32 C.F.R. pts. 97 and 725.   They are issued consistent with
5 U.S.C. § 301 and the holding of United States ex rel. Touhy v.
Ragen, 340 U.S. 462 (1951), which confirms the authority of the
head of a Federal agency to control the release of official
information, including testimony.   They further the policy that
factual official information should be made reasonably available
for use in litigation, unless that information is classified,
privileged, or otherwise protected from public disclosure.

As indicated by (name), in order for a determination to be made
regarding the release of the information you seek, you must
submit a request in writing to (title and address of determining
authority).   We currently have limited information regarding the
case.   The following information is needed for a thorough deter-
mination to be made regarding release:

(Selectively include the following, depending on the information
that is known or that has been elicited from the requester:)

     (Identification of parties, their counsel and the nature of
the litigation)

          Caption of case, docket number, court.

          Name, address, and telephone number of all counsel.

          The date and time when the documents, information, or
testimony sought must be produced; the requested location for
production; and, if applicable, the estimated length of time that
attendance of the Department of the Navy personnel will be
required.

Enclosure (9)               4

SECNAVINST 5820.8A
27 AUG 1991

### (<u>Identification of information or documents requested</u>)

A description, in as much detail as possible, of the documents, information, or testimony sought, including the current military service, status (active, separated, retired), social security number, if known, of the subject of the requested pay, medical, or service records.

The location of the records, including the name, address, and telephone number, if known, of the person from whom the documents, information, or testimony is sought.

A statement of whether factual, opinion, or expert testimony is requested.  (See paragraph 5 of enclosure (1) and paragraph 2c(2) of enclosure (5).

### (<u>Description of why the information is needed</u>)

A brief summary of the facts of the case and the present posture of the case.

A statement of the relevance of the matters sought.

If expert or opinion testimony is sought, an explanation of why exceptional need or unique circumstances exist justifying such testimony, including why it is not reasonably available from any other source.

(Guidance regarding collection of fees and expenses of the witness in connection with the deposition is contained in enclosure (8) to the basic instruction.  Additional matters that may apply, and which should be addressed in a responsive letter, are set forth in enclosure (4).

Once this information is received, your request will be processed as expeditiously as possible.

You should be aware that because the records you seek are personal to (subject of records) (applies, among other records, to medical, service, and pay records), they are also protected from disclosure to third parties under the Privacy Act, 5 U.S.C. § 552a, unless certain conditions are met.  Under case law interpreting 5 U.S.C. § 552a(b)(11) (release under the order of a court of competent jurisdiction), you will have to present to us a subpoena reviewed, i.e., signed, by the judge who has cognizance over the case to obtain the release of the records.

5                    Enclosure (9)

SECNAVINST 5820.8A
27 AUG 1991

An alternative, of course, is to obtain a written consent for the release of the records to you signed by (name of subject of records).

You should also note that, to be effective, any subpoena for Department of the Navy witness testimony under Federal Rules of Civil Procedure 30(b)(6) or for documents should be directed to his or her agent for notification and service of process, the General Counsel of the Navy, c/o Department of the Navy, Washington, D.C. 20350-1000.  <u>See</u> 32 C.F.R. § 257.5(c).

Sincerely,


Copy to:
(Command affected by subpoena)
(Counsel representing parties, if known)

Enclosure (9)                  6

SECNAVINST 5820.8A
27 AUG 1991

c.  **Sample Letter From Determining Authority Approving DON Witness' Factual Testimony at an Oral Deposition**

Dear_____:

By your letter of (date), as well as your conversation with (name), you have indicated you desire to depose (name of DON witness) as a factual witness concerning events in connection with the case of (cite caption of the underlying litigation). Subject to the conditions and limitations discussed herein, your request to take such a deposition is approved.

With respect to the scope of the deposition, you may inquire into all factual matters reasonably preceding or contemporaneous with the event in question.  This includes any opinions that were formulated previously by (witness), within the scope of his/her duties, so long as they relate to the event in question.  Such previously held opinions are considered to be factual in nature.

(Name of witness) is not authorized to testify as an expert or opinion witness.  The scope of this authorization for (witness) to testify does not extend to opinions or speculation. Accordingly, he/she is not authorized to state, form, or adopt any hypothetical opinion based upon matters submitted to him/her, either after the event in question, or at the deposition.  Nor should (name of witness) be asked to state any current opinion.

Under no circumstances should inquiry be made, nor is (witness) authorized to testify, concerning the contents of any privileged documents or about any privileged information.  The same prohibition applies to all classified materials and information.

By copy of this authorization, (the witness and other counsel participating in the case) are notified of the limits on (witness') testimony.  The date and time of such deposition shall be as mutually agreed upon by the parties, the deponent, and his/her commanding officer (with whom arrangements may be made directly).

(Include following if applicable) As discussed on the phone, due to the nature of the case, a representative of the Department of the Navy, (name) will attend the deposition (as an observer) (as counsel for the witness).  We request that the time and place of the deposition be coordinated with (name of observer/counsel) to assure his/her presence.

The deposition shall be conducted in the locale of the deponent's military command or activity unless the deponent and his or her commanding officer (supervisor) agree otherwise.  Any expenses

7                        Enclosure (9)

SECNAVINST 5820.8A
27 AUG 1991

for the deponent's attendance shall be advanced by you as the
requesting party.  You should inform (names of action
officer/witness) of the arrangements that have been made in a
timely fashion.  Failure to do so, or to otherwise make
satisfactory arrangements for the costs of the witness'
attendance at the deposition, shall be a basis for cancellation
of this authorization.  In no event shall any expense be imposed
upon the Department of the Navy or (name of DON witness) by
virtue of this authorization.

It is expressly understood that this grant is limited to a single
deposition, with inquiry limited to those areas requested and
granted.  By copy of this letter, counsel to all parties of
record are advised of this action.  Any request by any party to
enlarge the scope of the inquiry shall be submitted in writing to
this office within 10 days of receipt of this letter.  (Name of
DON witness) has been instructed not to waive the requirement of
his signature on the resulting record of the deposition.

This grant of authority is for purposes of oral deposition alone.
It is expressly understood that consent hereto does not con-
stitute consent to a subsequent deposition or trial testimony.
Absent compelling circumstances, the deponent will not be permit-
ted to attend further depositions in this matter.  In that
regard, the military mission of the deponent shall take priority
over all actions described here and the right is retained to make
whatever arrangements may be necessary to minimize interference
with those mission requirements.

[Guidance regarding collection of fees and expenses of witness in
connection with the deposition is contained in enclosure (8) to
the basic instruction.  Additional matters that may apply and
should be addressed in a responsive letter are set forth in
enclosure (4).]

(Name of POC) of this office remains the action officer in this
matter, and may be contacted by any party at _____.

                         Sincerely,



Copy to:
(Deponent)
(Counsel representing each party)



Enclosure (9)                    8