Stephen M. Lobbin (admitted *pro hac vice*)
Edward F. O'Connor
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000
Fax:  949.851.5051

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387
Fax:  435.252.1361

*Attorneys for Plaintiff* Petter Investments, Inc. d/b/a RIVEER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>          Defendants. | **REPLY IN SUPPORT OF PLAINTIFF RIVEER'S MOTION TO EXTEND "PHASE I" FACT DISCOVERY DEADLINE**<br><br>Civil Case No. 2:14-CV-00045<br><br>Honorable District Judge Dee Benson<br><br>Honorable Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 7-1(b)(2)(B), Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") submits the following reply in support of its request to extend the deadline for "Close of Phase I fact discovery" from December 1, 2014 to March 30, 2015 (or another date determined by the Court).  As explained herein, none of Hydro's opposition arguments undermines the sufficient justification for the requested extension.[1]

First, Hydro fails to mention that its very recent document production amounts to a whopping 10,316 pages!  *See* Ex. 7.[2]  Compared to Hydro's entire production of 13,484 pages (and assuming it has no more documents to produce), this means that Hydro produced more than 76% of its total document production just six weeks before the fact discovery cutoff.  Riveer originally requested these documents on May 16, 2014, more than *five months* before Hydro got around to finally producing them.  *See* Ex. 8.  Hydro's explanation for this delay—*i.e.*, that Riveer did not threaten a motion to compel fast enough—confirms Hydro's game-playing with the discovery rules.  Riveer appropriately requested these documents in May; in response, Hydro should have produced these documents in June rather than interposing and standing on spurious objections in the hope that Riveer would not press its requests.  *See* Ex. 3 (*passim*) (Hydro's consistent refrain of its improper response that "**Hydro refuses to produce any documents** based on this Request [but] is willing to meet and confer . . . .") (emphasis added).  Unfortunately, according to Hydro's brand of litigation, "If Riveer would have raised its concerns with Hydro concerning Hydro's document production in late June . . . , the supplemental production Hydro

---

[1] As Riveer proposed alternatively in its Motion, it would be acceptable if this Court determines that a lesser period of extension than requested would be more appropriate, or an extension should be limited to deposition discovery only.

[2] Exhibits 7-9 cited herein are submitted with the accompanying Supplemental Lobbin Declaration.  Exhibits 1-6 were submitted with the original Lobbin Declaration accompanying this Motion.

recently produced would have been produced by the end of July." Hydro's self-serving protocol requiring an opponent to request documents—then ask for the same documents again or suffer the consequence of receiving no documents—is improper and not contemplated by the rules of discovery. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(C) ("An objection to part of a request must specify the part ***and permit inspection of [or produce] the rest***.") (emphasis added). The Court should assess the delay in document production against Hydro, not Riveer.

Second, Hydro's argument about a conference of counsel re-affirms Hydro's focus on game-playing. This Motion is not a discovery motion, but rather a motion to extend one deadline in the case schedule. As such, DUCivR 7.1(a)(2)(A) applies, while DUCivR 37-1 does not.[3] Even if Riveer's Motion did carry a conference of counsel requirement, Riveer's Motion provides a sufficient "statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion . . . [and] the date, time, and place of such consultation and the names of all participating parties or attorneys." *See* Lobbin Decl. ¶ 7, Ex. 4 (Dkt. Nos. 149 at 3-4, and 149-4). Riveer did not consult further because of the urgency of confirming an extension, and because Hydro's response to Riveer's request for a stipulation was completely unequivocal:

> Hydro ***does not agree and will not stipulate to an extension*** of the pre-claim construction discovery period. ***If you would like to discuss***, please let us know when may work for a conference call.

*Id.*, Ex. 4 (emphasis added). Hydro again strains common sense by suggesting its response "indicat[ed] disagreement [but] invited further discussion by telephone." No such equivocation

---

[3] It would make no sense if DUCivR 37-1 applied to Riveer's Motion, because DUCivR 37-1(b) requires, for example, "a copy of the discovery request, the response to the request to which objection is made, and a succinct statement, separately for each objection, summarizing why the response received was inadequate." This requirement confirms it applies only to a motion to compel discovery, not an extension request.

or invitation was received, as Riveer has confirmed in a recent letter welcoming discussions and a compromise on the extension issue.  *See* Ex. 9.  Indeed, Hydro could have e-mailed or called to discuss a compromise any time after receiving Riveer's Motion.  They never did.

Third, Hydro's argument about "diligence" is a distinction without a difference here. Simple "good cause" is required to extend a discovery cutoff deadline.  *See, e.g., Wilcox v. Career Step*, 2012 U.S. Dist. LEXIS 170578, at *4 (D. Utah Nov. 30, 2012) (Pead, M.J.) (applying Rule 6(b) to grant motion to amend fact discovery deadline); *Pia v. Supernova Media, Inc.*, 2012 U.S. Dist. LEXIS 48742, at *10 (D. Utah Apr. 5, 2012) ("Pursuant to Rule 6(b) . . . the court is permitted to extend deadlines for good cause [and] pursuant to Rule 16(b)(4) . . . the court may modify dates in a scheduling order for good cause.").  Moreover, Riveer's Motion papers provide "an adequate explanation for any delay" nonetheless, which satisfies any included "diligence" aspect of the "good cause" standard.  *See* Lobbin Decl. ¶¶ 3-11 (Dkt. No. 149 at 3-5). Riveer's detailed explanation of its own diligence (and Hydro's delays) includes the following facts:

- The context of this case as more involved than a "typical" patent case, involving three patents-in-suit and separate claims for false advertising, intentional interference with prospective economic advantage, unfair competition, and a declaratory judgment of no trademark infringement.
- Hydro's tardy production of documents originally requested in May 2014, and again in July 2014, and again in September 2014, even after specifically promising to produce many key documents related to Riveer's false advertising, intentional interference, and unfair competition claims.
- Riveer's diligence in filing this Motion, to ensure sufficient time to marshal Hydro's completed document production and interrogatory responses, and thereafter schedule and conduct its remaining depositions.

- Riveer's diligence in pursuing discovery of third-parties, made necessary because of Hydro's failure to provide key responsive documents and information directly via party discovery.
- The context of the difficult recent schedule of Riveer's lead counsel, and the inherent scheduling difficulties around the Thanksgiving holiday.

*Id.*

Fourth, Hydro's "prejudice" argument rings hollow because, as Hydro itself states, most of its late-produced documents "relate to the competitive bid sales" relevant to Riveer's non-patent allegations, rather than patent infringement. For this reason, the remaining discovery for which Riveer requests additional time relates principally to the non-patent allegations, and this discovery will not have any effect on claim construction or summary judgment issues related to the three patents-in-suit. Despite Hydro's general concern about an "evolving factual record," from this point forward none of the remaining discovery should have any impact on Hydro's ability to present whatever patent issues it would like this Court to consider for summary adjudication. Tellingly, Hydro never explains how any of **Riveer's** discovery could "hamper Hydro's summary judgment strategy."

Finally, this Court should find "good cause" for an extension because of fundamental fairness—not only to Riveer after receiving 10,316 document pages just days ago, but also to the witnesses who, because of an undoubtedly tight schedule in November, would be forced to sit for a deposition on a potentially inconvenient schedule. For example, after it is able to review and prepare Hydro's 10,316 new document pages, Riveer is planning to take four depositions of Hydro personnel, as well as five other depositions of various third-parties. This is in addition to three other depositions Hydro has noticed for November 19-21 (which dates may need to be moved based on witness and counsel availability). If these depositions must be completed by

December 1, 2014, the scheduling difficulties would surely cause difficulties not only for Riveer, but the witnesses (and Hydro) as well.

      Therefore, based on the foregoing and the moving papers, Riveer submits that "good cause" exists and thereon requests that the deadline for the "Close of Phase I fact discovery" in this action be extended from December 1, 2014 to and including March 30, 2015.

Dated:  October 27, 2014                    Respectfully submitted,

                                            **The Eclipse Group LLP**

                                            /s/ Stephen M. Lobbin
                                            Stephen M. Lobbin (admitted *pro hac vice*)
                                            *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing document—**REPLY IN SUPPORT OF PLAINTIFF RIVEER'S MOTION TO EXTEND "PHASE I" FACT DISCOVERY DEADLINE**—to be filed via the Court's CM/ECF system and thereby served on the parties as follows:

>Brett L. Foster, 6089
>bfoster@hollandhart.com
>Mark A. Miller, 9563
>mmiller@hollandhart.com
>Christopher B. Hadley, 14055
>cbhadley@hollandhart.com
>**Holland & Hart LLP**
>222 S. Main Street, Suite 2200
>Salt Lake City, Utah 84101

Dated: October 27, 2014  /s/ Stephen M. Lobbin
Stephen M. Lobbin (admitted *pro hac vice*)
*Attorney for Plaintiff*