# EXHIBIT 8

Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel: 435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>Defendants. | **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT HYDRO ENGINEERING, INC.**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

1

Pursuant to Fed. R. Civ. P. 34, Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") requests that Defendant Hydro Engineering, Inc. ("Hydro") produce the following items in Hydro's possession, custody, or control. Hydro must respond in writing to these requests within 30 days after being served.

## DEFINITIONS AND INSTRUCTIONS

The same "Definitions" and "Instructions" recited in Defendants' First Requests for Production to Plaintiff (served May 8, 2014) shall apply to these requests.[1]

## REQUESTS FOR PRODUCTION

1. All documents and things referring to, relating to, or concerning Riveer.

2. All documents and things referring to, relating to, or concerning the design, construction or features of the accused products (identified in Plaintiff's Initial Infringement Contentions), including but not limited to drawings, photographs, product information (including composition, features and characteristics), and customer communications (including e-mails, proposals, solicitations, or delivery records).

3. All documents and things referring to, relating to, or concerning the original creation and development process for each accused product, including but not limited to any communications concerning existing patents or products of others.

4. All documents and things referring to, relating to, or concerning Hydro's knowledge of each patent-in-suit, including but not limited to Hydro's first awareness of each patent-in-suit and Hydro's first awareness of the application resulting in each patent-in-suit.

---

[1] Obviously, the terms "Defendant," "Hydro," and "Hydro Engineering, Inc." should be substituted for "Plaintiff," "Petter," and "Petter Investments, Inc.," respectively, where those terms are used in Defendants' First Requests for Production to Plaintiff (in particular, in Paragraph 6). Also, Paragraph 18 does not apply herein.

2

5. All documents and things referring to, relating to, or concerning any consideration of the possibility of seeking a license under any existing patent or proprietary technology for any accused product, including but not limited to any communications with McHenry Pressure Cleaning Systems <mchenrypcs.com>.

6. All documents and things referring to, relating to, or concerning the identities of the actual or potential distributors or buyers of the accused products since 2006.

7. All documents and things referring to, relating to, or concerning sales of the accused products since 2006.

8. All documents and things referring to, relating to, or concerning all customers who purchased any of the accused products since 2006, including customer communications (including e-mails, proposals, solicitations, or delivery records).

9. All documents and things referring to, relating to, or concerning Defendant CCS, including but not limited to communications (including e-mails) between Hydro and CCS concerning purchases, sales or offers to sell Hydro products or systems, the accused products, Riveer, or the patents-in-suit.

10. All documents and things referring to, relating to, or concerning the patents-in-suit, including but not limited to any analysis or communications concerning infringement, non-infringement, willful infringement, validity, invalidity, enforceability, unenforceability, or any other potential defense to infringement.

11. All documents and things referring to, relating to, or concerning the differences and/or similarities between any of the patents-in-suit and any prior art, product, device, or system.

12. All documents and things referring to, relating to, or concerning any prior art to the '298 patent, including but not limited to any non-confidential disclosure, offer to sell, or sale of any prior art product prior to the critical date.

13. All documents and things referring to, relating to, or concerning the conception, development, or reduction to practice of any prior art product to the '298 patent.

14. All documents and things referring to, relating to, or concerning any prior art to the '774 patent, including but not limited to any non-confidential disclosure, offer to sell, or sale of any prior art product prior to the critical date.

15. All documents and things referring to, relating to, or concerning the conception, development, or reduction to practice of any prior art product to the '774 patent.

16. All documents and things referring to, relating to, or concerning any prior art to the '720 patent, including but not limited to any non-confidential disclosure, offer to sell, or sale of any prior art product prior to the critical date.

17. All documents and things referring to, relating to, or concerning the conception, development, or reduction to practice of any prior art product to the '720 patent.

18. All documents and things referring to, relating to, or concerning the level of ordinary skill in the art relevant to the inventions claimed in the patents-in-suit.

19. All documents and things referring to, relating to, concerning, supporting, or contradicting the obviousness or non-obviousness of the inventions claimed in the patents-in-suit, including but not limited to any secondary considerations such as (a) teaching away, (b) unexpected results, (c) solving a long-felt but unmet need, (d) acclaim or praise of the claimed invention, (e) copying of the claimed features, and (f) commercial success.

20. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 11 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

21. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 14 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

22. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 20 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

23. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 26 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

24. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 30 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

25. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 31 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

26. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 33 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

27. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 34 of the Second Amended Complaint, including but not limited to Hydro's denial of the allegations.

28. All documents and things referring to, relating to, or concerning any licenses or licensing proposals related to any accused product.

29. All documents and things referring to, relating to, or concerning any bid or proposal submitted in response to a solicitation for competitive bids, including but not limited to communications, e-mails, solicitations, specifications, or bids.

30. All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids, including but not limited to communications, e-mails, solicitations, specifications, or bids.

31. All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids, where Hydro knew or had reason to know Riveer also could submit a bid, including but not limited to communications, e-mails, solicitations, specifications, or bids.

32. All documents and things referring to, relating to, or concerning any bid or proposal submitted in response to a solicitation for competitive bids from any government entity, including but not limited to communications, e-mails, solicitations, specifications, or bids.

33. All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids from any government entity, including but not limited to communications, e-mails, solicitations, specifications, or bids.

34. All documents and things referring to, relating to, or concerning any bid or proposal submitted by Hydro in response to a solicitation for competitive bids from any government entity, where Hydro knew or had reason to know Riveer also could submit a bid, including but not limited to communications, e-mails, solicitations, specifications, or bids.

35. All documents and things referring to, relating to, or concerning the "VCI Marine Corps project" referenced in Paragraph 31 of the Second Amended Complaint, including any communications, bids, proposals, offers to sell, or sales of any product or system.

36. All documents and things referring to, relating to, or concerning the "solicitation by the U.S. Army at Barstow, California" referenced in Paragraphs 32-34 of the Second Amended Complaint, including any communications, bids, proposals, offers to sell, or sales of any product or system.

37. All documents and things referring to, relating to, or concerning Katch Kan <katchkan.com>, including any communications, bids, proposals, offers to sell, or sales of any product or system.

38. All documents and things referring to, relating to, or concerning Kellogg, Brown and Root <kbr.com>, including any communications, bids, proposals, offers to sell, or sales of any product or system.

39. All documents and things referring to, relating to, or concerning the Kellogg, Brown and Root RFQ-180057-B114543- FYA.

40. All documents and things referring to, relating to, or concerning the use, sale, or offer to sell the accused products as shown and described in documents RIV1034-1132, including but not limited to applications concerning the military, the Northwest Territories, the Australia mine, and the bus wash application.

41. All documents and things referring to, relating to, or concerning the Hydro products and systems referred to in documents RIV1207-1223, including but not limited to all documents and things referring to, relating to, or concerning Solicitation No. W9124N-12-R-0054.

42. All documents and things referring to, relating to, or concerning Bid No. W91B4N-12-R-5006 and/or Contract No. W91B4N-12-C-5039 for 10VWS units for Afghanistan.

43. All documents and things referring to, relating to, or concerning Bid No. W9124N-12-R-0054 for the U.S. Army in Barstow, California.

44. All documents and things referring to, relating to, or concerning Solicitation No. M6700110Q0297 for the VCI Marine Corps.

45. All documents and things referring to, relating to, or concerning Solicitation No. W911RX-13-T-0064 for the AWS/TAWSP10175DT/M product for Fort Riley.

46. All documents and things referring to, relating to, or concerning RFQ No. 569-31600401 for 12 TAWS units for SAIC.

47. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 73 of the Second Amended Complaint.

48. All documents and things referring to, relating to, or concerning Hydro's alleged trademark rights in and to the TEWS acronym.

49. All documents and things referring to, relating to, or concerning Hydro's use of the TEWS mark, including but not limited to the first use in commerce.

50. All documents and things referring to, relating to, or concerning any instance of actual confusion between Hydro's alleged TEWS mark and Riveer's TAWS mark.

51. All documents and things referring to, relating to, or concerning any evidence of likelihood of confusion between Hydro's alleged TEWS mark and Riveer's TAWS mark, including but not limited to (a) similarity between the marks, (b) intent of the alleged infringer, (c) similarity of products and manner of marketing, (d) degree of care likely to be exercised by purchasers, (e) strength or weakness of the marks, (f) length of time during and conditions under which there has been concurrent use without evidence of actual confusion, and (g) extent of potential confusion, *i.e.*, whether *de minimis* or substantial.

52. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations in Paragraph 13-26 of Defendants' Counterclaims.

53. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations of fact contained in the Declaration of Alan McCormick in this action, signed and filed July 19, 2013.

54. All documents and things referring to, relating to, concerning, supporting, or contradicting the allegations of fact contained in the Second Declaration of Alan McCormick in this action, signed and filed September 27, 2013.

55. All documents and things referring to, relating to, or concerning the documents and information referenced in Defendants' Initial Disclosures (including Local Patent Rule 2.2 Disclosures), including but not limited to the documents and information known to James McCormick, Alan McCormick, Kerry Smith, Les Sanders (including Hertz Rentals), and Scott Harris (including AID Equipment Co.).

56. All documents and things referring to, relating to, concerning, supporting, or contradicting the contentions set forth in Defendants' Initial Non-Infringement, Unenforceability and Invalidity Contentions, including but not limited to the contentions of "improper inventorship" and "unenforceability" discussed at pages 27-28.

57. All documents and things referring to, relating to, or concerning the witnesses identified in Plaintiff Riveer's Initial Disclosures.

Dated: May 16, 2014                        Respectfully submitted,

                                              **The Eclipse Group LLP**

                                              /s/ Stephen M. Lobbin
                                              Stephen M. Lobbin (admitted *pro hac vice*)
                                              *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document—**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT HYDRO ENGINEERING, INC.**—pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the parties as follows:

> Brett L. Foster, 6089
> bfoster@hollandhart.com
> Mark A. Miller, 9563
> mmiller@hollandhart.com
> Christopher B. Hadley, 14055
> cbhadley@hollandhart.com
> **Holland & Hart LLP**
> 222 S. Main Street, Suite 2200
> Salt Lake City, Utah 84101

Dated:  May 16, 2014                             /s/ Stephen M. Lobbin