# EXHIBIT A

**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Defendants*
*Hydro Engineering Inc. and CA Cleaning Systems, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PETTER INVESTMENTS, INC. d/b/a RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.,** a Utah corporation; and **CA CLEANING SYSTEMS, INC.,** a California company,<br><br>Defendants. | **HYDRO ENGINEERING, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 10-25)**<br><br>Civil Case No. 2:14-CV-00045-DB<br><br>Judge Dee Benson |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Hydro Engineering, Inc. ("Hydro" or "Defendant") hereby responds and objects to Plaintiff Petter Investments, Inc. d/b/a Riveer's ("Riveer" or "Plaintiff") Second Set of Interrogatories (Nos. 10-25) as follows:

## **GENERAL OBJECTIONS**

A.  Hydro objects to each Interrogatory to the extent that it seeks information that is protected by the attorney/client privilege, attorney work product doctrine, or any other applicable and available privilege.  Any inadvertent disclosure of such protected or privileged information is not intended to waive any such protection, nor is the production of any such information to be deemed a waiver of such protection or privilege as to any other information or document.

B.  Hydro objects to each Interrogatory to the extent that it seeks identification of "all documents," "all persons," and/or "all facts."  Such requests are vague, over-inclusive, overly broad, and duplicative of other requests, and seek information or call for the production of documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

C.  Hydro objects to each Interrogatory to the extent it purports to require Hydro to obtain information outside of its possession, custody, or control, or to the extent it purports to create a duty to generate documents, or to the extent it seeks information solely in the possession of Hydro's attorneys.

D.  Hydro objects to each Interrogatory to the extent that it seeks information and/or documents that are (i) already within the possession, custody, or control of Riveer, (ii) obtainable with less burden or expense from another source, or (iii) more appropriately obtainable by means of another discovery method.

E.  Hydro objects to Riveer's "Instructions" to the extent they purport to impose obligations or requirements that are inconsistent with and/or exceed those imposed by the Federal Rules of Civil Procedure.  Hydro will respond pursuant to the applicable provisions of

7309202_1
**R. APP. 0003**


7309202_1
**R. APP. 0003**

the Federal Rules of Civil Procedure and any purported instructions, definitions, requirements, or requests to the contrary will be disregarded.

   F. Hydro reserves all rights to object to the competency, relevancy, materiality, and admissibility of the information requested in and disclosed in response to these Interrogatories.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 10**: Identify the specific quantity (at least by year, units, revenues, and profits) of "sales of the TEWS product" referred to in Hydro's statement in Paragraph 14 of its Counterclaim (Dkt. No. 66 at 16) that, "Due to Hydro's length of use, extensive advertising, and sales of its TEWS product, it has acquired secondary meaning."

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 10**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro further objects to this Request as it is overly broad and unduly burdensome to the extent it requires a description of the all circumstances, known or unknown to Hydro concerning the secondary meaning of the TEWS mark. Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control. Hydro further objects to this Request to the extent it seeks information that is in Riveer's possession, custody and control. Hydro further objects to this Request to the extent it seeks information that is publicly available. Hydro further objects to this Request to the extent it violates the Patent Case Scheduling Order by seeking damages-related discovery during the liability phase of this bifurcated case. *See* Dkt. 79.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), information sought in this Interrogatory may be derived or ascertained from business records produced by both parties in this matter, including, but not limited to: HE-UT-PAT 0003274-3279 and HE-UT-PAT 0013668-14089.

**INTERROGATORY NO. 11**:  Identify the specific "customers" and "evidence" referred to in Hydro's statement in Paragraph 20 of its Counterclaim (Dkt. No. 66 at 17) that, "There is evidence that [Riveer's] adoption of the TAWS mark has caused confusion with Hydro's customers that know that TEWS products derive only from Hydro."

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 11**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control. Hydro further objects to this Request to the extent it seeks information that is in Riveer's possession, custody and control. Hydro further objects to this Request to the extent it seeks information that is publicly available.

Subject to and without waiving these objections, and pursuant to Fed. R. Civ. P. 33(d), information sought in this Interrogatory may be derived or ascertained from business records produced by both parties in this matter, including, but not limited to: HE 019464-65. Edythe Stugart is a Buyer at SAIC (Science Application International Corporation), a government contracting organization that has and continues to purchase products, including aircraft and engine wash systems from both Hydro and Riveer. Based on Riveer's improper use of the term TAWS, Ms. Stugart, a sophisticated purchaser, was confused about the origin of Riveer's

product, believing it to be associated with Hydro's TEWS product. Hydro provides this information despite the burden of determining or ascertaining the requested information from these business records is substantially the same for Hydro as it is for Riveer.

**INTERROGATORY NO. 12**: Identify the specific "purchasers" mentioned in Hydro's statement in Paragraph 22 of its Counterclaim (Dkt. No. 66 at 17) that "even the sophisticated purchasers have already been confused in the limited time that Petter has offered its TAWS product."

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 12**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control. Hydro further objects to this Request to the extent it seeks information that is in Defendant's possession, custody and control. Hydro further objects to this Request to the extent it seeks information that is publicly available.

Subject to and without waiving these objections, Hydro incorporates its response to Interrogatory No. 11.

**INTERROGATORY NO. 13**: Explain in detail Hydro's contention concerning "the level of ordinary skill in the pertinent art" related to the '298 patent-in-suit.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 13**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it calls for a legal conclusion. Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.

Subject to and without waiving these objections, Hydro responds that for purposes of understanding and construing the claims of the '298 patent, the hypothetical person of ordinary skill in the art is one who has several years of experience designing vehicle or equipment washing systems.

**INTERROGATORY NO. 14**: Explain in detail Hydro's contention concerning "the level of ordinary skill in the pertinent art" related to the '774 patent-in-suit.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 14**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it calls for a legal conclusion. Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.

Subject to and without waiving these objections, Hydro responds that for purposes of understanding and construing the claims of the '774 patent, the hypothetical person of ordinary skill in the art is one who has several years of experience designing vehicle or equipment washing systems.

**INTERROGATORY NO. 15**: Explain in detail Hydro's contention concerning "the level of ordinary skill in the pertinent art" related to the '720 patent-in-suit.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 15**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it calls for a legal conclusion. Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.

Subject to and without waiving these objections, Hydro responds that for purposes of understanding and construing the claims of the '720 patent, the hypothetical person of ordinary

skill in the art is one who has several years of experience designing vehicle or equipment washing systems.

**INTERROGATORY NO. 16**:  Identify the individual(s) at Larsen Foundry Supply Corporation with whom Hydro has communicated concerning the alleged prior art product identified in Hydro's Final Invalidity Contentions.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 16**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning the alleged prior art."

Subject to and without waiving these objections, Hydro responds that historically its main contact at Larsen Foundry Supply Corporation ("Larsen") has been Than Larsen. Than Larsen is currently retired. Hydro's current contact at Larsen is Brian Larsen.

**INTERROGATORY NO. 17**:  Identify the individual(s) at AID Equipment Company with whom Hydro has communicated concerning the alleged prior art product identified in Hydro's Final Invalidity Contentions.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 17**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning the alleged prior art."

Subject to and without waiving these objections, Hydro responds as follows: Scot Harris.

**INTERROGATORY NO. 18**:  Identify the individual(s) at Axxon International, LLC (referenced in Plaintiff's Notice of Service of Subpoenas, served September 23, 2014) with

whom Hydro (or an agent of Hydro) has communicated concerning a wash pad sale or offer to sell.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 18**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control.  Hydro further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning a wash pad sale or offer to sell."  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Hydro states that pursuant to Fed. R. Civ. P. 33(d) information sought in this Interrogatory may be derived or ascertained from business records produced by Hydro in this matter, including:  HE-UT-PAT 0001141; HE-UT-PAT 0001158-162; HE-UT-PAT 0001283-289; HE-UT-PAT 0001505-512; HE-UT-PAT 0001528-535; HE-UT-PAT 0001645-1706; HE-UT-PAT 0001719-725; HE-UT-PAT 0001733-37; HE-UT-PAT 0001745-747; and HE-UT-PAT 0002466-503.

**INTERROGATORY NO. 19**:   Identify the individual(s) at CACI International, Inc. (referenced in Plaintiff's Notice of Service of Subpoenas, served September 23, 2014) with whom Hydro (or an agent of Hydro) has communicated concerning a wash pad sale or offer to sell.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 19**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control.  Hydro further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning a wash pad sale or offer to sell."  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Hydro states that pursuant to Fed. R. Civ. P. 33(d) information sought in this Interrogatory may be derived or ascertained from business records produced by Hydro in this matter, including:  HE-UT-PAT 0006452; HE-UT-PAT 0006503; HE-UT-PAT 0006775-6784; HE-UT-PAT 0006636-6661; HE-UT-PAT 0006718; HE-UT-PAT 0006785-6789; HE-UT-PAT 0006794-6799; HE-UT-PAT 0006879-6886; HE-UT-PAT 0006902-6905; HE-UT-PAT 0006930-6934; HE-UT-PAT 0007023-7045; HE-UT-PAT 0007134-7154; HE-UT-PAT 0007305-7325; HE-UT-PAT 0007400-7402; HE-UT-PAT 0007483-7485; HE-UT-PAT 0007555-7759; HE-UT-PAT 0007638-7639; HE-UT-PAT 0007829-7830; HE-UT-PAT 0007834-7835; HE-UT-PAT 0007839-7844; HE-UT-PAT 0008347-8377; HE-UT-PAT 0008382-8419; HE-UT-PAT 0008420-8438; HE-UT-PAT 0008462-8467; HE-UT-PAT 0008535; HE-UT-PAT 0009109-9209; HE-UT-PAT 0010856; HE-UT-PAT 0012945-946; HE-UT-PAT 0013003-13010; HE-UT-PAT 0013014-13015; HE-UT-

PAT 0013106-13140; HE-UT-PAT 0013156-13159; HE-UT-PAT 0013175-13196; HE-UT-PAT 0013266-13285; and HE-UT-PAT 0013301.

**INTERROGATORY NO. 20**:  Identify the individual(s) at KBR (referenced in Plaintiff's Notice of Service of Subpoenas, served September 23, 2014) with whom Hydro (or an agent of Hydro) has communicated concerning a wash pad sale or offer to sell.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 20**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control.  Hydro further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning a wash pad sale or offer to sell."  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Hydro states that pursuant to Fed. R. Civ. P. 33(d), information sought in this Interrogatory may be derived or ascertained from business records produced by Hydro in this matter, including, but not limited to:  HE-UT-PAT 0004161-0005639.

**INTERROGATORY NO. 21**: Identify the individual(s) at MICC Fort Riley (referenced in Plaintiff's Notice of Service of Subpoenas, served September 23, 2014) with whom Hydro (or an agent of Hydro) has communicated concerning a wash pad sale or offer to sell.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 21**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control.  Hydro further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning a wash pad sale or offer to sell."  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Hydro states that pursuant to Fed. R. Civ. P. 33(d), information sought in this Interrogatory may be derived or ascertained from business records produced by Hydro in this matter, including, but not limited to:  HE-UT-PAT 014126-014209.  Hydro sold an advanced total aircraft wash system to Fort Riley in 2013.  Hydro identifies documents related to that sale even though Riveer's Request is limited to "wash pad sale[s] or offer to sell."

**INTERROGATORY NO. 22**:  Identify the individual(s) at SAIC (referenced in Plaintiff's Notice of Service of Subpoenas, served September 23, 2014) with whom Hydro (or an agent of Hydro) has communicated concerning a wash pad sale or offer to sell.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 22**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro further objects to this Request to the extent it seeks information not

currently in Hydro's possession, custody and control. Hydro further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning a wash pad sale or offer to sell." Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Hydro states that pursuant to Fed. R. Civ. P. 33(d) information sought in this Interrogatory maybe derived or ascertained from business records produced by Hydro and Riveer in this matter, including, but not limited to: HE 019464-77; HE 114539; HE 114546; HE 114893-894; HE 116540-542; HE 116714-772; HE 118399-402; HE 118501; HE-UT-PAT 0001264-1276; HE-UT-PAT 0007326-7334; HE-UT-PAT 0007370-7375; HE-UT-PAT 0007384-7390; PET027061; PET027141-161; PET027807; PET027818; PET 184262; and PET 184294-296.

**INTERROGATORY NO. 23**: Identify the individual(s) at MCI East-Camp Lejeune (referenced in Plaintiff's Notice of Service of Subpoenas, served September 23, 2014) with whom Hydro (or an agent of Hydro) has communicated concerning a wash pad sale or offer to sell.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 23**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law. Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control. Hydro further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning a wash pad sale or offer

to sell." Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Hydro states that pursuant to Fed. R. Civ. P. 33(d) information sought in this Interrogatory may be derived or ascertained from business records produced by Hydro in this matter, including, but not limited to: HE-UT-PAT 0000877-1245; HE-UT-PAT 0001290-1504; HE-UT-PAT 00001528-1706; HE-UT-PAT 0001726-2631; HE-UT-PAT 00002648-2659; HE-UT-PAT 0002668-2683; and HE-UT-PAT 0006437-6444.

**INTERROGATORY NO. 24**:  Identify the individual(s) at MICC-Presidio of Monterey (referenced in Plaintiff's Notice of Service of Subpoenas, served September 23, 2014) with whom Hydro (or an agent of Hydro) has communicated concerning a wash pad sale or offer to sell.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 24**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro further objects to this Request to the extent it seeks information not currently in Hydro's possession, custody and control.  Hydro further objects to this Request as vague and ambiguous at least as to the terms "communicated concerning a wash pad sale or offer to sell."  Hydro further objects to this Request as seeking information that is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Hydro states that pursuant to Fed. R. Civ. P. 33(d) information sought in this Interrogatory may be derived or ascertained from business records produced by Hydro in this matter, including, but not limited to: HE-UT-PAT 0000500-876; HE-UT-PAT 0002808-2841; HE-UT-PAT 0005641-5740; HE-UT-PAT 0005796-5835; HE-UT-PAT 0005867-6026; HE-UT-PAT 00060143-6044; HE-UT-PAT 0006201-6204; and HE-UT-PAT 0013631-13667.

**INTERROGATORY NO. 25**:  Explain in detail the factual and/or legal basis for any partial or complete denial of any of Riveer's Request for Admission Nos. 1-5.

**RESPONSE/OBJECTION(S) TO INTERROGATORY NO. 25**:

Hydro incorporates by reference each General Objection set forth above, and further objects to this Request to the extent it seeks to require more of Hydro than any obligation imposed by law.  Hydro further objects to this Request as vague and ambiguous at least as to the terms "Explain in detail."  Hydro further objects to this Request as it is overly broad and unduly burdensome to the extent it requires a description of "any partial or complete denial of any" of Riveer's Requests for Admission. Hydro further objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Hydro further objects to this Request to the extent it calls for a legal conclusion.  Hydro further objects to this topic to the extent it seeks to conduct discovery of expert opinion.

Subject to and without waiving these objections, Hydro responds that Hydro provided substantive responses to Riveer's Requests for Admission Nos. 1-5 that are responsive to this Request.  Hydro hereby incorporates by this reference its Responses to Riveer's Requests for Admission Nos. 1-5.

Dated this 26th day of November, 2014.

        HOLLAND & HART LLP

        /s/ Christopher B. Hadley
        Brett L. Foster
        Mark A. Miller
        Christopher B. Hadley

        *Attorneys for Defendants*
        *Hydro Engineering Inc. and*
        *CA Cleaning Systems, Inc.*

## VERIFICATION

I, Alan McCormick, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing responses and objections to Plaintiff's Second Set of Interrogatories (Nos. 10-25) are true and correct to the best of my knowledge and the information available to me.

Dated this 26 day of NOVEMBER 2014.

_____
Alan McCormick

7309202_1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of November, 2014, I caused a true and correct copy of the foregoing **HYDRO ENGINEERING, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (NOS. 10-25)** to be served by the method indicated below, and addressed to the following:

| | |
|---|---|
| Mark W. Ford (10659)<br>mford@mabr.com<br>Rachel Jacques (13250)<br>rjacques@mabr.com<br>MASCHOFF, BRENNAN, LAYCOCK,<br>GILMORE, ISRAELSEN & WRIGHT<br>1389 Center Drive, Suite 300<br>Park City, Utah 84098 | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail  ☐ Facsimile<br>☒ E-Mail |
| Stephen M. Lobbin (*pro hac vice*)<br>sml@eclipsegrp.com<br>THE ECLIPSE GROUP LLP<br>550 West C Street, Suite 2040<br>San Diego, California 92101<br><br>*Attorneys for Plaintiff Petter Investments,*<br>*Inc. d/b/a Riveer* | ☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile<br>☒ E-Mail |

/s/  Christopher B. Hadley
of HOLLAND & HART LLP