Stephen M. Lobbin (admitted *pro hac vice*)
**The Eclipse Group LLP**
2020 Main Street, Suite 600
Irvine, California  92614
Tel:  949.851.5000

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>Defendants. | **DECLARATION OF MARK W. FORD IN SUPPORT OF PLAINTIFF RIVEER'S MOTION FOR CLAIM CONSTRUCTION PURSUANT TO LPR 4.2(a)**<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |
| AND RELATED COUNTERCLAIMS | |

1

I, Mark W. Ford, declare and state as follows:

1. I am counsel of record for Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") in this action. I have personal knowledge of the facts stated herein, and if called to testify as a witness, I could and would testify competently thereto.

2. Exhibit A in the Appendix is a true and correct copy of Defendants' Responses to Riveer's Interrogatories, including Nos. 13-15.

3. Exhibit B in the Appendix is a true and correct copy of selected pages from Random House Webster's Unabridged Dictionary (2d ed. 1998).

4. Exhibit C in the Appendix is a true and correct copy of *ScriptPro LLC v. Innovation Assocs., Inc.*, Case No. 06-2468-CM, 2011 U.S. Dist. LEXIS 44743, at *11-12 (D. Kan. April 26, 2011) (unpublished) (declining to adopt a construction for the term "frame" because this term "can be understood by the court and by lay people by their ordinary meaning").

5. Exhibit D in the Appendix is a true and correct copy of *IA Labs CA, LLC v. Nintendo Co., Ltd., et. al*, Case No. 8:10-CV-00833-PJM (D. Md. Feb. 6, 2012) (unpublished) (declining to construe "a frame to support a user" beyond its plain and ordinary meaning).

6. Exhibit E in the Appendix is a true and correct copy of *CleanCut v. Rug Doctor*, Case No. 2:08-cv-00836, 2012 U.S. Dist. LEXIS 36212 at *4-5 (D. Utah March 16, 2012) (unpublished) (declining to construe the term "debris tray" and stating that the term "is already adequately defined by the patent claims and that there is no need to provide additional construction").

7.      Exhibit F in the Appendix is a true and correct copy (with relevant portions highlighted) of a web page listing from <amazon.com> showing a "Champ George Foreman Kitchen Grill."

8.      Exhibit G in the Appendix is a true and correct copy (with relevant portions highlighted) of a web page listing from <ebay.com> showing a "George Foreman Indoor Outdoor Grill - Electric Heat - Sloping Grate."

9.      Exhibit H in the Appendix is a true and correct copy (with relevant portions highlighted) of a web page listing from <cast-iron-grate.com> showing a "Powerpan Grate."

10.     Exhibit I in the Appendix is a true and correct copy (with relevant portions highlighted) of U.S. Patent Application Publication 2005/0045045.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify, I could and would competently do so.

Executed on this 8th day of December, 2014, at Park City, Utah.

/s/ *Mark W. Ford*