**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9563**
mmiller@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Defendants*
Hydro Engineering, Inc. and
California Cleaning Systems, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PETTER INVESTMENTS, INC. d/b/a RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.,** a Utah corporation; **CALIFORNIA CLEANING SYSTEMS, INC.,** a California company,<br><br>Defendants. | **JOINT CLAIM CONSTRUCTION CHART AND STATUS REPORT LPR 4.2(f)**<br><br>Civil Case No. 2:14-CV-00045-DB<br><br>Judge Dee Benson |

Defendant Hydro Engineering, Inc. and Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") jointly submit this Joint Claim Construction Chart and Status Report pursuant to Local Patent Rule 4.2(f).

## JOINT CLAIM CONSTRUCTION CHARTS

I.   U.S. PATENT NO. 6,164,298[1]

| Disputed Terms | Plaintiff's Proposal | Defendant's Proposal | Court's Construction |
|---|---|---|---|
| "frame" – *e.g.*, "frame having a first wall, a second wall, a third wall, a fourth wall, each wall having an inner and an outer surface"[2] <br><br> *See* '298 Patent, col. 6 (A624) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes: "*a rigid structure joined so as to provide support*" | *a weight-bearing frame made up of four interconnected walls that define a single enclosed area such that each wall has an inner surface facing toward the enclosed area and an outer surface facing away from the enclosed area* | |

---

[1] Hydro objects to the alternative definitions proposed by Riveer for the disputed terms of the '298 patent, because Riveer never proposed any definition or construction for any terms in is disclosure of terms prior to claim construction briefing. *See* Dkt. 197, p. 1-2. Riveer's attempt to proposed alternative constructions at this point of the proceedings is improper and would result in severe prejudice to Hydro.

[2] Riveer objects to Hydro's identification of the phrase "frame having a first wall, a second wall, a third wall, a fourth wall, each wall having an inner and an outer surface" as a "disputed term." LPR 4.2(f) requires the parties to file "a joint claim construction chart that sets forth each claim term and phrase addressed in the Cross-Motions for Claim Construction[.]"  The claim term that Hydro identified and addressed in its Motion for Claim Construction (as well as in its "Proposed Terms To Be Construed," which were provided to Riveer on November 3, 2014) was "frame" not "frame having a first wall, a second wall, a third wall, a fourth wall, each wall having an inner and an outer surface." *See* Dkt. 176, p. 6. Hydro's attempt to change the claim terms in dispute at this point of the proceedings is improper and would result in severe prejudice to Riveer.

| | | | |
|---|---|---|---|
| **"bottom surface"** – *e.g.*, **"a bottom surface extending between the inner surfaces of said first, second, third, and fourth walls of said frame to define a basin"**[3] <br> *See* '298 Patent, col. 6 (A624) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes: "*a face or boundary that defines the lowest or deepest part of something*" | *a surface that fills a horizontal cross-section of the enclosed area and intersects the bottom portion of the inner surfaces of all four frame walls and is the lowest part of the frame* | |
| **"grate"** <br> *See* '298 Patent, col. 6 (A624) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes: "*a framework of parallel or crossed bars, used as a partition, guard, cover, or the like*" | *a porous framework of parallel or crossed bars that fills a horizontal cross-section of the enclosed area and engages the top portion of the inner surfaces of all four frame walls* | |

---

[3] Riveer objects to Hydro's identification of the phrase "a bottom surface extending between the inner surfaces of said first, second, third, and fourth walls of said frame to define a basin" as a "disputed term." LPR 4.2(f) requires the parties to file "a joint claim construction chart that sets forth each claim term and phrase addressed in the Cross-Motions for Claim Construction[.]" The claim term that Hydro identified and addressed in its Motion for Claim Construction (as well as in its "Proposed Terms To Be Construed," which were provided to Riveer on November 3, 2014) was "bottom surface" not "a bottom surface extending between the inner surfaces of said first, second, third, and fourth walls of said frame to define a basin." *See* Dkt. 176, p. 6. Hydro's attempt to change the claim terms in dispute at this point of the proceedings is improper and would result in severe prejudice to Riveer.

3

7446029_1

| | | | |
|---|---|---|---|
| **"sloped tray"**<br><br>*See* '298 Patent, col. 6 (A624) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes: "*a flat shallow container positioned at an inclined angle considered with reference to a vertical or horizontal plane*" | *a slanted tray positioned within the enclosed area at a level above the bottom surface and below the grate* | |

7446029_1

## II.    U.S. PATENT NO. 8,499,774[4]

| Disputed Terms | Plaintiff's Proposal | Defendant's Proposal | Court's Construction |
|---|---|---|---|
| **"evacuation end"**<br>*See* '774 Patent, col. 11 (A67) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes: "***the last part lengthwise of something that is longer than it is wide, where contents of that thing may be discharged***" | ***an end of the catch trough at which the evacuator (including the fluid mover and the debris collector) and the elevator are located as shown in Figure 6 of the '774 patent*** | |

---

[4] Hydro objects to the alternative definitions proposed by Riveer for the disputed terms of the '774 patent, because Riveer never proposed any definition or construction for any terms in is disclosure of terms prior to claim construction briefing.  *See* Dkt. 197, p. 1-2.  Riveer's attempt to proposed alternative constructions at this point of the proceedings is improper and would result in severe prejudice to Hydro.

5

| | | | |
|---|---|---|---|
| **"an elevator disposed in fluid communication with the evacuator"**<br><br>See '774 Patent, col. 11 (A67) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes that the term "in fluid communication" to mean: "*at least a liquid is permitted to flow from one position to another, for example from an elevator to an evacuator*" | *an elevator connected to the evacuator such that debris can be moved from the debris collector directly into the elevator* | |
| **"the elevator removing debris from the debris collector and elevating the removed debris from a collection height to a dump height for dumping"**<br><br>See '774 Patent, col. 11 (A67) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes: "*the elevator includes a means to elevate debris to a dump height*" | *the elevator includes a means to elevate debris to a dump height independent of the conveyor* | |

## III.     U.S. PATENT NO. 8,506,720[5]

| Disputed Terms | Plaintiff's Proposal | Defendant's Proposal | Court's Construction |
|---|---|---|---|
| **"a side trough adjacent the wash floor"**<br><br>*See* '720 Patent, col. 4-6 (A223-A224) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes that the Court construe the term "adjacent" to mean: "*lying near*" | *a side trough abutting the wash floor such that wash fluid and/or debris flows directly from the wash floor into the side trough* | |
| **"a guide rail separating the side trough from the wash floor"**<br><br>*See* '720 Patent, col. 4-6 (A223-A224) | No construction of this term is necessary; however, should the court determine the "plain and ordinary meaning" of this term requires further definition, Riveer proposes that the Court construe the term "separating" to mean: "*keeping apart*" | *a guide rail positioned near the intersection of the side trough and the wash floor to divide the side trough from the wash floor* | |

---

[5] Hydro objects to the alternative definitions proposed by Riveer for the disputed terms of the '720 patent, because Riveer never proposed any definition or construction for any terms in is disclosure of terms prior to claim construction briefing. *See* Dkt. 197, p. 1-2. Riveer's attempt to proposed alternative constructions at this point of the proceedings is improper and would result in severe prejudice to Hydro.

7446029_1

**JOINT STATUS REPORT**

Pursuant to Local Patent Rule 4.2(f), Hydro proposes that the Court schedule a hearing for oral argument to address the pending Cross-Motions for Claim Construction (Dkt. 176, 187) and the related summary judgment motions (Dkt. 179, 181, 184). Riveer proposes that, because the issues are numerous and complex, the Court should conduct an initial hearing on the claim construction issues, followed by a second hearing on the summary judgment issues (once the claim construction issues have been decided).

Dated this 12th day of January, 2015.

| | |
|---|---|
| /s/ Mark A. Miller | /s/ Stephen M. Lobbin |
| Brett L. Foster | Stephen M. Lobbin (admitted *pro hac vice*) |
| Mark A. Miller | THE ECLIPSE GROUP LLP |
| Christopher B. Hadley | |
| HOLLAND & HART LLP | Mark W. Ford |
| | MASCHOFF BRENNAN |
| *Attorneys for Defendants* | |
| | *Attorneys for Plaintiff* |