FILED
U.S. DISTRICT COURT

2015 JAN -9 P 2: 01

DISTRICT OF UTAH

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| PETTER INVESTMENTS, INC. d/b/a RIVEER, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HYDRO ENGINEERING, INC., a Utah corporation; and CA CLEANING SYSTEMS, INC., a California company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No: 2:14-cv-00045-DB<br><br>Judge Dee Benson |

    Before the Court are Plaintiff's Motions for Relief under Federal Rule of Civil Procedure 56(d) and Defendants' Motions for Summary Judgment and Partial Summary Judgment. A hearing was held before the Court on November 21, 2014. Plaintiff was represented by Stephen M. Lobbin. Defendants were represented by Brett L. Foster and Mark A. Miller. Having considered the relevant facts and law, the Court enters the following order denying Plaintiff's Motions for Relief under FRCP 56(d) and granting Defendants' Motions for Summary Judgment and Partial Summary Judgment. The court also hereby grants Defendants' Motion to Compel with Local Patent Rules 4.1 and 4.2.

## PLAINTIFF'S RULE 56(d) MOTIONS

Plaintiff filed motions under Federal Rule of Civil Procedure 56(d), seeking dismissal of, or in the alternative, suspension on the rulings of Defendants' motions for summary judgment and partial summary judgment on the basis that the motions are premature and that Plaintiff requires more time for discovery in order to more fully respond. The Court finds these arguments unpersuasive.

Federal Rule of Civil Procedure 56(d) requires a party seeking to enlarge the discovery period to provide with specificity what additional facts it expects to uncover. Plaintiff filed this lawsuit in the Southern District of California on May 24, 2013. Plaintiff did not seek any discovery during the eight month pendency of the suit. The case was transferred to Utah on January 22, 2014. On June 6, 2014, the court entered a scheduling order setting the phase I fact discovery deadline for December 1, 2014. Defendants provided responses to all of Plaintiff's written discovery and accommodated the one deposition Plaintiff scheduled within the discovery period. Plaintiff has failed to meet the rule's requirement of providing specificity as to what facts it expects to uncover if it is allowed more time to conduct discovery. For these reasons, Plaintiff's Motions for Relief under FRCP 56(d) are hereby DENIED.

## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Defendants seek summary judgment on Plaintiff's first, fourth, fifth and sixth causes of action and partial summary judgment on Plaintiff's third cause of action in the second Amended Complaint. Summary judgment is proper where there is "no genuine issue of material fact for determination, and the moving party is entitled to judgment as a matter of law." *Durham v. Herbert Olbrich GMBH & Co.*, 404 F.3d 1249, 1250 (10th Cir. 2005). When addressing a summary judgment motion, the court is required to "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment." *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 662 (10th Cir. 2010).

### A. First Cause of Action

Plaintiff's complaint alleges that Defendants' Hydropad design infringes Plaintiff's '298 patent under 35 U.S.C. section 271. Plaintiff and Defendants are engaged in the business of making and selling portable wash pad systems. As competitors in a small specialized industry, they regularly bid against each other on projects. Both companies have been awarded patents on the designs of their products. Plaintiff was awarded two patents covering its portable grate/basin wash pad design in the year 2000: U.S. Patent No. 6,021,792 ("the '792 patent") entitled "Modular Cleaning Facility"; and U.S. Patent No. 6,164,298 ("the '298 patent") also entitled "Modular Cleaning Facility" and specifically for the use of a "grate" over a collection "basin for collecting water." The '792 patent is the parent of the '298 patent, and the two patents share the

same specification, including drawings and description, and the same patent term.

In 2007, Plaintiff filed a complaint against Defendants in the Western District of Michigan, alleging infringement of Plaintiff's '792 patent. *Petter Investments, Inc. v. Hydro Engineering, Inc.*, Case No. 1:07-cv-1033 (the "Michigan case"). Plaintiff did not allege a violation of the '298 patent. It did, however, rely on its '298 patent to support its invalidity defenses against Defendants' patent infringement claims and also produced several copies of the '298 patent during discovery.

The Michigan District Court entered summary judgment in Defendants' favor on all issues of liability and found as a matter of law that Defendants' Hydropad does not infringe the '792 patent claims. Thereafter, the parties entered into a settlement agreement that resolved all remaining issues in the Michigan case.

Four years later, in 2013, and more than twelve years after the '298 patent was granted, Plaintiff filed a complaint commencing the present action alleging that Defendants' Hydropad wash pad system infringes the '298 patent. Defendants have moved for summary judgment on this claim on the basis that it is barred by the doctrine of laches.

Laches bars a claim where: (a) the plaintiff unreasonably delayed in asserting the claim, and (b) the defendant was materially prejudiced by that delay. *A.C. Aukerman Co. v. R.L. Chaiedes Constr. Col*, 960 F.3d 1020, 1029, 1031, 1039-41 (Fed. Cir. 1992)(enbanc). The laches defense is intended to "prevent patentees from 'intentionally [lying] silently in wait watching damages escalate, particularly where an infringer, if he had notice, could have switched to a noninfringing product.'" *A.C. Aukerman*, 960 F.2d at 1033.

A patentee has a duty to police its rights-especially when it has already been put on notice of potential infringement. *See Wanlass v. General Elec. Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998). When the accused infringer's activities are "pervasive, open, and notorious" in the same industry as the patentee, then the patentee at least should have known of the activity and its claim against the activity. *See, e.g., Hall v. Aqua Queen Mfg, Inc.* 93 F.3d 1548, 1553-55 (Fed. Cir. 1996).

"A presumption of laches arises where a patentee delays bringing suit for more than six years after the date the patentee knew or should have known of the alleged infringer's activity." *A.C. Aukerman*, 960 F.2d at 1028, 1037. *See also, Wanlass*, 148 F.3d at 1337. Once the laches presumption is established, the patentee's unreasonable delay and material prejudice to the accused infringer "must be inferred, absent rebuttal evidence." *A.C. Aukerman*, 960 F.2d at 1036.

A patentee can rebut the presumption of laches "'by offering evidence to show an excuse for the delay or that the delay was reasonable' or by offering evidence 'sufficient to place the matters of prejudice . . . genuinely in issue.'" *Serdarevic v. Advanced Medical Optics,Inc.*, 532 F.3d 1352, 1359-60 (Fed. Cir. 2008)(*quoting A.C. Aukerman*, 960 F.2d at 1038).

In determining whether a claim is barred by laches, a court is to balance "all pertinent equities," including "the length of delay, the seriousness of prejudice, the reasonableness of excuses, and the defendant's conduct or culpability." *A.C. Aukerman*, 960 F.2d at 1034; *see also Gasser Chair*, 60 F.3d at 773, 775-76.

The undisputed facts in the record establish that Plaintiff knew Defendants were selling

wash pads at least as of the year 2000, when the parties exchanged multiple letters that included pictures of Defendants' wash pads and advertisements describing their features. During this same time Plaintiff prosecuted the '298 patent, which issued Dec. 26, 2000. Upon its issuance, Plaintiff knew, or should have known of its potential '298 patent claim against Defendants' wash pads.

Instead of pursuing its claim, however, Plaintiff waited for over 12 years to file the present case alleging infringement of the '298 patent. That delay is more than double the six-year presumptive period the law establishes.

Plaintiff argues that its delay in bringing this cause of action is justified for three reasons: (1) Plaintiff was involved in other litigation, specifically, the Michigan case; (2) Plaintiff lacked financial resources to bring this claim earlier; and (3) Defendants have made changes to their design that now infringe patent '298. This Court is not persuaded by either of the first two assertions given that the Michigan case involved the same parties and the same products and the parent of patent '298 that has the same specifications. Given the similarities of the claims, it is unreasonable to suggest that a twelve-year delay was necessary or reasonable.

Regarding its third assertion, while Defendants acknowledge they have made minor changes to their wash pads over the years, the undisputed facts establish that these changes do not relate to any element of the '298 patent claims. *See Acumed v. Stryker Corp.*, 525 F.3d 1319, 1327 (Fed. Cir. 2008). Minor differences having no effect on the accused operation of the devices are merely colorable. *See, e.g., id; Hako-Med USA, Inc., v. Axiom Worldwide, Inc.*, 2010 WL 4448824, *4 (D. Haw. Oct. 29, 2010 aff'd, 424 F. App'x 961 (Fed. Cir. 2010) *D-Beam v.*

*Roller Derby Skate Corp.*, 316 F.App'x 966, 969 (Fed. Cir. 2008). Even assuming the changes were more than deminimous, the law does not require that the products be exactly the same, only that they be "essentially the same." *See, e.g., id; Acumend*, 525 F.3d at 1325.

Plaintiff's unreasonable delay has materially prejudiced Defendants. Economic prejudice arises where a defendant "will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit." *Gasser Chair Co., v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 774 (Fed. Cir. 1995)(citing *A.C. Aukerman*, 960 F.2d at 1033); *accord State Contracting & Eng'g corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1066 (Fed. Cir. 2003). Had Plaintiff promptly filed suit, Defendants could have altered their design development and refinements. Instead, during the twelve years that Plaintiff waited to bring this claim, Defendants expanded their wash pad business operations, purchased additional supply and manufacturing facilities, upgrading their equipment, and worked on improvements. Further, Defendants invested resources in successfully defending their wash pads against Plaintiff's infringement claims in the Michigan case.

This Court finds, based on the undisputed facts in the record, that Plaintiff's delay in bringing this cause of action is unreasonable, that Defendants have been materially prejudiced by the delay, and it is therefore barred by the doctrine of laches. Defendants' Motion for Summary Judgment on Plaintiff's First Cause of Action is hereby GRANTED.

## B. Plaintiff's Third Cause of Action

Defendants also move this court for partial summary judgment on Plaintiff's claim that Defendants' website advertising infringes Plaintiff's U.S. Patent No. 8,506,720 ("the '720 patent") by offering to sell an infringing product, specifically a wash rack referred to as a Skid Steer Side Trough ("SSST"), in violation of 35 U.S.C. section 271(a). "[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. section 271(a).

Plaintiff contends that two aspects of Defendants' website constitute offers to sell the SSST: (1) an image of an SSST that was on Defendants' website in the past; and (2) a link to a 2010 Press Release mentioning the SSST. The issue presented here is whether either the image or the press release link on Defendants' website constituted an offer to sale a SSST after the '720 Patent issued on August 13, 2013.

The undisputed facts establish that Defendants displayed a picture of an SSST on their website beginning in or about 2010 and removed it when Plaintiff's '720 patent issued on August 13, 2013. In July, 2009, three years before the '720 patent issued, Defendants authored a press release discussing several of their innovations, including one sentence mentioning an SSST. The press release did not appear on Defendants' website. Instead, a link to it appeared as the last of eleven links on one of their web pages. The non-descript link was left on the website as an oversight, after the '720 patent issued, but was immediately removed upon learning of it.

Neither the picture nor the press release contained any pricing information, specifications,

-8-

or other terms of sale for a SSST. Defendants' vice president testified in his deposition that they had no intention to offer the SSST for sale after the patent issued, nor did they have any customers interested in purchasing one. It is undisputed that since the issuance of the '720 patent, Defendants have not made, used, or sold a SSST.

Regarding the image of the SSST on Defendants' website, in order to assert infringement a patent must exist. *Gayler v. Wilder*, 51 U.S. 477, 493 (1850). Infringement can only occur "during the term of the patent." 35 U.S.C. section 271(a). The term of the '720 patent began when it issued on August 13, 2013. The undisputed facts establish that the SSST image first appeared on Defendants' website in or about 2010 and was removed when the '720 patent issued. Therefore, the image cannot be considered an infringement of the '720 patent.

With regard to the press release, in construing the phrase "offer to sell" when interpreting section 271, courts have defined liability for an "offer to sell" "according to the norms of traditional contractual analysis." *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1255 (Fed. Cir. 2000). Accordingly, an actionable offer to sell exists where a defendant has "communicated a 'manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *Id.*, 215 F.3d at 1257(quoting Restatement (Second) of Contracts section 24 (1979)). *See, e.g., Eli Lilly & Co. v. Medtronic Inc.*, 915 F.2d 670, 673 (Fed. Cir. 1990); *McElmurry v. Arkansas Power & Light Co.*, 995 F.2d 1576, 1583 (Fed. Cir. 1993). On the other hand, a communication by a defendant that describes the allegedly infringing materials but does "not contain any price terms . . . on its face . . . cannot be construed as an 'offer' which [the offeree] could make into a binding contract by

simple acceptance." *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005). *See also Superior Industries v. Thor Global Enterprises*, 700 F.3d 1287, 1290 (Fed. Cir. 2013).

The Court finds that based on the undisputed facts, no reasonable jury could find that either the image or the press release link constituted an offer to sell. Defendants' Motion for Partial Summary Judgment on Plaintiff's Third Claim for Relief is hereby GRANTED.

### C. Fourth, Fifth and Sixth Causes of Action

Plaintiff's complaint also alleges false advertising, intentional interference with prospective economic advantage and unfair competition under both state and federal law. These three causes of action allegedly arise out of two competitive bidding transactions with the United States Military. Plaintiff claims that Defendants misrepresented the nature of their products when they submitted their bid to supply the Marine Corps with wash rack systems. Plaintiff also claims that Defendants submitted a bid to the U.S. Army "knowing that it did not meet the specifications" of the Army's solicitation.

A false advertising claim, whether brought under the Lanham Act, the California False Advertising Law or the Utah Truth in Advertising Act, prequires proof of a false or misleading statement of fact. *See, eg., Zoller Laboratories v. NBTY*, Inc., 111 Fed.App'x. 978, 982 (10th Cir. 2004); Cal. Bus. & Prof. Code section 17500; *Momento, Inc. v. Seccion Amarilla,* 2009 WL 1974798 at *3 (N.D.Cal.2009); Utah Code Ann. Section 13-11a-3. Likewise, Plaintiff's claim for intentional interference with economic relations as alleged requires proof that Defendants

used "improper means" such as "deceit or misrepresentations." *St. Benedict's Dev. Co. v. St. Benedict's Hospital*, 811 P.2d 194, 201 (Utah 1991). *See, e.g., Anderson Development Co. v. Tobias*, 116 P.3d 323, 331 (Utah 2005); *Settimo Associates v. Environ Systems, Inc.*, 14 Cal. App.4th 842, 845 (Cal.App.1993); *San Jose Construction v. S.B.C.C. Inc.*, 155 Cal.App.4th 1528, 1544-45 (Cal.App.2007). Finally, Plaintiff's claim for unfair competition requires proof of a misrepresentation concerning a party's good or wares. See Utah Code Ann. Secciton 13-5-8; Cal. Bus. & Prof. Code section 17200.

Therefore, in order to successfully assert these causes of action, Plaintiff must present evidence that Defendants made a false or misleading representation regarding their products in their bids. Plaintiff has failed to do so. Rather, Plaintiff has asserted nothing more than the mere possibility that a misrepresentation may have been made. The Court finds that Plaintiff lacks any facts sufficient to support these causes of action and therefore, Defendants' Motion for Summary Judgment on Plaintiff's Fourth, Fifth and Sixth Claim for Relief is hereby GRANTED.

## MOTION TO COMPEL

Defendants filed a motion to compel Plaintiff to comply with Local Patent Rules 4.1 and 4.2. Specifically, Defendants ask that Plaintiff be required to: (1) provide the proposed terms Plaintiff argues must be construed, together with proposed construction of those terms pursuant to LPR 4.1; and (2) file a cross-motion for claim construction pursuant to LPR 4.2. Plaintiff asserted that no claim construction is necessary and that the rules do not require it to file a motion. The parties argued this motion to compel before the Court at the November 21, 2014 hearing. Since that time, both parties have filed their motions for claim construction, although

Plaintiff reserved its right to object to being required to do so under the Local Rules. The Court disagrees with Plaintiff's objection and Defendants' Motion to Compel Plaintiff to Comply with LPR 4.1 and 4.2 is hereby GRANTED.

January 7, 2015.

BY THE COURT:

_____
Dee Benson
United States District Judge