# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                         DISTRICT OF UTAH

 3                         CENTRAL DIVISION

 4

 5    PETTER INVESTMENTS, a Michigan    )

 6    corporation doing business as     )

 7    Riveer,                           )

 8              Plaintiff,              )

 9    vs.                               )  CASE NO. 2:14-CV-45DB

10    HYDRO ENGINEERING, a Utah         )

11    corporation, et al.               )

12              Defendants.             )

13    _____ )

14

15             BEFORE THE HONORABLE DEE BENSON

16             --------------------------------

17                     November 13, 2014

18

19                       Motion Hearing

20

21

22

23

24

25
```

```
 1                      A P P E A R A N C E S

 2


 3
       For Plaintiff:              STEPHEN M. LOBBIN (Telephone)
 4                                 2020 Main Street
                                   Suite 600
 5                                 Irvine, California


 6
                                   MARK FORD
 7                                 1389 Center Drive
                                   Suite 300
 8                                 Park City, Utah


 9


10
       For Defendant:              MARK MILLER
11                                 BRETT FOSTER
                                   222 South Main Street
12                                 Suite 2200
                                   Salt Lake City, Utah

13

14

15

16

17

18

19

20

21
       Court Reporter:             Ed Young
22                                 351 South West Temple
                                   Room 3.302
23                                 Salt Lake City, Utah 84101-2180
                                   801-328-3202
24

25
```

```
 1              MR. MILLER:  Yes.
 2              THE COURT:  And you're not going to respond with a
 3   reply?
 4              MR. MILLER:  Correct.
 5              THE COURT:  You would like me to look at it as
 6   soon as that opposition is in.  Today is Thursday.  Your
 7   hearing is next Thursday, right?
 8              MR. MILLER:  Right.
 9              THE COURT:  Well, I will look at it as soon as the
10   opposition comes in.  I'll rule on it either before the
11   hearing or at the end of the hearing or during the hearing
12   or sometime that Thursday.
13              I have taken just a peek at your summary judgment
14   motions, and I have to say they seem like they might be a
15   tad premature.  Wouldn't it help me a lot to know more about
16   the claim construction issues before I know whether you're
17   entitled to the relief you seek on summary judgment?  You
18   want to tell me that they could have sued us earlier, and I
19   have read that one, at least, and they didn't, and so we
20   have got laches and we have got this Kessler Doctrine coming
21   into play, and we have got this other requirement that they
22   should have sued us then under res judicata or whatever it
23   is.  I just barely scanned them.
24              Then their opposition says, well, it is not
25   exactly the same invention and you need to know about the
```

1  differences in the Hydro product since that previous
2  lawsuit.  I am thinking to myself, well, that does sound
3  like an issue of fact, and unless I know more about the
4  inventions that existed back during the earlier litigation,
5  and the changes that have been made to your apparatus after
6  that, I don't know how I'm going to be able to rule on those
7  res judicata and laches type of motions.  I just wondered if
8  it wasn't all related to things like claim construction.
9              MR. MILLER:  I don't think it is.  We put in the
10 affidavit we attached to that motion, we put in the history
11 of our products to explain this is what our product is and
12 how it has changed over the years so that you know that
13 there is no material change that relates to any patent
14 claims.
15             THE COURT:  That is what you say, but that is not
16 what they say.
17             MR. MILLER:  Sure.
18             Well, they are not going to agree with our
19 position, but the way we did our summary judgment strategy
20 is we picked issues that didn't require claim construction
21 to file early, and then the local patent rules require us to
22 file the summary judgment motions that depend on claim
23 construction with our claim construction briefs.  So we have
24 got motions for summary judgment coming in December on
25 noninfringement, but these were more procedural type things

1  that we are just saying they have known about our products
2  and this patent for 12 years and didn't sue us.
3         THE COURT:  All right.  Just as a general
4  proposition if their opposition is that they are using
5  something different now than they used before, in order for
6  me to figure that out, I have got to know what your
7  invention or what your machine or what your apparatus was
8  before and see if the one that they are complaining about
9  now is different enough to make this suit different from the
10 first lawsuit, and that seems to me a lot like I'm going to
11 get into examining the machine and examining the apparatus,
12 and not just the apparatus itself, but, as you would know
13 better than me, that that may involve seeing what was
14 actually patented and what was claimed in their patent and
15 whether your apparatus appears to infringe that.  I don't
16 know.  I am just thinking out loud, and I was yesterday when
17 I read these, and I don't know that this is going to be easy
18 to do.
19         MR. MILLER:  That is helpful.
20         I think on that front when they are talking about
21 changes, I think one thing is we can go back to that
22 specificity requirement, and they have got to identify a
23 specific change they think is made that is materially
24 different.  We can talk about a specific change if they
25 identify one beyond just saying, well, there have been some

```
 1   changes and we can't identify them, but there have been some
 2   changes.  That is not going to be sufficient.
 3              I plan to have some very punchy, colorful charts
 4   that will go through the history of these products over
 5   time, and it is in the declaration there, but I'm going to
 6   put together a good argument chart binder that will go
 7   through chart by chart and say 1990s, and here are the wash
 8   pads, and 2000s --
 9              THE COURT:  Do I have that now in the briefing?
10              MR. MILLER:  No.  Those are going to be
11   demonstratives that I'm preparing right now.
12              THE COURT:  So you expect me to sort this all out
13   while you are arguing?
14              MR. MILLER:  I promise I will make it easy.
15              THE COURT:  ==I don't know about this summary==
16   ==judgment strategy of yours.==  Tell me this.  If, and I surely
17   haven't, but if I ruled in your favor on res judicata, and
18   that is how you style it, right?
19              MR. MILLER:  Right.  Claim preclusion, laches or
20   Kessler Doctrine.
21              THE COURT:  Okay.
22              MR. MILLER:  Three options.
23              THE COURT:  I didn't know if you said res judicata
24   or claim preclusion.  It is the same thing.  It could have
25   been brought earlier and it wasn't, right?
```

```
 1                MR. MILLER:  Right.
 2                THE COURT:  If I rule in your favor on that, what
 3     is left?
 4                MR. MILLER:  Well, there are three patents and
 5     only one of them is at issue in the laches --
 6                THE COURT:  Okay.
 7                MR. MILLER:  -- only one of the three.
 8           That brings up a good point.  One thing we're
 9     struggling with here is if that summary judgment motion
10     prevails, then the parties don't need to go through claim
11     construction on that patent anymore.
12                THE COURT:  Well, that is what had me mostly
13     confused.
14                MR. MILLER:  Right.
15           That is why we filed it early.  This is our
16     thought process.  If we file this early enough and find out
17     if we can win on the claim preclusion and laches arguments,
18     then we can avoid briefing claim construction which starts
19     December 8th.  So if the Court has any inclination of
20     granting that at the hearing next week, I think one request
21     we would have is could we postpone claim construction for
22     just that patent and not the other two --
23                THE COURT:  Until I have ruled?
24                MR. MILLER:  -- until you have ruled, so that the
25     parties don't unnecessarily waste their time doing that
```

```
 1    stuff?
 2              THE COURT:  Well, I obviously need to read more to
 3    get better educated on how many patents there are, but I
 4    will do that between now and next Thursday.
 5              Thank you for your arguments today.
 6              Anything else?
 7              MR. MILLER:  No.
 8              THE COURT:  Thank you.
 9              We'll be in recess.
10              (Proceedings concluded.)
```