Stephen M. Lobbin (admitted *pro hac vice*)
**One LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California  92660
Tel:  949.502.2870

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>    Defendants. | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT MEMORANDUM DECISION AND ORDER (Dkt. No. 216)**<br><br>Civil Case No. 2:14-CV-00045<br><br>Honorable District Judge Dee Benson<br><br>**[REDACTED-NONCONFIDENTIAL VERSION OF SEALED DKT NO. 229, FILED ON MARCH 6, 2015]** |
| AND RELATED COUNTERCLAIMS | |

Pursuant to DUCivLR 7-1(b)(3), Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") respectfully replies to the opposition filed by the Hydro Defendants in response to Riveer's Motion for Reconsideration.  *See* Dkt. Nos. 221 and 224.  None of Hydro's opposition arguments should dissuade this Court from a proper and thorough reconsideration of its recent summary judgment rulings.

Concerning the Rule 56(d) issues, Riveer's Motion for Reconsideration intended to highlight the clear "due process" error of allowing Hydro to file premature summary judgment motions, but not allowing Riveer an opportunity to submit opposition briefs ***after a full opportunity for discovery***.  Riveer had no such opportunity before its July 2014 deadlines to formally oppose the motions, many months before Hydro completed its relevant document production, and many months before Riveer took its relevant depositions.[1]  On that basis alone, the denial of Riveer's Rule 56(d) motions was clearly erroneous because Riveer was never allowed to present its evidence (previously unavailable at the time of premature briefing), and its arguments based on that evidence.  Riveer's present Motion simply requests a fundamental, "due process" opportunity to present its written oppositions to the premature summary judgment motions based on a full record.

Hydro misapprehends the summary judgment process when it complains that "during the

---

[1] Hydro disingenuously argues that Riveer "waited . . . to take four of its five depositions—after liability discovery ended."  Opp'n at 5.  It would have been professional malpractice for Riveer's counsel to take the key depositions of Hydro's witnesses before Hydro completed its production of over 10,000 pages of documents in late October 2014.  More importantly, Riveer requested November deposition dates from Hydro on November 4, 2014, but Hydro delayed until November 10th before finally offering, "The witnesses you identified are available December 2-4 and 9-11."  The depositions were taken in early December per the parties' agreement not to raise any timeliness objections, which agreement Hydro has now violated.

November 21, 2014 hearing, [Riveer] could not cite any specific new fact discovered since filing its opposition briefs . . . ."  Opp'n at 4.  This argument misses the point that a colloquy at oral argument does not equate to an opportunity to file a comprehensive brief after full discovery, especially when discovery is not yet complete, even at the time of the oral argument.  Hydro repeats this misplaced argument several times in its opposition.  *See* Opp'n at 4-5 n.5 ("[Riveer] fails to assert that any fact in any document from this supplemental production creates a genuine issue of material fact."); Opp'n at 5 n.6 ("[Riveer] does not present any specific, concrete fact justifying more time for liability-related discovery.").[2]

By this Motion, Riveer requests an opportunity—for the first time—to oppose summary judgment based on a full record of discovery.  Riveer believes strongly this is warranted on due process grounds, and Riveer submits exemplary evidence herewith that was unavailable at the time of briefing in July 2014, but which alone should compel the denial of summary judgment.  In its Opening Brief, Riveer referenced this evidence generally and requested that the Court provide Riveer the opportunity to fully present this evidence to the Court in opposition to Hydro's summary judgment motions.  *See* Opening Brief at 9.  Hydro responds by asserting that Riveer "vaguely – without citing to any particular quote, page, or line – refers to the deposition testimony of Mr. Felice and Hydro's Rule 30(b)(6) deposition as alleged 'new evidence.'"  Opp'n at 10.  In response to Hydro's argument, Riveer provides explicit examples of

---

[2] Hydro also misunderstands the litigation process in federal court, arguing that "nothing prevented [Riveer] from conducting a Rule 26(f) conference to open discovery" in 2013 while this case was pending in the Southern District of California.  Opp'n at 5.  The familiar requirements of Rule 26(f)(2), however, require an assessment of all pleadings and allegations, including the defendant's answer and counterclaims.  Because of pending Rule 12 and other motions in 2013, however, Hydro did not even answer the complaint until almost a year after this action was filed, and the pleadings did not close until March 21, 2014.  *See* Dkt. Nos. 66-67.  As a practical matter, therefore, no conference of counsel under Rule 26(f) could have occurred before Hydro even answered the complaint, and certainly Hydro would not have agreed to it.

this evidence, in the form of the deposition testimony below, that support Riveer's claims and should be considered by the Court in connection with Hydro's summary judgment motions.





Ex. A (Deposition of Alan McCormick, taken December 12, 2014 at 68:23-72:6) (emphasis

added).[3]  As Riveer explained in its Motion:

> Riveer was very clear that its claims assert that "Hydro's product delivered to the
> Marine Corps [and others] was not what they represented it to be."  Dkt. 110 at
> 27-29.   This is a simple but very context-specific inquiry.  ***In the context
> governed by the strictures of the Federal Acquisition Regulations (FAR), by
> submitting bids, Hydro was affirming that its offered product included "only . . .
> those items that conform to the requirements of th[e] contract" and "[a]
> technical description of the items being offered in sufficient detail to evaluate
> compliance with the requirements in the solicitation."***  *See id.* at 29 n.7 (citing
> relevant FAR provisions).  Therefore, by providing "low-ball" bids which neither
> conformed to the requirements of the contracts, nor provided technical detail
> sufficient   to   evaluate   compliance   with   the   bid   specification,  ***Hydro
> misrepresented to the government that its systems being bid actually met the
> technical requirements of the solicitation, which they verifiably (and admittedly)
> did not***.

Motion at 7-8 (Dkt. 221) (emphasis added).



---

[3] The exhibits referenced herein are submitted herewith.





Ex. B (Deposition of Robert D. Felice, taken December 11, 2014 at 91:10-99:18) (emphasis added).

This exemplary evidence alone eviscerates Hydro's continued mischaracterization of the relevant facts in its argument that "Hydro provided proposals to the U.S. Government that met the bid's required salient characteristics, the U.S. Government accepted, and Hydro provided the equipment that it promised to provide in its proposals." Opp'n at 9. Just these examples of Hydro's own testimony, moreover, demonstrates the clear error of this Court's assessment that Riveer "has asserted nothing more than the mere possibility that a misrepresentation may have been made" and "lacks any facts sufficient to support these causes of action." Dkt. 216 at 11. Especially in the light most favorable to Riveer (as must be the summary judgment perspective), a reasonable jury would be justified in finding misrepresentations by Hydro just based on the above, exemplary evidence. This showing should at least prompt this Court to allow a full summary judgment opposition briefing by Riveer.

Finally, concerning laches, in a footnote Hydro attempts to dispute that laches cannot—as a matter of law—bar Riveer's First Cause of Action as to (a) post-filing damages, and (b) injunctive relief.  *See* Opp'n at 7 n.7 (citing the *Petrella*, *Chirco* and *New Era* cases).[4]  But *Petrella* merely points to these other two cases as "outlier exceptions" to the general rule of allowing injunctive relief despite any laches.  Hydro never disputes the error of this Court's denial of Riveer's entitlement post-filing damages.  Moreover, *Petrella* does not apply any exception to the rule of law applicable here, that "laches can bar damages incurred ***[only] prior to the commencement of suit, but not injunctive relief*.**"  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1974 n.15 (2014) (emphasis added).  In *Chirco*, for example, the court correctly refused to enjoin (and destroy) a housing development when more than 168 units already were built, 109 of which already were occupied.  Similarly, in *New Era*, the court refused injunctive relief which "would [have] result[ed] in the total destruction of the work," a book, ***but did not bar appropriate post-filing damages***.  As the Supreme Court explained, "treating laches as a complete bar" to all damages and injunctive relief typically is erroneous, notwithstanding the "extraordinary circumstances of the kind involved in *Chirco* and *New Era*."  *Petrella*, 134 S. Ct. at 1978.

For each of the foregoing reasons, Riveer respectfully requests that this Court reconsider its Memorandum Decision and Order granting summary judgment, including allowing Riveer to

---

[4]  This assertion of manifest legal error is squarely within the purpose of a motion for reconsideration.  In its Motion, Riveer explained that "[n]o case—neither *A.C. Auckerman* nor any other—would support barring Riveer's request for post-filing damages, or its request for injunctive relief."  Mot. at 4-5 (citing *Petrella*, *Meyers*, and *Adelberg Labs.* cases).

file oppositions to the premature summary judgment motions based on a complete evidentiary record.

Dated:  March 12, 2015                    Respectfully submitted,

                                          **One LLP**

                                          /s/ Stephen M. Lobbin
                                          Stephen M. Lobbin (admitted *pro hac vice*)
                                          *Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing document—**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT MEMORANDUM DECISION AND ORDER**—pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the parties as follows:

Brett L. Foster
Mark A. Miller
Christopher B. Hadley
**Holland & Hart LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101

Dated:  March 12, 2015                                /s/ Stephen M. Lobbin
                                                                  Stephen M. Lobbin (admitted *pro hac vice*)
                                                                  *Attorney for Plaintiff*

9