Stephen M. Lobbin (admitted *pro hac vice*)
**One LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California  92660
Tel:  949.502.2870

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**
1389 Center Drive, Suite 300
Park City, Utah  84098
Tel:  435.575.1387

*Attorneys for Plaintiff Petter Investments, Inc. d/b/a RIVEER*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PETTER INVESTMENTS, INC.** d/b/a **RIVEER**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**HYDRO ENGINEERING, INC.**, a Utah corporation, and **CALIFORNIA CLEANING SYSTEMS**, a California company,<br><br>Defendants. | **PLAINTIFF RIVEER'S MOTION REQUESTING LEAVE TO SERVE ITS AMENDED FINAL INFRINGEMENT CONTENTIONS**<br><br>(LPR 3.4)<br><br>Civil Case No. 2:14-CV-00045<br><br>Judge Dee Benson |

1

Pursuant to LPR 3.4, Fed. R. Civ. P. 26(e)(1)(A) and DUCivR 7-1(a)(2)(A), Plaintiff Petter Investments, Inc. d/b/a RIVEER ("Riveer") hereby requests leave of this Court to serve its accompanying Amended Final Infringement Contentions (submitted as the "Attachment" herewith).[1]

As LPR 3.4 provides (emphasis added):

> A party may amend its Final Infringement Contentions . . . only by order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties, made no later than fourteen (14) days of the discovery of the basis for the amendment.  An example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes *a claim construction by the court different from that proposed by the party seeking amendment*.

Riveer submits that for the identical, specifically-cited (and highlighted) reason, there exists the requisite good cause and absence of unfair prejudice to opposing parties because this Court adopted a claim construction that is different from that proposed by Riveer, in several respects.[2]  Riveer's showing of good cause is timely as it is made within fourteen days of the Court's March 27, 2015 Claim Construction Order (*see* Dkt. No. 235).[3]

---

[1] Riveer's original Final Infringement Contentions previously have been filed.  *See* Dkt. No. 178-1.

[2] Although there has not yet been a published decision on a request for leave to amend under LPR 3.4, the example given in the rule itself indicates that leave to amend should be granted freely after a court issues an unanticipated claim construction, as here.

[3] On April 9, 2015, Riveer's counsel contacted Hydro's counsel to discuss this Motion, and provided for review Riveer's Amended Final Infringement Contentions.  Hydro's counsel today indicated it would oppose the Motion.

Specifically, in view of the Court's claim construction, Riveer is willing to stipulate that the Accused Instrumentalities do not infringe the asserted claims of the '774 patent-in-suit and the '720 patent-in-suit.[4]  Exhibit A to the attached Amended Final Infringement Contentions provides Riveer's specific amended infringement contentions related to the '298 patent-in-suit and the Court's claim construction rulings.

As this Court has explained, "good cause" is a low threshold.  *Holgers v. South Salt Lake City*, 2011 U.S. Dist. LEXIS 68202, at *5 (D. Utah June 24, 2011) (Stewart, J.) ("Black's law dictionary defines good cause as '[a] legally sufficient reason.'"); *see Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (noting "good cause" standard is "non-rigorous" and that "requests for extensions of time made before the applicable deadline has passed should 'normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party'") (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (3d ed. 2004)).

---

[4] Although Riveer proposes a stipulation to resolve the infringement issues concerning the '774 patent and '720 patent, Riveer's proposal is without any waiver of any appeal rights, of course.  Riveer anticipates that eventually it will appeal on many grounds, including but not limited to the claim construction rulings related to the '774 patent and '720 patent.

3

In view of the foregoing, therefore, Riveer respectfully requests that this Court grant leave to amend, allowing Riveer promptly to serve its attached Amended Final Infringement Contentions.

Dated:  April 10, 2015       Respectfully submitted,

**One LLP**

/s/ Stephen M. Lobbin
Stephen M. Lobbin (admitted *pro hac vice*)
*Attorneys for Plaintiff*

Mark W. Ford (10659)
Rachel Jacques (13250)
**Maschoff Brennan**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document—**PLAINTIFF RIVEER'S MOTION REQUESTING LEAVE TO SERVE ITS AMENDED FINAL INFRINGEMENT CONTENTIONS**—to be filed via the Court's CM/ECF system and thereby served as follows:

    Brett L. Foster, 6089
    bfoster@hollandhart.com
    Mark A. Miller, 9563
    mmiller@hollandhart.com
    Christopher B. Hadley, 14055
    cbhadley@hollandhart.com
    **Holland & Hart LLP**
    222 S. Main Street, Suite 2200
    Salt Lake City, Utah 84101

Dated:  April 10, 2015                /s/ Stephen M. Lobbin