FILED
U.S. DISTRICT COURT

2015 JUN 30 P 2: 35

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PETTER INVESTMENTS, INC. d/b/a RIVEER, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HYDRO ENGINEERING, INC., a Utah corporation, and CALIFORNIA CLEANING SYSTEMS, a California company,<br><br>Defendants, | MEMORANDUM DECISION AND ORDER<br><br>District Judge Dee V. Benson<br><br>Case No. 2:14-CV-00045 |

Before the Court are four motions: Defendant's Second Motion for Summary Judgment on the First Claim for Relief [Dkt 179]; Plaintiff's Motion for Reconsideration of Summary Judgment [Dkt 221]; Plaintiff's Motion Requesting Leave to Serve Amended Final Infringement Contentions [Dkt 236]; and Defendants' Motion for Supplemental Claim Construction [Dkt 243]. A hearing was held before the Court on May 22, 2015 at which these motions were argued by Stephen Lobbin on behalf of Plaintiff and Mark Miller on behalf of Defendants. Having considered the relevant facts and law, the Court enters this Memorandum Decision and Order.

1

## I. DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CLAIM FOR RELIEF

### Background

This case arises from alleged patent infringement by Hydro Engineering, Inc. and California Cleaning Systems, Inc. ("Defendants") of U.S.Patent 6,164,298 ('298 Patent) owned by Petter Investments, Inc., d/b/a/ Riveer ("Plaintiff"). Plaintiff and Defendants both operate cleaning systems for equipment and vehicles. Defendants' device, which allegedly infringes the '298 patent, features a wash pad that is an impervious washing surface that directs wash fluid and debris across the surface and over the edge into a side trough for collection and removal. The '298 patent claims a modular cleaning system comprising a modular wash rack that features a grate for supporting the item to be washed, which is positioned over a bottom surface acting as a basin for collecting water and debris for removal from the system.

Plaintiff asserts against Defendants four claims of the '298 patent: independent Claim 1 and dependent Claims 2–4. Because a finding of non-infringement of the independent claim precludes a finding of infringement of the dependent claims, independent Claim 1 will be considered first.

Claim 1 from the '298 patent recites:

1. A modular cleaning system comprising:

at least one modular wash rack for supporting an item to be washed, including:

    a frame having a first wall, a second wall, a third wall, a fourth wall, each wall having an inner and an outer surface, and a bottom surface extending between the inner surfaces of said first, second, third, and fourth walls of said frame to define a

>basin for collecting water used to clean the item as well as any debris removed from the item;
>
>a grate operatively associated with said first, second, third, and fourth walls for supporting an item to be washed above said bottom surface while allowing water and any debris to flow into said basin;
>
>a drainage fitting attached to the outer surface of one of said walls so as to allow water collected in said basin to flow out of said drainage fitting, and coupling means for coupling said modular wash rack to another modular wash rack;
>
>a tube having a first end connected to said drainage fitting; and
>
>a pump for causing water to flow from the basin, through the drainage fitting and through said tube.

Dependent Claim 4 includes all of the limitations of claim 1, and adds the limitation of a "sloped tray":

>4. The modular cleaning system as defined in Claim 1 and further including a trough adjacent said first wall, said trough having a bottom sloping downward toward said drainage fitting, said frame including a sloped tray, said their wall being opposite said first wall, said sloped tray having its highest point at said third wall and terminating at its lowest point at said trough.

## Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir.1991).

## Standard for Infringement

An infringement analysis involves two steps. First, the Court must determine the meaning and scope of the patent claims asserted to be infringed. Second, the Court compares the properly construed claims to the device accused of infringing. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed.Cir.1995), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577, 38 U.S.P.Q.2d 1461 (1996).

A device may infringe a patented invention by literal infringement or under the Doctrine of Equivalents. For literal infringement of a patent, the accused device must possess *every* claim limitation, as construed by the court. *Laitram Corp. v. Rexnord, Inc.,* 939 F.2d 1533, 1535 (Fed. Cir. 1991). In other words, the claim, as construed, must "read[] on the accused device *exactly."* *DeMarini Sports, Inc. v. Worth, Inc.,* 239 F.3d 1314, 1331 (Fed. Cir. 2001) (emphasis added). If even one claim limitation is missing from the accused device, there is no literal infringement. *Mas-Hamilton Group v. LaGard, Inc.,* 156 F.3d 1206, 1211 (Fed. Cir. 1998) (citations omitted).

For a device to infringe under the Doctrine of Equivalents, there must exist only "insubstantial" differences between the accused device and the patent claim(s). *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 39–40 (1997). Infringement may be found under the Doctrine of Equivalents where the accused device infringes performs substantially the same function, in substantially the same way, to yield substantially the same result as the patented invention. *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.,* 339 U.S. 605, 608 (1950). The Doctrine of Equivalents prevents infringement via "simple acts of copying" or

4

"[u]nimportant and insubstantial substitutes for certain elements." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 731 (2002).

### Literal Infringement

The following elements from the '298 patent are in dispute: (i) "frame;" (ii) "bottom surface;" (iii) "grate;" and (iv) "sloped tray." The relevant portion of claim 1 recites:

> a **frame** having a first wall, a second wall, a third wall, a fourth wall, each wall having an inner and an outer surface, and
> a **bottom surface** extending between the inner surfaces of said first, second, third, and fourth walls of said frame to define a basin for collecting water used to clean the item as well as any debris removed from the item,
> a **grate** operatively associated with said first, second, third, and fourth walls for supporting an item to be washed above said bottom surface while allowing water and any debris to flow into said basin,

Claim 4 recites:

> The modular cleaning system as defined in claim 1 and further including a trough adjacent said first wall, said trough having a bottom sloping downward toward said drainage fitting, said frame including a **sloped tray**, said third wall being opposite said first wall, said **sloped tray** having its highest point at said third wall and terminating at its lowest point at said trough.

The Court construed the relevant claim terms as follows:

1. "frame": "a weight-bearing frame made up of four interconnected walls that define a single enclosed area such that each wall has an inner surface facing toward the enclosed area and an outer surface facing away from the enclosed area."

2. "bottom surface": "a surface that fills a horizontal cross-section of the enclosed area and intersects the bottom portion of the inner surfaces of all four frame walls, and which defines a basin for collecting water and debris."

3. "grate": "a porous framework of parallel or crossed bars that fills a horizontal cross-section of the enclosed area and engages the top portion of the inner surfaces of all four frame walls."

4. "sloped tray": "a slanted tray positioned within the enclosed area at a level above the bottom surface and below the grate.

*Petter Investments, Inc. v. Hydro Engineering, Inc.*, No. 2:14–CV–00045–DB, 2015 WL 1442592, at *2–4 (D. Utah, March 27, 2015). The Court determined that "grate," as defined in the '298 Patent, is a pervious surface which allows debris to pass *through* the grate into the basin. Any other construction would render the "bottom surface…*defining a basin* for collecting water used to clean the item as well as any debris removed from the item" mere surplusage. The Defendants' accused device features an impervious surface and therefore does not possess the limitation from Claim 1 of "grate" as interpreted by this Court in the '298 patent. Because the accused device is missing one claim element, the Court need not consider the other elements in dispute. The allegedly infringing device does not possess every limitation of Claim 1, so there can be no literal infringement. Because a finding of non-infringement of the independent claim precludes a finding of infringement of the dependent claims, this Court finds no literal infringement by the accused device of Claims 1–4 of the '298 patent.

### Infringement Under the Doctrine of Equivalents

Plaintiff waived the issue of infringement under the Doctrine of Equivalents when it failed to assert it in its infringement contentions. However, given the Court's construction of "grate," relative to the accused device's impervious wash surface, the Court would have found that no reasonable jury could conclude that the accused device performs substantially the same function, in substantially the same way, to yield substantially the same result as the invention in Claims 1–4 of the '298 patent.

Defendant's Second Motion for Summary Judgment is GRANTED on the issues of literal infringement and infringement under the Doctrine of Equivalents.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CLAIM FOR RELIEF

In January, 2015, the Court entered summary judgment on Plaintiff's First Claim for Relief on the basis that it is barred by the doctrine of laches. Plaintiff moves the Court to Reconsider that ruling. Given this Order granting Defendants' Second Motion for Summary Judgment on the First Claim for Relief, Plaintiff's motion is moot and therefore DENIED.

## III. PLAINTIFF'S MOTION REQUESTING LEAVE TO SERVE AMENDED FINAL INFRINGEMENT CONTENTIONS

Plaintiff seeks leave to amend its Final Infringement Contentions pursuant to Local Patent Rule (LPR) 3.4. LPR 3.4 provides that "[a] party may amend its Final Infringement Contentions . . . only by order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties . . . ." Plaintiff argues good cause exists to amend its contentions because it claims that LPR 2.3(d) required it to choose either literal infringement or infringement under the Doctrine of Equivilents at the time it filed its Initial Infringement Contentions. Following discovery and this Court's claim construction, Plaintiff asserts its theory of infringement with regard to the '298 Patent turned from literal to the Doctrine of Equivilents. Plaintiff's argument is without merit and misconstrues LPR 2.3(d). The Court finds that Plaintiff has failed to show good cause and an absence of unfair prejudice as required by LPR 3.4. Additionally, given the Court's ruling herein on Defendant's Second Motion for Summary

Judgment on the First Claim for Relief, an amendment of Plaintiff's Final Infringement Contentions would be futile. The motion is DENIED.

## IV. DEFENDANTS' MOTION FOR SUPPLEMENTAL CLAIM CONSTRUCTION

Defendant requests the Court supplement its construction of the term "grate" to clarify that the word "porous" requires that water and debris fall *through* the washing surface into the basin below. The Court adopted the following construction for the term "grate:" "a porous framework of parallel or crossed bars that fills a horizontal cross-section of the enclosed area and engages the top portion of the inner surfaces of all four frame walls." *Memorandum Decision and Order on Claim Construction* [Dkt 235 at p.6]. The Court further explained that "'[a] grate that does not allow debris to pass *through* the grate into the basin would render the 'bottom surface...defining a basin for collecting water used to clean the item as well as any debris removed from the item' an inoperative element of the claim, ie. mere 'surplusage.'" [Dkt. 235 at p.7]

Plaintiff suggested at the summary judgment hearing on April 29, 2015, that the Court's use of the term "porous" would include a surface with mere indentations that water could flow off of but not through. In doing so, Plaintiff has attempted to twist the Court's construction in a way that is contrary to the Court's intent.

Defendants' motion is GRANTED and the Court hereby supplements its construction of the term "grate" as follows: "a porous framework of parallel or crossed bars that fills a horizontal

cross-section of the enclosed area and engages the top portion of the inner surfaces of all for frame walls and allows the debris to pass through it into the basin."

## CONCLUSION

For the foregoing reasons, Defendants' Second Motion for Summary Judgment on Plaintiff's First Claim for Relief is GRANTED. Plaintiff's Motion for Reconsideration of Summary Judgment on Plaintiff's First Claim for Relief is DENIED. Plaintiff's Motion Requesting Leave to Serve Amended Final Infringement Contentions is DENIED. Defendants' Motion for Supplemental Claim Construction is GRANTED.

DATED this 30th day of June, 2015.

BY THE COURT:

Dee Benson
United States District Judge